THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COMMANDER EMILY SHILLING, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, et al., <br><br> Defendants. | NO. 2:25-cv-241-BHS <br><br> **AGREED MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* CONSTITUTIONAL ACCOUNTABILITY CENTER IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION** |

*Amicus curiae* Constitutional Accountability Center respectfully moves the Court for leave to file the attached *amicus curiae* brief in support of Plaintiffs' Motion for a Preliminary Injunction (Dkt. No. 23). All parties have consented to the filing of this *amicus* brief. A copy of the proposed *amicus curiae* brief is appended as an exhibit to this motion.

I. **IDENTITY AND INTEREST OF *AMICUS***

*Amicus* Constitutional Accountability Center is a think tank and public interest law firm dedicated to fulfilling the progressive promise of the Constitution's text and history. CAC works in our courts, through our government, and with legal scholars to improve understanding of the Constitution and preserve the rights, freedoms, and structural safeguards that our nation's charter

AGREED MOTION FOR LEAVE TO FILE BRIEF OF
AMICUS CURIAE CONSTITUTIONAL
ACCOUNTABILITY CENTER IN SUPPORT OF
PLAINTIFFS' MOTION FOR A PRELIMINARY
INJUNCTION - 1
Case No. 2:25-cv-241-BHS

CONSTITUTIONAL ACCOUNTABILITY CENTER
1200 18th Street NW, Suite 501
Washington, D.C. 20036
TEL. 202-296-6889

guarantees. CAC accordingly has a strong interest in this case and in the scope of the Fifth Amendment's protections for liberty and equality.

CAC's interest in this issue is long-standing. It has previously participated as *amicus curiae* in other cases involving the constitutionality of a ban on military service by transgender people. *See* Br. *Amicus Curiae* of Constitutional Accountability Center in Support of Plaintiffs-Appellees, *Doe 2 v. Shanahan*, 755 Fed. App'x 19 (D.C. Cir. 2019) (No. 18-5257); Brief of *Amicus Curiae* Constitutional Accountability Center in Support of Appellees, *Karnoski v. Trump*, 926 F.3d 1180 (9th Cir. 2019) (No. 18-72159); Brief of *Amicus Curiae* Constitutional Accountability Center in Support of Plaintiffs' Motion for Summary Judgment, *Karnoski v. Trump*, No. 17-cv-1297-MJP, 2017 WL 6311305 (W.D. Wash. Dec. 11, 2017); *see also* Brief of *Amicus Curiae* Constitutional Accountability Center in Support of Plaintiffs' Motion for a Preliminary Injunction, *Talbott v. Trump*, No. 1:25-cv-240-ACR (filed D.D.C. Feb. 14, 2025).

## II.    REASONS WHY MOTION SHOULD BE GRANTED

District courts have "broad discretion" to allow the participation of *amici curiae*. *Skokomish Indian Tribe v. Goldmark*, No. C13-5071JLR, 2013 WL 5720053, at *1 (W.D. Wash. Oct. 21, 2013) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982)). District courts may consider briefs from non-parties "concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Id.* (quoting *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005)). The "classic role" of *amici curiae* is to "assist[] in a case of general public interest, supplement[] the efforts of counsel, and draw[] the court's attention to law that escaped
AGREED MOTION FOR LEAVE TO FILE BRIEF OF
AMICUS CURIAE CONSTITUTIONAL
ACCOUNTABILITY CENTER IN SUPPORT OF
PLAINTIFFS' MOTION FOR A PRELIMINARY
INJUNCTION - 2
Case No. 2:25-cv-241-BHS

CONSTITUTIONAL ACCOUNTABILITY CENTER
1200 18th Street NW, Suite 501
Washington, D.C. 20036
TEL. 202-296-6889

1  consideration." *Miller-Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir.
2  1982).
3     The proposed, attached brief satisfies these standards. The attached brief gives historical
4  context to President Donald J. Trump's Executive Order categorically banning transgender
5  Americans from serving in the military. Exec. Order No. 14,183, 90 Fed. Reg.8757 (the
6  "Order"). The Order attempts to justify this categorical ban by stating that allowing transgender
7  people to serve in the military is incompatible with "high standards for troop readiness, lethality,
8  cohesion, honesty, humility, uniformity, and integrity." Order §2. But, as the brief
9  demonstrates, these purported concerns are the very same concerns that have been used to justify
10 racial segregation in the Armed Forces; prevent gay and lesbian soldiers from serving openly;
11 and forbid women from serving in combat roles. Yet the military is now integrated, gay men and
12 lesbians serve openly, and women have seen open combat—and there have been no negative
13 effects on unit cohesion or military effectiveness. This context is not covered in Plaintiffs'
14 motion but is relevant to the Court's disposition of that motion.

15 **III.   TIMELINESS**

16 The Federal Rules of Civil Procedure and this Court's local rules are silent with respect
17 to the filing of *amicus* briefs. For that reason, this Court has looked to the Federal Rules of
18 Appellate Procedure for guidance on procedural matters relating to such briefs. *See, e.g.*,
19 *Skokomish Indian Tribe*, 2013 WL 5720053, at *2 (adhering to the Federal Rules of Appellate
20 Procedure with respect to timing for filing an *amicus* brief because "there are no particular local
21 rules governing when an *amicus curiae* must file its brief"). The Rules advise that "[a]n *amicus*
22 *curiae* must file its brief, accompanied by a motion for filing when necessary, no later than 7
23 days after the principal brief of the party being supported is filed." Fed. R. App. P. 29(a)(6).

24 AGREED MOTION FOR LEAVE TO FILE BRIEF OF
   AMICUS CURIAE CONSTITUTIONAL
   ACCOUNTABILITY CENTER IN SUPPORT OF
25 PLAINTIFFS' MOTION FOR A PRELIMINARY
   INJUNCTION - 3
   Case No. 2:25-cv-241-BHS

CONSTITUTIONAL ACCOUNTABILITY CENTER
1200 18th Street NW, Suite 501
Washington, D.C. 20036
TEL. 202-296-6889

Proposed *amicus*'s brief supports Plaintiffs' Motion for a Preliminary Injunction, Dkt. No. 23, which was filed on February 19, 2025. Accordingly, in filing this motion and the attached *amicus* brief on February 19, 2025, this submission is timely.

## IV.   CONCLUSION

Proposed *amicus* Constitutional Accountability Center respectfully requests permission to file the attached *amicus curiae* brief in support of Plaintiffs' Motion for a Preliminary Injunction.

RESPECTFULLY SUBMITTED AND DATED this 20th day of February, 2025.

TERRELL MARSHALL LAW GROUP PLLC

*I certify that this memorandum contains 788 words, in compliance with the Local Civil Rules.*

By: /s/ Ryan Tack-Hooper, WSBA #56423
    Ryan Tack-Hooper, WSBA #56423
    936 N. 34th Street, Suite 300
    Seattle, Washington 98103
    Telephone: (206) 816-6603
    Email: rtack-hooper@terrellmarshall.com

CONSTITUTIONAL ACCOUNTABILITY
  CENTER

By: /s/ Brianne J. Gorod
    Elizabeth B. Wydra (*pro hac vice* forthcoming)
    Brianne J. Gorod (*pro hac vice* forthcoming)
    David H. Gans (*pro hac vice* forthcoming)
    Praveen Fernandes (*pro hac vice* forthcoming)
    Ana M. Builes (*pro hac vice* forthcoming)
    1200 18th Street, N.W., Suite 501
    Washington, D.C. 20036
    Telephone: (202) 296-6889
    Email: brianne@theusconstitution.org

*Attorneys for Amicus Curiae*
*Constitutional Accountability Center*

AGREED MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE CONSTITUTIONAL ACCOUNTABILITY CENTER IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION - 4
Case No. 2:25-cv-241-BHS

CONSTITUTIONAL ACCOUNTABILITY CENTER
1200 18th Street NW, Suite 501
Washington, D.C. 20036
TEL. 202-296-6889