# EXHIBIT A



# DoD Instruction 1332.14

## Enlisted Administrative Separations

---

**Originating Component:**   Office of the Under Secretary of Defense for Personnel and Readiness

**Effective:**   August 1, 2024

**Releasability:**   Cleared for public release.  Available on the Directives Division Website at https://www.esd.whs.mil/DD/.

**Reissues and Cancels:**   DoD Instruction 1332.14, "Enlisted Administrative Separations," January 27, 2014, as amended

**Incorporates:**   Enlisted separation policy as outlined in Directive-type Memorandum 19-008, "Expedited Screening Protocol," July 31, 2019, as amended

**Approved by:**   Ashish S. Vazirani, Performing the Duties of the Under Secretary of Defense for Personnel and Readiness

---

**Purpose:**   In accordance with the authority in DoD Directive (DoDD) 5124.02, this issuance:

• Establishes policy, assigns responsibilities, and provides procedures governing administrative separation of enlisted Service members from the Military Services.

• Supersedes any conflicting guidance in Directive-type Memorandum (DTM) 19-008 regarding enlisted separation policy.

*DoDI 1332.14, August 1, 2024*

# TABLE OF CONTENTS

SECTION 1: GENERAL ISSUANCE INFORMATION ................................................................. 6
    1.1. Applicability. ............................................................................................................. 6
    1.2. Policy. ........................................................................................................................ 6
SECTION 2: RESPONSIBILITIES ........................................................................................... 8
    2.1. Assistant Secretary of Defense for Manpower and Reserve Affairs (ASD(M&RA)). .... 8
    2.2. Director, Department of Defense Human Resources Activity. .................................... 8
    2.3. Secretaries of the Military Departments. ................................................................... 8
SECTION 3: REASONS FOR SEPARATION ........................................................................... 10
    3.1. Expiration of Service Obligation. ............................................................................ 10
        a. Basis. ................................................................................................................... 10
        b. Service Characterization or Separation Description. ........................................... 10
    3.2. Selected Changes in Service Obligations. ............................................................... 10
        a. Basis. ................................................................................................................... 10
        b. Service Characterization or Separation Description. ........................................... 11
    3.3. U.S. Government Convenience. ............................................................................... 11
        a. Basis. ................................................................................................................... 11
        b. Service Characterization or Separation Description. ........................................... 14
        c. Procedures. .......................................................................................................... 14
    3.4. Disability. ................................................................................................................. 15
        a. Basis. ................................................................................................................... 15
        b. Service Characterization or Separation Description. ........................................... 15
        c. Procedures. .......................................................................................................... 15
    3.5. Defective Enlistments and Inductions. .................................................................... 15
        a. Minority. ............................................................................................................. 15
        b. Erroneous Entry into the Military Services. ........................................................ 16
        c. Defective Enlistment Agreements. ...................................................................... 17
        d. Fraudulent Entry into the Military Services ........................................................ 18
        e. Separation from the Delayed Entry Program (DEP). ........................................... 19
    3.6. Entry-Level Performance and Conduct. .................................................................. 20
        a. Basis. ................................................................................................................... 20
        b. Counseling and Rehabilitation. ........................................................................... 21
        c. Service Characterization or Separation Description. ........................................... 21
        d. Procedures. .......................................................................................................... 21
    3.7. Unsatisfactory Performance. ................................................................................... 21
        a. Basis. ................................................................................................................... 21
        b. Counseling and Rehabilitation. ........................................................................... 21
        c. Service Characterization or Separation Description. ........................................... 22
        d. Procedures. .......................................................................................................... 22
    3.8. Drug Misuse Rehabilitation. .................................................................................... 22
        a. Basis. ................................................................................................................... 22
        b. Provision Clarification. ....................................................................................... 22
        c. Service Characterization or Separation Description. ........................................... 22
        d. Procedures. .......................................................................................................... 23

3.9.  Alcohol Misuse Rehabilitation. ...................................................................................... 23
    a.  Basis. ............................................................................................................................ 23
    b.  Provision Clarification. ............................................................................................... 23
    c.  Service Characterization or Separation Description. .................................................. 23
    d.  Procedures. .................................................................................................................. 23
3.10.  Misconduct. ................................................................................................................... 24
    a.  Basis. ............................................................................................................................ 24
    b.  Counseling and Rehabilitation. ................................................................................... 25
    c.  Service Characterization or Separation Description. .................................................. 25
    d.  Procedures. .................................................................................................................. 25
3.11.  Separation in Lieu of Trial by Court-Martial. .............................................................. 25
    a.  Basis. ............................................................................................................................ 25
    b.  Service Characterization or Separation Description. .................................................. 26
    c.  Procedures. .................................................................................................................. 26
3.12.  Security. ......................................................................................................................... 27
    a.  Basis. ............................................................................................................................ 27
    b.  Service Characterization or Separation Description. .................................................. 27
    c.  Procedures. .................................................................................................................. 27
3.13.  Unsatisfactory Participation in the Ready Reserve. ...................................................... 28
    a.  Basis. ............................................................................................................................ 28
    b.  Service Characterization or Separation Description. .................................................. 28
    c.  Procedures. .................................................................................................................. 28
3.14.  Secretarial Plenary Authority ....................................................................................... 28
    a.  Basis. ............................................................................................................................ 28
    b.  Service Characterization or Separation Description. .................................................. 28
    c.  Procedures. .................................................................................................................. 28
3.15.  Reasons Established by the Military Departments. ....................................................... 29
    a.  Basis. ............................................................................................................................ 29
    b.  Counseling and Rehabilitation. ................................................................................... 29
    c.  Service Characterization or Separation Description. .................................................. 29
    d.  Procedures. .................................................................................................................. 29
3.16.  Physical Fitness or Body Composition Standards. ....................................................... 29
    a.  Basis. ............................................................................................................................ 29
    b.  Counseling and Rehabilitation. ................................................................................... 29
    c.  Service Characterization or Separation Description. .................................................. 30
    d.  Procedures. .................................................................................................................. 30
SECTION 4:  GUIDELINES ON CHARACTERIZATION AND SEPARATION ......................................... 31
4.1.  Separation. ...................................................................................................................... 31
    a.  Scope. ........................................................................................................................... 31
    b.  Guidance. ..................................................................................................................... 31
    c.  Limitations on Separation Actions. ............................................................................. 32
4.2.  Suspension of Separation. .............................................................................................. 33
    a.  Suspension. .................................................................................................................. 33
    b.  Action During the Period of Suspension. .................................................................... 33
4.3.  Service Characterization or Separation Description. ...................................................... 34

*DoDI 1332.14, August 1, 2024*

     a. Types of Service Characterization or Separation Description. ................................... 34
     b. Characterization of Service. ....................................................................................... 34
     c. Uncharacterized Separation. ...................................................................................... 37

SECTION 5: PROCEDURES FOR SEPARATION ................................................................................. 39
  5.1. Scope. .......................................................................................................................... 39
  5.2. Notification Procedures. ............................................................................................. 39
     a. Notice. ......................................................................................................................... 39
     b. Additional Notice Requirements ............................................................................... 40
     c. Response. ..................................................................................................................... 41
     d. Separation Authority. .................................................................................................. 41
  5.3. Administrative Board Procedures. ............................................................................... 42
     a. Notice. ......................................................................................................................... 42
     b. Additional Notice Requirements ............................................................................... 43
     c. Response. ..................................................................................................................... 43
     d. Waiver. ........................................................................................................................ 44
     e. Hearing Procedures. ................................................................................................... 44
     f. Separation Authority. .................................................................................................. 48
  5.4. Additional Provisions Concerning Enlisted Service Members Confined by Civil
     Authorities. ................................................................................................................... 49
  5.5. Additional Requirements for Certain Enlisted Service Members of Reserve
     Components. ................................................................................................................. 50
     a. Enlisted Service members of Reserve Components not on Active Duty. .................... 50
     b. Transfer to the IRR. .................................................................................................... 51
     c. Notification of Administrative Board. ........................................................................ 51
     d. Service Expiration. ...................................................................................................... 51
     e. Notice to Member. ...................................................................................................... 51
  5.6. Additional Requirements for Enlisted Service Members Beyond Military Control by
     Reason of Unauthorized Absence. ................................................................................ 52
     a. Determination of Applicability. .................................................................................. 52
     b. Notice. ......................................................................................................................... 52
     c. Separation Limitations for Reserve Component Enlisted Service Members. .............. 52
  5.7. Additional Requirements for Administrative Separation Processing Timelines. ........... 53
  5.8. Additional Requirements for Informing Enlisted Service Members About Separation
     Policy. .......................................................................................................................... 53
  5.9. Additional Requirements for Pre-Separation Health Assessments. ............................... 54
  5.10. Additional Counseling Required for a Discharge Under Other than Honorable
     Conditions Resulting from a Continuous, Unauthorized Absence of 180 Days or More. 55
  5.11. Additional Requirements for Involuntary Administrative Separation of Enlisted
     Service Members Who Made an Unrestricted Report of Sexual Assault. ....................... 55
  5.12. Additional Requirement to Process for Administrative Separation of Enlisted Service
     Members Convicted of Certain Sexual Offenses. ........................................................... 55
  5.13. Additional Requirement for Members Receiving an Other than Honorable
     Characterization of Service. ........................................................................................... 56
SECTION 6: PROCEDURES FOR EARLY RELEASE OF ENLISTED SERVICE MEMBERS FOR COLLEGE,
VOCATIONAL, OR TECHNICAL SCHOOL ENROLLMENT ................................................................ 57

*DoDI 1332.14, August 1, 2024*

6.1. Scope. ....................................................................................................................... 57

6.2. Procedures. .............................................................................................................. 57

   a. General. ................................................................................................................ 57

   b. Criteria. ............................................................................................................... 58

GLOSSARY ............................................................................................................................. 59

G.1. Acronyms. ................................................................................................................ 59

G.2. Definitions. ............................................................................................................. 59

REFERENCES .......................................................................................................................... 62

FIGURES

Figure 1. Unfavorable ESP Notice ......................................................................................... 20

# SECTION 1: GENERAL ISSUANCE INFORMATION

## 1.1. APPLICABILITY.

This issuance applies to OSD, the Military Departments, the Office of the Chairman of the Joint Chiefs of Staff and the Joint Staff, the Combatant Commands, the Office of Inspector General of the Department of Defense, the Defense Agencies, the DoD Field Activities, and all other organizational entities within the DoD (referred to collectively in this issuance as the "DoD Components").

## 1.2. POLICY.

a. The readiness of the Military Services is preserved by maintaining high standards of performance, conduct, and discipline. Separation promotes the readiness of the Military Services by providing an orderly means to:

(1) Evaluate the suitability of people to serve in the enlisted ranks of the Military Services based on their ability to meet required performance, conduct, and disciplinary standards.

(2) Maintain standards of performance, conduct, and discipline through characterization of service in a system that emphasizes the importance of honorable service.

(3) Achieve authorized force levels and grade distributions.

(4) Provide an orderly means of discharge for enlisted personnel.

b. Separations are used to strengthen the concept that military service is a unique calling, different from that of a civilian occupation. The acquisition of military status, whether through enlistment or induction, involves an individual's unconditional commitment to the United States, their Military Service, fellow citizens, and fellow Service members.

c. Organizing, training, and equipping newly enlisted Service members represent a considerable investment. Separation of enlisted Service members before completion of their obligated service periods results in a significant loss of investment and increased need for recruitment.

d. DoD provides enlisted Service members with the training, motivation, and professional leadership to enable them to meet required standards of performance, conduct, and discipline.

(1) Reasonable efforts should be made by the chain of command to:

(a) Identify enlisted Service members who seem to be candidates for early separation.

*DoDI 1332.14, August 1, 2024*

(b)  Work to improve their chances for retention through counseling, retraining, and rehabilitation.

(2)  Enlisted Service members who do not demonstrate the commitment or potential for further service should be separated.

e.  Enlisted Service members may be discharged or released from active service before expiration of their obligated service to further their education at a college, university, or vocational or technical school when it is determined that discharge or release is appropriate.

# SECTION 2: RESPONSIBILITIES

## 2.1. ASSISTANT SECRETARY OF DEFENSE FOR MANPOWER AND RESERVE AFFAIRS (ASD(M&RA)).

Under the authority, direction, and control of the Under Secretary of Defense for Personnel and Readiness, the ASD(M&RA):

   a.  Develops, maintains, and oversees implementation of policy and guidance for enlisted administrative separations.

   b.  Adjudicates exceptions to policy requests for enlisted administrative separations.

   c.  Establishes appropriate separation reporting requirements.

## 2.2. DIRECTOR, DEPARTMENT OF DEFENSE HUMAN RESOURCES ACTIVITY.

Under the authority, direction, and control of the Under Secretary of Defense for Personnel and Readiness, the Director, Department of Defense Human Resources Activity:

   a.  Provides data quality control, analysis, reporting, and inquiry capabilities on all Service member separation data in accordance with DoD Instruction (DoDI) 7730.68.

   b.  Acts as the official source of such related data for use throughout the DoD, by other government agencies, the Congress, and for appropriate public release by the Assistant to the Secretary of Defense for Public Affairs.

   c.  Distributes, as applicable and in accordance with DoDI 1336.01, personnel service and separation data to:

      (1)  Department of Veterans Affairs.

      (2)  Department of Labor.

      (3)  States' or territories' Departments of Veteran Affairs to ensure the adjudication of veteran's benefits.

## 2.3. SECRETARIES OF THE MILITARY DEPARTMENTS.

The Secretaries of the Military Departments:

   a.  Develop and maintain Service policies, standards, and procedures in accordance with this instruction to provide clear guidance and ensure uniform implementation of enlisted separation policy to the extent practicable for an administrative process based on command discretion.

   b.  Ensure that:

(1)  Enlisted Service member separation policies, standards, and procedures are applied consistently.

(2)  Fact-finding inquiries are conducted properly.

(3)  Abuses of authority do not occur.

(4)  Failure to follow the provisions contained in this instruction results in appropriate corrective action.

c.  Establish processing time goals for the types of administrative separations authorized by this instruction.

d.  Prescribe appropriate internal procedures for periodically informing enlisted Service members about separation policies.  Ensure enlisted Service members are provided required information, as described in the procedures of this instruction, during the separation process.

e.  Provide separation data to the Director, Department of Defense Human Resources Activity, in accordance with DoDI 7730.68.

# SECTION 3:  REASONS FOR SEPARATION

## 3.1.  EXPIRATION OF SERVICE OBLIGATION.

### a.  Basis.

An enlisted Service member may be separated upon expiration of enlistment or fulfillment of service obligation.  This includes separation authorized by the Secretary of the Military Department concerned when the enlisted Service member is:

(1)  Within 30 days of the date of expiration of term of service.

(2)  Serving outside the continental United States in a location other than their jurisdiction or domicile.

### b.  Service Characterization or Separation Description.

Honorable, unless the separation is under one of the following circumstances:

(1)  An entry-level separation is required in accordance with Paragraph 4.3.

(2)  Characterization of service as general (under honorable conditions) is warranted in accordance with Paragraph 4.3. based on numerical scores accumulated in a formal, Service-wide rating system that evaluates conduct and performance on a regular basis.

(3)  Another characterization is warranted upon discharge from the Individual Ready Reserve (IRR) in accordance with Paragraph 5.5.

## 3.2.  SELECTED CHANGES IN SERVICE OBLIGATIONS.

### a.  Basis.

An enlisted Service member may be separated for the following reasons:

(1)  General demobilization or reduction in authorized strength.

(2)  Early separation of personnel under a program established by the Secretary of the Military Department concerned.  A copy of the document authorizing such program is forwarded to the Office of the ASD(M&RA) at least 45 days before the desired date of announcement of an involuntary separation board or program.

(3)  Acceptance of an active-duty commission or appointment, or acceptance into a program leading to such commission or appointment in any branch of the Military Services.

(4)  Immediate enlistment or reenlistment.

(5)  Inter-Service transfer in accordance with DoDI 1300.04.

**b.  Service Characterization or Separation Description.**

Honorable, unless the separation is under one of the following circumstances:

(1)  An entry-level separation is required in accordance with Paragraph 4.3.

(2)  Characterization of service as general (under honorable conditions) is warranted in accordance with Paragraph 4.3. based on numerical scores accumulated in a formal, Service-wide rating system that evaluates conduct and performance on a regular basis.

(3)  Another characterization is warranted upon discharge from the IRR in accordance with Paragraph 5.5.

## 3.3.  U.S. GOVERNMENT CONVENIENCE.

**a.  Basis.**

An enlisted Service member may be separated for convenience of the U.S. Government for these reasons:

**(1)  Early Release to Further Education.**

An enlisted Service member may be separated to attend a college, university, vocational school, or technical school under guidelines outlined in Section 6.

**(2)  Early Release to Accept Public Office.**

An enlisted Service member may be separated to accept public office only under circumstances authorized by the Military Department concerned and in accordance with DoDD 1344.10.

**(3)  Dependency or Hardship.**

Undue hardship does not necessarily exist solely because of altered present or expected income, family separation, or other inconveniences normally incident to military service.  Upon request of the enlisted Service member and concurrence of the separation authority, separation may be directed when genuine dependency or undue hardship exists in accordance with Paragraph 4.1. and under these circumstances:

(a)  The hardship or dependency is not temporary.

(b)  Conditions have arisen or have been aggravated to an excessive degree since entry into military service, and the enlisted Service member has made every reasonable effort to remedy the situation.

(c)  The administrative separation will eliminate or alleviate the condition.

(d)  There are no other means of alleviation reasonably available.

### (4)  Pregnancy or Childbirth.

An enlisted Service member may be separated upon request due to pregnancy or childbirth, unless retention is determined to be in the best interests of the Military Service in accordance with Paragraph 4.1. and guidance established by the Military Department concerned.

### (5)  Parenthood.

An enlisted Service member may be separated by reason of parenthood in accordance with Paragraph 4.1. if it is determined that the enlisted Service member is unable to satisfactorily perform their duties or is unavailable for worldwide assignment or deployment because of parenthood.  Before involuntary separation under this provision, the notification procedure in Paragraph 5.2. will be used.  Separation processing may not be initiated until the enlisted Service member has been formally counseled concerning the basis for proposed separation and has been afforded an opportunity to relieve Service concerns, as reflected in appropriate counseling or personnel records.

### (6)  Conscientious Objection.

An enlisted Service member may be separated if authorized in accordance with DoDI 1300.06.

### (7)  Surviving Family Member.

An enlisted Service member may be separated if authorized in accordance with DoDI 1315.15.

### (8)  Conditions and Circumstances not Constituting a Physical or Mental Disability.

(a)  In accordance with DoDI 1332.18, the Secretary of the Military Department concerned may authorize separation based on congenital or developmental defects not compensable under the Department of Veterans Affairs Schedule for Rating Disabilities if defects, circumstances, or conditions interfere with assignment to, or performance of, duty. Separation processing is not initiated until the enlisted Service member:

1.  Is formally counseled on the basis for proposed separation and given an opportunity to correct it.

2.  Is counseled in writing that the interfering condition does not qualify as a disability.

(b)  The Secretary of the Military Department concerned will not authorize involuntary administrative separation based on a determination that the enlisted Service member is unsuitable for deployment or worldwide assignment because of a medical condition if a physical evaluation board has determined the member to be fit for duty for the same medical condition, unless the administrative separation is approved by the Secretary of Defense.  If the Secretary of the Military Department concerned has reason to believe the medical condition considered by the physical evaluation board renders the enlisted Service member unsuitable for

continued military service, the Secretary may direct the physical evaluation board to reevaluate the member.

       1.  If, based on re-evaluation by a physical evaluation board, an enlisted Service member is determined to be unfit to perform the duties of their office, grade, rank, or rating, they may be retired or separated for physical disability consistent with Chapter 61 of Title 10, United States Code (U.S.C.).

       2.  A "fit for duty" finding by a physical evaluation board does not automatically entitle an enlisted Service member to reenlist upon completion of their current period of required active service.  However, an enlisted Service member may not be denied reenlistment based on the same condition for which a physical evaluation board previously found them fit for duty.

    (c)  Separation based on any mental health disorder not constituting a physical disability is not authorized unless:

       1.  A diagnosis by an authorized mental health provider concludes that the enlisted Service member's disorder is so severe that their ability to function effectively in the military environment is significantly impaired.  The diagnosis must be conducted:

         <u>a</u>.  By an authorized mental health provider as defined in DoDI 6490.04.

         <u>b</u>.  Using the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders.

         <u>c</u>.  In accordance with procedures established by the Military Department concerned.

       2.  The enlisted Service member has been formally counseled in writing on the basis for proposed separation as reflected in appropriate counseling or personnel records and has been afforded an opportunity to resolve it.

       3.  The enlisted Service member has been counseled in writing on the diagnosis of a personality disorder, or other mental disorder not constituting a physical disability.

       4.  For enlisted Service members who have served or are currently serving in imminent danger pay areas, a diagnosis of a mental disorder not constituting a physical disability will:

         <u>a</u>.  Be supported by a peer or higher-level mental health professional.

         <u>b</u>.  Be endorsed by the Surgeon General of the Military Department concerned.

         <u>c</u>.  Address post-traumatic stress disorder (PTSD) and other mental illness co-morbidity.  Unless found fit for duty by the disability evaluation system, a separation for a mental disorder not constituting a physical disability is not authorized if service-related PTSD is also diagnosed.

SECTION 3:  REASONS FOR SEPARATION          13

 5.  For enlisted Service members who have made an unrestricted report of sexual assault or who have self-disclosed that they are the victim of a sex-related offense, an intimate partner violence-related offense, or a spousal-abuse offense during service, a diagnosis of a mental health condition not constituting a physical disability will be supported by a peer or higher-level mental health professional and endorsed by the Surgeon General of the Military Department concerned.

 (d)  Separation for a mental health disorder not constituting a physical disability is not appropriate, nor should it be pursued when separation is warranted based on unsatisfactory performance or misconduct.  In such circumstances, the enlisted Service member should not be separated under Paragraph 3.3.a.(8) regardless of the existence of a mental health disorder not constituting a disability.

 (e)  Nothing in Paragraph 3.3.a.(8) precludes separation of an enlisted Service member who has a condition or circumstance not constituting a physical disability under any other basis described in Paragraph 3.3.a. or for any other reason authorized by this instruction.

 (f)  Before initiating involuntary separation under the provisions in Paragraph 3.3.a.(8), the enlisted Service member will be notified following the procedures in Paragraph 5.2. Documentation must include evidence that the enlisted Service member is unable to function effectively because of a mental health disorder not constituting a physical disability.

 (g)  The reasons designated by the Secretary of the Military Department concerned will be separately reported.

### (9)  Additional Grounds.

 The Secretary of the Military Department concerned may provide additional grounds for separation for the convenience of the U.S. Government.  A copy of the document authorizing such grounds will be forwarded to the ASD(M&RA) at least 45 days before the desired date of announcement of an involuntary separation board or program.

### b.  Service Characterization or Separation Description.

 Honorable, unless the separation is under one of the following circumstances:

 (1)  An entry-level separation is required in accordance with Paragraph 4.3.

 (2)  The characterization of service is general (under honorable conditions) as warranted in accordance with Paragraph 4.3.

### c.  Procedures.

 (1)  The narrative reason for the separation, discharge, or release of an enlisted Service member when the basis for the separation, discharge, or release is a mental health condition not constituting a physical disability must be "condition, not a disability."  The appropriate separation program designator code is used in accordance with DoDI 1336.01.

(2)  Procedural requirements may be established by the Secretary of the Military Department concerned, subject to procedures established in Paragraph 4.3.  Before characterizing the service as general (under honorable conditions), the Military Service concerned will notify the enlisted Service member, following the procedures in Paragraph 5.2., of the specific factors in their service record that warrant such a characterization.  However, such notice and procedures are not required when the characterization of service as general (under honorable conditions) is based upon numerical scores accumulated in a formal, Service-wide rating system that evaluates conduct and performance on a regular basis.

## 3.4.  DISABILITY.

### a.  Basis.

An enlisted Service member may be separated or retired for disability under the provisions of Chapter 61 of Title 10, U.S.C.

### b.  Service Characterization or Separation Description.

Honorable, unless:

(1)  An entry-level separation is required in accordance with Paragraph 4.3.; or

(2)  Characterization of service as general (under honorable conditions) is warranted in accordance with Paragraph 4.3.

### c.  Procedures.

The Military Departments may establish procedural requirements for separation or retirement due to disabilities consistent with Chapter 61 of Title 10, U.S.C., and DoDI 1332.18.  If separation is recommended, these requirements apply before characterization of service as general (under honorable conditions):

(1)  The Military Department concerned will notify the enlisted Service member, following the procedures in Paragraph 5.2., of the specific factors in their service record that warrant such a characterization.

(2)  Such notice is not required when the characterization of service as general (under honorable conditions) is warranted based on numerical scores accumulated in a formal, Service-wide rating system that evaluates conduct and performance on a regular basis.

## 3.5.  DEFECTIVE ENLISTMENTS AND INDUCTIONS.

### a.  Minority.

(1)  Basis.

*DoDI 1332.14, August 1, 2024*

An enlisted Service member will be separated based on being a minor at the time of enlistment, induction, or extension of enlistment under the guidance in Paragraph 4.1. and this section.

    (a)  Under Age 17.

If an enlisted Service member is under the age of 17, their enlistment is void, and the Service member will be separated.

    (b)  Age 17.

An enlisted Service member will be separated in accordance with Section 1170 of Title 10, U.S.C., except when the enlisted Service member is retained for the purpose of trial by court-martial, in these circumstances:

    <u>1</u>.  There is evidence satisfactory to the Secretary of the Military Department concerned that the enlisted Service member is under 18 years of age.

    <u>2</u>.  The enlisted Service member enlisted without the written consent of their parent or guardian.

    <u>3</u>.  An application for the enlisted Service member's separation is submitted to the Secretary of the Military Department concerned by the parent or guardian within 90 days of the Service member's enlistment.

    (2)  Service Characterization or Separation Description.

An enlisted Service member separated in accordance with Paragraph 3.5.a.(1)(a) will receive an order of release from the custody and control of the Military Service by reason of void enlistment or induction. The separation of an enlisted Service member in accordance with Paragraph 3.5.a.(1)(b) will be described as an entry-level separation.

    (3)  Procedures.

The notification procedures in Paragraph 5.2. will be used.

**b.  Erroneous Entry into the Military Services.**

    (1)  Basis.

An enlisted Service member may be separated based on an erroneous enlistment, induction, or extension of enlistment following the guidance in Paragraph 4.1. An enlistment, induction, or extension of enlistment is erroneous if:

    (a)  It would not have occurred if relevant facts were known by the U.S. Government or if appropriate directives were followed.

    (b)  It was not the result of fraudulent conduct on the part of the enlisted Service member as described in Paragraph 3.5.d.

(c)  The error is unchanged in material respects.

(2)  Service Characterization or Separation Description.

Honorable, unless an entry-level separation or an order of release from the custody and control of the Military Service is required (by reason of void enlistment or induction) as described in Paragraph 4.3.

(3)  Procedures.

(a)  If the command recommends that the individual continue military service, the initiation of separation processing is not required in these circumstances:

1.  The defect is no longer present; or

2.  A waiver is obtained from the appropriate authority.

(b)  If separation processing is initiated, the notification procedures in Paragraph 5.2. will be used.

c.  **Defective Enlistment Agreements.**

(1)  Basis.

A defective enlistment agreement exists in these circumstances:

(a)  As a result of a material misrepresentation by recruiting personnel, upon which the enlisted Service member reasonably relied.  For example, the Service member was induced to enlist with a commitment for which the enlisted Service member was not qualified;

(b)  The enlisted Service member received a written enlistment commitment from recruiting personnel for which the enlisted Service member was qualified, but which cannot be fulfilled by the Military Service; or

(c)  The enlistment was involuntary, in accordance with Section 802 of Title 10, U.S.C.

(2)  Service Characterization or Separation Description.

Honorable, unless an entry-level separation or an order of release from the custody and control of the Military Service (by reason of void enlistment) is required in accordance with Paragraph 4.3.

(3)  Procedures.

This provision does not bar appropriate disciplinary action or other administrative separation proceedings regardless of when the defect is raised.  Separation is appropriate under this provision only in these circumstances:

(a)  The enlisted Service member did not knowingly participate in creation of the defective enlistment.

(b)  The enlisted Service member brings the defect to the attention of appropriate authorities within 30 days after the defect is discovered or reasonably should have been discovered by the enlisted Service member.

(c)  The enlisted Service member requests separation instead of other authorized corrective action.

(d)  The request otherwise meets such criteria as may be established by the Secretary of the Military Department concerned.

### d.  Fraudulent Entry into the Military Services.

#### (1)  Basis.

An enlisted Service member may be separated in accordance with Paragraph 4.1. based on procurement of a fraudulent enlistment, induction, or period of military service through any deliberate material misrepresentation, omission, or concealment that, if known at the time of enlistment, induction, or entry into a period of military service, might have resulted in rejection.

#### (2)  Service Characterization or Separation Description.

Characterization of service or description of separation will be in accordance with Paragraph 4.3.  If the fraud involves concealment of a previous separation in which service was not characterized as honorable, characterization normally will be under other than honorable conditions.

#### (3)  Procedures.

The notification procedures in Paragraph 5.2. will be used except as follows:

(a)  Characterization of service under other than honorable conditions may not be issued unless the administrative board procedure in Paragraph 5.3. is used.

(b)  When the sole reason for separation is fraudulent entry, suspension of separation as described in Paragraph 4.2. is not authorized.  When there are approved reasons for separation in addition to fraudulent entry, suspension of separation is authorized only in these circumstances:

       _1_.  A waiver of the fraudulent entry is approved.

       _2_.  The suspension pertains to reasons for separation other than the fraudulent entry.

(c)  If the command recommends that the enlisted Service member be retained in military service, the initiation of separation processing is unnecessary in these circumstances:

*DoDI 1332.14, August 1, 2024*

      1.  The defect is no longer present; or

      2.  A waiver is obtained from appropriate authority.

**e.  Separation from the Delayed Entry Program (DEP).**

(1)  Basis.

    (a)  An individual who is in the DEP may be separated because of:

      1.  Ineligibility for enlistment in accordance with DoDI 1304.26;

      2.  Additional standards prescribed by the Secretary of the Military Department concerned; or

      3.  Upon the enlisted Service member's request when authorized by the Secretary of the Military Department concerned.

    (b)  Separations include individuals in DEP who have been determined to no longer meet eligibility requirements for enlistment or induction based upon unfavorable expedited screening protocol (ESP) results in accordance with DTM-19-008.

(2)  Service Characterization or Separation Description.

This is an entry-level separation.

(3)  Procedures.

    (a)  Notice of Separation.

      1.  The person will be notified of the proposed separation and the reasons for it.  If the reasons include classified information, unclassified summaries may be used; however, any summaries derived from classified information will be consistent with U.S. national security interests and other applicable law.  The individual will be notified in writing of:

        a.  The basis of the proposed separation, including the circumstances upon which the separation is based, reference to this instruction, and any applicable provisions of the appropriate Military Department's implementing regulation.  If the basis includes classified information, unclassified summaries may be used.  However, any summaries derived from classified information will be consistent with U.S. national security interests and other applicable law.

        b.  Whether the proposed separation could result in discharge, release from active duty to a Reserve Component, transfer from the Selected Reserve to the IRR, release from Service custody or control, or other form of separation.  When determining the results of the proposed separation, the least favorable characterization of service or description of separation is authorized.

c.  The right to obtain copies of documents that will be forwarded to the separation authority supporting the basis of the proposed separation.

2.  Individuals facing administrative separation from military service based on unfavorable ESP results will receive the notice in writing consistent with Paragraph 3.5.e.(3)(a)1. The notice will include the language in Figure 1.

**Figure 1.  Unfavorable ESP Notice.**

> A review of information indicates that you present an unacceptable risk to good order and discipline within the Armed Forces and that it is not in the best interests of the Military Department for you to continue to serve.  Accordingly, you are being notified that, 30 days from your receipt of this memorandum, we intend to act to administratively separate you from the Armed Forces.

3.  The notice will be delivered personally or sent by registered or certified mail, return receipt requested, or by an equivalent form of formal notice under regulations prescribed by the Secretary of the Military Department concerned.  An individual's contact, acknowledgement, or failure to acknowledge receipt will be formally documented in their military record as prescribed in regulation by the Secretary of the Military Department concerned.

(b)  Rebuttal Statement.

The person will be given an opportunity to submit to the separation authority a rebuttal statement by a specified date that is not less than 30 days from the date of delivery.

## 3.6.  ENTRY-LEVEL PERFORMANCE AND CONDUCT.

**a.  Basis.**

(1)  An enlisted Service member may be separated while in entry-level status (defined in the Glossary), including the DEP, when it is determined that the member:

(a)  No longer meets the requirements for eligibility for enlistment or induction as specified in DoDI 1304.26; or

(b)  Is unqualified for further military service by reason of unsatisfactory performance, conduct, or both.

(2)  Evidence of an enlisted Service member being unqualified may include lack of capability, lack of reasonable effort, failure to adapt to the military environment, or minor disciplinary infractions.

(3)  When separation is warranted in accordance with Paragraphs 3.6.a.(1)(a) and 3.6.a.(1)(b), the enlisted Service member should be processed for entry-level separation. However, entry-level status does not preclude separation for any other reason authorized by this issuance when such separation is warranted by the circumstances of the case.

(4)  An entry-level separation will not be considered a separation for cause.

### b.  Counseling and Rehabilitation.

Except in separations based on applicants not meeting eligibility requirements for enlistment or induction, separation processing may not be initiated until the enlisted Service member has been formally counseled concerning the basis for proposed separation as reflected in appropriate counseling or personnel records.  An enlisted Service member in entry-level status should not be separated for unsatisfactory performance, minor disciplinary infractions, or both when this is the sole reason, unless appropriate efforts at rehabilitation have been made under standards prescribed by the Secretary of the Military Department concerned.

### c.  Service Characterization or Separation Description.

This is an entry-level separation.

### d.  Procedures.

The notification procedures in Paragraph 5.2. will be used.

## 3.7.  UNSATISFACTORY PERFORMANCE.

### a.  Basis.

An enlisted Service member may be separated when it is determined in accordance with Paragraph 4.1. that the member is unqualified for further military service by reason of unsatisfactory performance.  This reason will not be used if the enlisted Service member is in entry-level status.

### b.  Counseling and Rehabilitation.

Counseling and rehabilitation requirements are of particular importance to this reason for separation.  Separation processing may not be initiated until the enlisted Service member has been formally counseled concerning the basis for proposed separation and has been afforded an opportunity to relieve Service concerns as reflected in appropriate counseling or personnel records.  An enlisted Service member should not be separated when unsatisfactory performance is the sole reason unless appropriate efforts at rehabilitation have been made in accordance with standards prescribed by the Secretary of the Military Department concerned.

*DoDI 1332.14, August 1, 2024*

**c. Service Characterization or Separation Description.**

The service will be characterized as honorable or general (under honorable conditions) in accordance with Paragraph 4.3.

**d. Procedures.**

The notification procedures in Paragraph 5.2. will be used.

## 3.8. DRUG MISUSE REHABILITATION.

**a. Basis.**

An enlisted Service member who has been referred to a rehabilitation program for personal drug misuse may be separated for:

(1) Refusal to participate in recommended drug misuse treatment; or

(2) Once enrolled in treatment, they:

(a) Do not demonstrate the potential for continued military service; or

(b) Are transferred to a civilian medical facility because long-term rehabilitation is determined to be necessary.

**b. Provision Clarification.**

(1) Nothing in this provision precludes separation of an enlisted Service member who has been referred to such a program under any other provision of this instruction.

(2) Separation due to drug misuse rehabilitation failures will be reported separately from that of alcohol misuse rehabilitation failures as described in Paragraph 3.9. If separation is based on both, the primary basis will be used for reporting requirements.

(3) An enlisted Service member's voluntary submission to a DoD treatment and rehabilitation program and voluntarily disclosed evidence of previous personal drug use by the Service member as part of a course of treatment in such a program may not be used against them on the issue of characterization as specified in accordance with Paragraph 4.3.b.(3)(f).

**c. Service Characterization or Separation Description.**

When an enlisted Service member is separated under the provisions of Paragraph 3.8., characterization of service as honorable or general (under honorable conditions) is authorized except when an entry-level separation is required in accordance with Paragraph 4.3.

(1) The relationship between voluntary submission for treatment and the evidence that may be considered on the issue of characterization is described in Paragraph 4.3.b.(3)(f).

(2)  The relationship between mandatory urinalysis and the evidence that may be considered on the issue of characterization is described in Paragraph 4.3.b.(3)(g).

### d. Procedures.

The notification procedures in Paragraph 5.2. will be used.

## 3.9.  ALCOHOL MISUSE REHABILITATION.

### a. Basis.

An enlisted Service member who has been referred to a rehabilitation program for alcohol misuse may be separated for:

(1)  Refusal to participate in recommended alcohol misuse treatment; or

(2)  Once enrolled in treatment, they:

(a)  Do not demonstrate the potential for continued military service; or

(b)  Are transferred to a civilian medical facility because long-term rehabilitation is determined to be necessary.

### b. Provision Clarification.

(1)  Nothing in this provision precludes separation of an enlisted Service member who has been referred to such a program under any other provision of this instruction.

(2)  Separation due to alcohol misuse will be reported separately from that of drug misuse rehabilitation failures as described in Paragraph 3.8.  If separation is based on both, the primary basis will be used for reporting purposes.

### c. Service Characterization or Separation Description.

When an enlisted Service member is separated under this provision, characterization of service as honorable or general (under honorable conditions) is authorized except when an entry-level separation is required in accordance with Paragraph 4.3.

### d. Procedures.

The notification procedures in Paragraph 5.2. will be used.

## 3.10. MISCONDUCT.

### a. Basis.

An enlisted Service member may be separated for misconduct when it is determined in accordance with Paragraph 4.1. that the enlisted Service member is unqualified for further military service by reason of one or more of the following circumstances:

(1) Minor Disciplinary Infractions.

A pattern of misconduct consisting solely of minor disciplinary infractions. If separation of an enlisted Service member in entry-level status is warranted solely by reason of minor disciplinary infractions, the action should be processed under entry-level performance and conduct in accordance with Paragraph 3.6.

(2) A Pattern of Misconduct.

A pattern of misconduct consisting of:

(a) Discreditable involvement with civil or military authorities; or

(b) Conduct prejudicial to good order and discipline.

(3) Commission of a Serious Offense.

Commission of a serious military or civilian offense if a punitive discharge would be authorized for the same or a closely related offense in accordance with the Manual for Courts-Martial.

(4) Civilian Conviction.

(a) Conviction by civilian authorities or action taken that is equivalent to a finding of guilty, including similar adjudications in juvenile proceedings, and if these conditions apply:

1. A punitive discharge would be authorized for the same or a closely related offense in accordance with the Manual for Courts-Martial; or

2. The sentence by civilian authorities includes confinement for 6 months or more without regard to suspension or probation.

(b) Separation processing may be initiated whether an enlisted Service member has filed an appeal of a civilian conviction or has stated an intention to do so. Execution of an approved separation should be withheld pending outcome of the appeal or until the time for appeal has passed, but the enlisted Service member may be separated before final action on the appeal upon the member's request or upon direction of the Secretary of the Military Department concerned.

**b. Counseling and Rehabilitation.**

Separation processing for minor disciplinary infractions or a pattern of misconduct in accordance with Paragraphs 3.10.a.(2)(a) and 3.10.a.(2)(b) may not be initiated until the enlisted Service member has been formally counseled concerning the basis for proposed separation and has been afforded an opportunity to relieve Service concerns as reflected in appropriate counseling or personnel records. If the sole basis of separation is commission of a serious offense as described in Paragraph 3.10.a.(3) or a civilian conviction as described in Paragraph 3.10.a.(4)(a), the counseling and rehabilitation requirements are not applicable.

**c. Service Characterization or Separation Description.**

(1) Characterization of service will normally be under other than honorable conditions, but characterization as general (under honorable conditions) may be warranted in accordance with Paragraph 4.3. For respondents who have completed entry-level status, characterization of service as honorable is not authorized unless the respondent's record is otherwise so meritorious that any other characterization clearly would be inappropriate. In such cases, separations for misconduct with an honorable characterization will be approved by a commander exercising general court-martial jurisdiction or higher authority as specified by the Secretary of the Military Department concerned.

(2) As an exception, the Secretary of the Military Department concerned may authorize general court-martial convening authorities to delegate authority to special court-martial convening authorities to approve separations with service characterized as honorable. This delegation may be done when the sole evidence of misconduct is command-directed urinalysis results that cannot be used for characterization of service, or when an administrative discharge board has recommended separation with an honorable discharge.

(3) When characterization of service under other than honorable conditions is not warranted for an enlisted Service member in entry-level status in accordance with Paragraph 4.3., the separation will be described as an entry-level separation.

**d. Procedures.**

The administrative board procedure in Paragraph 5.3. will be used. However, use of the notification procedures in Paragraph 5.2. is authorized if characterization of service under other than honorable conditions is not warranted in accordance with Paragraph 4.3.

**3.11. SEPARATION IN LIEU OF TRIAL BY COURT-MARTIAL.**

**a. Basis.**

Upon request by the enlisted Service member, they may be separated in lieu of trial by court-martial if charges have been preferred with respect to an offense for which a punitive discharge is authorized, and it is determined that the enlisted Service member is unqualified for further military service in accordance with Paragraph 4.1. This provision may not be used when Rule

1003(d) of the Manual for Courts-Martial provides the sole basis for a punitive discharge unless the charges have been referred to a court-martial empowered to adjudge a punitive discharge.

**b.  Service Characterization or Separation Description.**

Characterization of service normally will be under other than honorable conditions, but characterization as general (under honorable conditions) may be warranted in accordance with Paragraph 4.3.

(1)  For respondents who have completed entry-level status, characterization of service as honorable is not authorized unless the respondent's record is otherwise so meritorious that any other characterization clearly would be inappropriate.

(2)  When characterization of service under other than honorable conditions is not warranted for an enlisted Service member in entry-level status in accordance with Paragraph 4.3., the separation will be described as an entry-level separation.

**c.  Procedures.**

(1)  The request for discharge must be submitted in writing and signed by the enlisted Service member.

(2)  The enlisted Service member will be afforded an opportunity to consult with counsel qualified pursuant to Section 827(b) of Title 10, U.S.C.  If the enlisted Service member refuses to consult with legal counsel, counsel will prepare a statement to this effect, which will be attached to the file to document that the enlisted Service member has waived the right to consult with counsel.

(3)  Except when the enlisted Service member has waived the right to counsel, the request will be signed by counsel.

(4)  In the written request, the enlisted Service member will state that they understand:

(a)  The elements of the offense or offenses charged.

(b)  That characterization of service under other than honorable conditions is authorized.

(c)  The adverse nature of such a characterization and its possible consequences.

(5)  The Secretary of the Military Department concerned will also require that the request include:

(a)  An acknowledgment of guilt of one or more of the offenses or any lesser included offenses for which a punitive discharge is authorized; or

*DoDI 1332.14, August 1, 2024*

(b)  A summary of the evidence or list of documents (or copies of these) provided to the enlisted Service member pertaining to the offenses for which a punitive discharge is authorized.

(6)  The separation authority will be a commander exercising general court-martial jurisdiction or higher authority as specified by the Secretary of the Military Department concerned.  As an exception, the Secretary may authorize general court-martial convening authorities to delegate authority to the special court-martial convening authorities to approve requests for discharge in the case of enlisted Service members who:

(a)  Have been absent without leave for more than 30 days.

(b)  Have been dropped from the rolls of their units as absent in desertion.

(c)  Have been returned to military control.

(d)  Are assigned to a regional personnel control or separation processing facility.

(e)  Are charged only with being absent without leave for more than 30 days.

(7)  Statements by the enlisted Service member or their counsel submitted in connection with a request under Paragraph 3.11.c. are not admissible against the enlisted Service member in a court-martial except as authorized under Military Rule of Evidence 410 of the Manual for Courts-Martial.

## 3.12.  SECURITY.

### a.  Basis.

When retention is clearly inconsistent with the interest of national security, an enlisted Service member may be separated by reason of security and under conditions and procedures prescribed in DoDI 5200.02.

### b.  Service Characterization or Separation Description.

Characterization of service or description of separation will be in accordance with Paragraph 4.3.

### c.  Procedures.

The procedures established by the Military Departments will be consistent with the procedures contained in this instruction as practical.

## 3.13.  UNSATISFACTORY PARTICIPATION IN THE READY RESERVE.

### a.  Basis.

An enlisted Service member may be separated for unsatisfactory participation in the Ready Reserve under criteria established by the Secretary of the Military Department concerned in accordance with DoDI 1215.13.

### b.  Service Characterization or Separation Description.

Characterization of service or description of separation will be in accordance with DoDI 1215.13 and Paragraph 4.3. of this instruction.

### c.  Procedures.

The administrative board procedures in Paragraph 5.3. will be used.  However, the notification procedures in Paragraph 5.2. may be used if characterization of service under other than honorable conditions is not warranted in accordance with Paragraph 4.3.

## 3.14.  SECRETARIAL PLENARY AUTHORITY.

### a.  Basis.

(1)  Notwithstanding any limitation on separations provided in this instruction, the Secretary of the Military Department concerned may direct the separation of any enlisted Service member before expiration of term of service after determining it to be in the best interest of the Military Service.

(2)  The Military Departments will use Secretarial plenary authority for enlisted Service members who:

(a)  Are not in the DEP or Delayed Training Program or are otherwise not in entry-level status.

(b)  Have been determined to no longer meet eligibility requirements for enlistment or induction based on unfavorable ESP results.

### b.  Service Characterization or Separation Description.

Characterization of service or description of separation is honorable or general (under honorable conditions), as warranted, in accordance with Paragraph 4.3. unless an entry-level separation is required in accordance with Paragraph 4.3.

### c.  Procedures.

The notification procedures in Paragraph 5.2. will be used, except for Paragraph 5.2.a.(8) regarding the procedure for requesting an administrative board, which is not applicable.

## 3.15.  REASONS ESTABLISHED BY THE MILITARY DEPARTMENTS.

### a.  Basis.

The Military Departments may establish additional reasons for separation for circumstances not otherwise provided for in this instruction to meet their specific requirements, subject to ASD(M&RA) approval.

### b.  Counseling and Rehabilitation.

Separation processing may not be initiated until the enlisted Service member has been counseled formally concerning the basis for proposed separation and has been afforded an opportunity to relieve Service concerns as reflected in appropriate counseling or personnel records.  An exception to these requirements may be granted when the Military Department concerned provides in its implementing document that counseling and rehabilitation requirements are not applicable for the specific reason for separation.

### c.  Service Characterization or Separation Description.

Characterization of service or description of separation will be in accordance with Paragraph 4.3.

### d.  Procedures.

The procedures established by the Military Departments will be consistent with the procedures contained in this instruction as practical.

## 3.16.  PHYSICAL FITNESS OR BODY COMPOSITION STANDARDS.

### a.  Basis.

An enlisted Service member may be separated for not meeting physical fitness or body composition standards established in DoDI 1308.03 when it is determined that the enlisted Service member is unqualified for further military service and meets the following conditions:

(1)  The enlisted Service member is not medically diagnosed with a medical condition that precludes or interferes with achieving DoD physical fitness or body composition standards. Enlisted Service members with a medically diagnosed condition that precludes or interferes with meeting these standards may be separated either through medical channels, if appropriate, or in accordance with Paragraph 3.4.

(2)  The sole reason for separation is the enlisted Service member's inability to meet DoD physical fitness or body composition standards.

### b.  Counseling and Rehabilitation.

Separation processing may not be initiated until the enlisted Service member has been counseled formally concerning the basis for proposed separation and has been afforded an

*DoDI 1332.14, August 1, 2024*

opportunity to relieve Service concerns as reflected in appropriate counseling or personnel records.

**c. Service Characterization or Separation Description.**

Characterization of service or description of separation is honorable, unless:

(1)  Characterization of service as general under honorable conditions is warranted in accordance with Paragraph 4.3. based on numerical scores accumulated in a formal, Service-wide rating system that evaluated conduct and performance on a regular basis; or

(2)  An entry-level separation is required in accordance with Paragraph 4.3.

**d. Procedures.**

The notification procedures in Paragraph 5.2. will be used.

# SECTION 4: GUIDELINES ON CHARACTERIZATION AND SEPARATION

## 4.1. SEPARATION.

### a. Scope.

This general guidance applies when referenced in Section 3.  Further guidance is provided under the specific reasons for separation in Section 3.

### b. Guidance.

(1)  A substantial investment is made in the training of individuals enlisted or inducted into the Military Services.  Thus, reasonable efforts at rehabilitation should be made before initiating separation proceedings for enlisted Service members who do not conform to required standards.

(2)  Unless separation is mandatory, the potential for rehabilitation and further useful military service will be considered by the separation authority and, where applicable, the administrative board.  If separation is warranted despite the potential for rehabilitation, consideration should be given to suspension of the separation, if authorized.

(3)  Counseling and rehabilitation efforts are a prerequisite to initiation of separation proceedings only in so far as expressly described under specific requirements for separation in Section 3.  An alleged or established inadequacy in previous rehabilitative efforts does not provide a legal bar to separation.

(4)  The following factors may be considered on the issue of retention or separation, depending on the circumstances of the case:

(a)  The seriousness of the circumstances forming the basis for initiation of separation proceedings and the effect of the enlisted Service member's continued retention on military discipline, good order, and morale.

(b)  The likelihood of continuation or recurrence of the circumstances forming the basis for initiation of separation proceedings.

(c)  The likelihood that the enlisted Service member will be a disruptive or undesirable influence in present or future duty assignments.

(d)  The ability of the enlisted Service member to perform duties effectively in the present and in the future, including potential for advancement or leadership.

(e)  The enlisted Service member's rehabilitative potential.

(f)  The enlisted Service member's entire military record.

<u>1</u>.  This may include:

a.  Past contributions to the Military Service, assignments, awards and decorations, evaluation ratings, and letters of commendation.

b.  Letters of reprimand or admonition, counseling records, records of nonjudicial punishment, records of conviction by court-martial, and records of involvement with civilian authorities.

c.  Any other matter deemed relevant by the board or separation authority, based on the specialized training, duties, and experience of persons entrusted by this instruction with recommendations and decisions on the issue of separation or retention.

2.  This guidance applies to consideration of matters described in Paragraph 4.1.b.(4)(f)1.:

a.  Adverse matters from a previous enlistment or period of military service, such as records of nonjudicial punishment and conviction by courts-martial, may be considered only when such records would have a direct and strong probative value in determining whether separation is appropriate.  The use of such records will ordinarily be limited to those cases involving patterns of conduct manifested over an extended period.

b.  Isolated incidents and events that are remote in time normally have little probative value.

c. **Limitations on Separation Actions.**

An enlisted Service member may not be separated based on any one of the following types of conduct:

(1)  Conduct that has been the subject of judicial proceedings resulting in acquittal or action having the same effect except when:

(a)  Such action is based on a judicial determination not going to the guilt or innocence of the respondent.

(b)  The judicial proceeding was conducted in a State or foreign court and the separation is approved by the Secretary of the Military Department concerned.

(c)  The acquittal from the judicial proceedings was based on a finding of not guilty only by reason of lack of mental responsibility.  Enlisted Service members in this category normally will be separated under Secretarial plenary authority in accordance with Paragraph 3.14. unless separation for disability in accordance with Paragraph 3.4. is appropriate.

(2)  Conduct that has been the subject of a previous administrative board action in which the board entered an approved finding that the evidence did not sustain the factual allegations concerning the conduct, except when the conduct is the subject of a rehearing ordered based on fraud or collusion.

(3)  Conduct that has been the subject of an administrative separation proceeding resulting in a final determination by a separation authority that the enlisted Service member should be retained, except:

(a)  When there is subsequent conduct or performance forming the basis, in whole or in part, for a new proceeding;

(b)  When there is new or newly discovered evidence that was not reasonably available at the time of the previous proceeding; or

(c)  When the conduct is the subject of a rehearing ordered based on fraud or collusion.

## 4.2.  SUSPENSION OF SEPARATION.

### a.  Suspension.

(1)  Unless prohibited by this instruction, a separation may be suspended for a specified period of not more than 12 months by the separation authority or higher authority if the circumstances of the case indicate a reasonable likelihood of rehabilitation.

(2)  During the period of suspension, the enlisted Service member will be afforded an opportunity to meet appropriate conduct, disciplinary, and performance standards.

(3)  Unless sooner cancelled or completed, the approved separation will be closed upon:

(a)  Completion of the probationary period;

(b)  Termination of the enlisted Service member's enlistment or period of obligated service; or

(c)  Decision of the separation authority that the goal of rehabilitation has been achieved.

### b.  Action During the Period of Suspension.

(1)  During the period of suspension, if there are further grounds for separation under Section 3, one or more of these actions may be taken:

(a)  Disciplinary action;

(b)  New administrative action; or

(c)  Cancellation of the suspension accompanied by execution of the separation if the enlisted Service member:

1.  Engages in conduct similar to that for which separation was approved, but suspended; or

2.  Otherwise fails to meet appropriate standards of conduct and duty performance.

(2)  Before cancellation of a suspension, the enlisted Service member will be notified in writing of the basis for the action and will be afforded the opportunity to consult with counsel, as provided in Paragraph 5.2.a.(6), and to submit a statement in writing to the separation authority.

(a)  The respondent will be provided a reasonable period, not less than 2 working days, to act on the notice.

(b)  If the respondent identifies specific legal issues for consideration by the separation authority, the matter will be reviewed by a judge advocate or civilian lawyer employed by the U.S. Government before final action by the separation authority.

## 4.3.  SERVICE CHARACTERIZATION OR SEPARATION DESCRIPTION.

### a.  Types of Service Characterization or Separation Description.

(1)  At separation, these types of service characterization or separation description are authorized under this instruction:

(a)  Separation with service characterization as honorable, general (under honorable conditions), or under other than honorable conditions.

(b)  Entry-level separation.

(c)  Order of release from Service custody and control by reason of void enlistment or induction.

(d)  Separation by being dropped from the Service rolls.

(2)  Any of these types of separation may be used in appropriate circumstances unless a limitation is described in this section or in Section 3, which explains reasons for separation.

### b.  Characterization of Service.

#### (1)  General Considerations.

(a)  Characterization at separation will be based upon the quality of the enlisted Service member's service, including the reason for separation and guidance in Paragraph 4.3.b.(2), subject to the limitations under various reasons for separation described in Section 3. The quality of service will be determined in accordance with standards of acceptable personal conduct and performance of duty for Service members.  These standards are found in the Manual for Courts-Martial directives and regulations issued by the DoD and the Military Departments, and the time-honored customs and traditions of military service.

(b)  The quality of service of an enlisted Service member on active duty or active duty for training is adversely affected by conduct that is of a nature to bring discredit on the Military

Services or is prejudicial to good order and discipline, regardless of whether jurisdiction under Chapter 47 of Title 10, U.S.C., (also known and referred to in this instruction as the "Uniform Code of Military Justice (UCMJ)") is exercised. Characterization may be based on conduct in the civilian community, and the burden is on the respondent to demonstrate that such conduct did not adversely affect the respondent's service.

(c)  The reasons for separation, including the specific circumstances that form the basis for the separation, will be considered on the issue of characterization. In general, characterization will be based on a pattern of behavior rather than an isolated incident. However, there are circumstances in which the conduct or performance of duty reflected by a single incident provides the basis for characterization.

(d)  Due consideration will be given to the enlisted Service member's age, length of service, grade, aptitude, physical and mental condition, and the standards of acceptable conduct and performance of duty.

(2)  Types of Characterization.

(a)  Honorable.

The honorable characterization is appropriate when the quality of the enlisted Service member's service generally has met the standards of acceptable conduct and performance of duty for Service members or is otherwise so meritorious that any other characterization would be clearly inappropriate.

(b)  General (Under Honorable Conditions).

If an enlisted Service member's service has been honest and faithful, it is appropriate to characterize that service as general (under honorable conditions). Characterization of service as general (under honorable conditions) is warranted when the positive aspects of the enlisted Service member's conduct or performance of duty outweigh negative aspects of the enlisted Service member's conduct or performance of duty as documented in their service record.

(c)  Under Other Than Honorable Conditions.

1.  This characterization may be issued:

a.  When the reason for separation is based on a pattern of behavior that constitutes a significant departure from the conduct expected of enlisted Service members.

b.  When the reason for separation is based on one or more acts or omissions that constitute a significant departure from the conduct expected of enlisted Service members. Examples of factors that may be considered include the use of force or violence to produce serious bodily injury or death; abuse of a special position of trust; disregard by a superior of customary superior-subordinate relationships; acts or omissions that endanger U.S. security or the health and welfare of other Service members; and deliberate acts or omissions that seriously endanger the health and safety of other persons.

2.  This characterization is authorized only if the enlisted Service member has been afforded the opportunity to request an administrative board action, except as provided in Paragraph 3.11. regarding separation in lieu of trial by court-martial.

### (3) Limitations on Characterization.

Except as otherwise provided in Paragraph 4.3., characterization will be determined solely by the enlisted Service member's military record during the current enlistment or period of service to which the separation pertains, plus any extensions to that period prescribed by law or regulation or effected with the consent of the enlisted Service member.

(a)  Previous service activities, including records of conviction by court-martial, records of absence without leave, or commission of other offenses for which punishment was not imposed will not be considered on the issue of characterization.  To the extent that such matters are considered on the issue of retention or separation in accordance with Paragraph 4.1.b., the record of proceedings may reflect express direction that such information will not be considered on the issue of characterization.

(b)  Pre-service activities may not be considered on the issue of characterization except:

1.  In a proceeding concerning fraudulent entry into military service in accordance with Paragraph 3.5.d.

2.  When evidence is found of pre-service misrepresentations about matters that would have precluded, postponed, or otherwise affected the enlisted Service member's eligibility for enlistment or induction.

(c)  The limitations in Paragraph 4.1.c. as to matters that may be considered on the issue of separation are applicable to matters that may be considered on the issue of characterization.

(d)  When the sole basis for separation is a serious offense that resulted in a conviction by a court-martial authorized to impose a punitive discharge, and a punitive discharge was not imposed, the enlisted Service member's service may not be characterized under other than honorable conditions unless such characterization is approved by the Secretary of the Military Department concerned.

(e)  Conduct in the civilian community of an enlisted Service member of a Reserve Component who is not on active duty or active duty for training may form the basis for characterization under other than honorable conditions only if such conduct directly affects the performance of the enlisted Service member's military duties.  Such conduct may form the basis of characterization as general (under honorable conditions) only if such conduct has an adverse impact on the overall effectiveness of the Military Service, including military morale and efficiency.

(f)  An enlisted Service member's voluntary submission to a DoD treatment and rehabilitation program and voluntarily disclosed evidence of previous personal drug use by the

enlisted Service member as part of a course of treatment in such a program may not be used against the enlisted Service member on the issue of characterization. This limitation does not apply to:

        1. The introduction of evidence for impeachment or rebuttal purposes in any proceeding in which the evidence of drug misuse (or lack of evidence) has been introduced first by the enlisted Service member.

        2. Taking action based on independently derived evidence, including evidence of continued drug misuse after initial entry into a treatment and rehabilitation program.

        (g) The results of mandatory urinalysis may be used on the issue of characterization except as provided in DoDI 1010.01.

**c. Uncharacterized Separation.**

    (1) Entry-Level Separation.

        (a) A separation will be described as an entry-level separation if separation processing is initiated while an enlisted Service member is in entry-level status, except when:

        1. Characterization as under other than honorable conditions is authorized under the reason for separation and is warranted by the circumstances of the case; or

        2. The Secretary of the Military Department concerned, on a case-by-case basis, determines that characterization of service as honorable is clearly warranted by the presence of unusual military duty. The characterization is authorized when the enlisted Service member is separated in accordance with Section 3 by reason of:

        a. Selected changes in service obligation in accordance with Paragraph 3.2.;

        b. Convenience of the U.S. Government in accordance with Paragraph 3.3.;

        c. Disability in accordance with Paragraph 3.4.;

        d. Secretarial plenary authority in accordance with Paragraph 3.14.; or

        e. An approved reason established by the Military Department concerned in accordance with Paragraph 3.15.

        (b) In time of mobilization or in other appropriate circumstances, the ASD(M&RA) may authorize the Secretary of the Military Department concerned to delegate the authority in Paragraph 4.3.c.(1)(a)2. (concerning the honorable characterization) to a general court-martial convening authority with respect to enlisted Service members serving in operational units.

    (2) Void Enlistments or Inductions.

    Under void enlistments or inductions, an enlisted Service member will not receive a discharge, characterization of service at separation, or an entry-level separation except when a

constructive enlistment arises and such action is required in accordance with Paragraph 4.3.c.(2)(c). If characterization or an entry-level separation is not required, the separation will be described as an order of release from Service custody or control.

    (a) An enlistment is void:

        <u>1</u>. If it was performed without the voluntary consent of a person who has the capacity to understand the significance of enlisting in the Military Services, including enlistment of a person who is intoxicated or insane at the time of enlistment, in accordance with Section 504 of Title 10, U.S.C.

        <u>2</u>. If the person is under 17 years of age, in accordance with Section 505 of Title 10, U.S.C.

        <u>3</u>. If the person is a deserter from another Military Service in accordance with Section 504 of Title 10, U.S.C.

    (b) Although an enlistment may be void at its inception, a constructive enlistment will arise in the case of a person serving with a Military Service who:

        <u>1</u>. Submitted voluntarily to military authority.

        <u>2</u>. Met the mental competency and minimum age qualifications of Sections 504 and 505 of Title 10, U.S.C., at the time of voluntary submission to military authority.

        <u>3</u>. Received military pay or allowances.

        <u>4</u>. Performed military duties.

    (c) If an enlistment that is void at its inception is followed by a constructive enlistment within the same term of service, characterization of service or description of separation will be in accordance with Paragraph 4.3.b. or 4.3.c.(1), as appropriate.

        <u>1</u>. If the enlistment was void by reason of desertion from another Military Service, the enlisted Service member will be separated by an order of release from the custody and control of the second Military Service regardless of any subsequent constructive enlistment.

        <u>2</u>. The occurrence of such a subsequent constructive enlistment does not preclude the Military Departments, in appropriate cases, from either retaining the enlisted Service member or separating the enlisted Service member in accordance with Paragraph 3.5., based on the circumstances that initiated the original void enlistment or upon any other basis for separation provided in this instruction.

    (3) Dropping from the Rolls.

    An enlisted Service member may be dropped from the Service rolls when such action is authorized by the Military Department concerned and a characterization of service or other description of separation is not authorized or warranted.

*DoDI 1332.14, August 1, 2024*

# SECTION 5: PROCEDURES FOR SEPARATION

## 5.1. SCOPE.

a. The supplementary procedures in this section are applicable only when required under a specific reason for separation as described in Section 3.

b. When an enlisted Service member is processed based on multiple reasons for separation these guidelines apply to procedural requirements, including procedural limitations on service characterization or separation description.

(1) The requirements for each reason will be applied to the extent practicable.

(2) If a reason for separation in the notice of proposed action requires processing using the administrative board procedure, the entire matter will be processed in accordance with Paragraph 5.3.

(3) If more than one reason for separation is approved, the guidance on characterization that provides the greatest latitude will apply.

(4) When there is any other clear conflict between a specific requirement applicable to one reason and a general requirement applicable to another reason, the specific requirement will be applied.

(5) If a conflict in separation procedures cannot be resolved by applying the guidance in Paragraphs 5.1.b.(1) through 5.1.b.(4), the procedure deemed by the separation authority to be most favorable to the respondent will be used.

## 5.2. NOTIFICATION PROCEDURES.

### a. Notice.

If the notification procedure is initiated in accordance with Section 3, the person will be notified of the proposed separation and the reasons for it. If the reasons include classified information, unclassified summaries may be used; however, any summaries derived from classified information will be consistent with U.S. national security interests and other applicable law. The individual will be notified in writing of:

(1) The basis of the proposed separation, including the circumstances upon which the separation is based and a reference to this instruction and any applicable provisions of the appropriate Military Department's or the U.S. Coast Guard's implementing regulation.

(2) Whether the proposed separation could result in discharge, release from active duty to a Reserve Component, transfer from the Selected Reserve to the IRR, release from Service custody or control, or other form of separation.

(3)  The least favorable characterization of service or description of separation authorized for the proposed separation.

(4)  If appropriate, notice of administrative separation from military service based on unfavorable ESP results in accordance with DTM-19-008.  Notice in writing must include the required language in Figure 1.

(5)  The right to obtain copies of documents that will be forwarded to the separation authority supporting the basis of the proposed separation.  Classified information in such documents may be provided to the individual in unclassified summarized format in accordance with the classification requirements in Paragraph 5.2.a.

(6)  The respondent's right to submit statements.

(7)  The respondent's right to consult with counsel qualified pursuant to Article 27(b) of the UCMJ.  Non-lawyer counsel may be appointed when the respondent is deployed aboard a vessel or in similar circumstances of distance from sufficient judge advocate resources as determined under standards and procedures specified by the Secretary of the Military Department concerned.  The respondent may also consult with civilian counsel retained at their own expense.

(8)  If the respondent has 6 or more years of total active and reserve military service, the right to request an administrative board action in accordance with Paragraph 5.3.

(9)  The right to waive the rights in Paragraphs 5.2.a.(5) through 5.2.a.(8) after being afforded a reasonable opportunity to consult with counsel and advised that failure to respond will constitute a waiver of the right.

(10)  The requirement to complete all components of the Transition Assistance Program in accordance with DoDI 1332.35.

**b.  Additional Notice Requirements.**

(1)  If separation processing is initiated based on more than one reason in accordance with Section 3, the requirements of Paragraph 5.2.a.(1) apply to all proposed reasons for separation.

(2)  If the respondent is in civil confinement, absent without leave, or in a Reserve Component not on active duty, the relevant notification procedures in Paragraphs 5.4., 5.5., or 5.6. apply.

(3)  Additional notification requirements in Paragraphs 3.3. and 3.4. apply when:

(a)  Characterization of service as general (under honorable conditions) is authorized.

(b)  The enlisted Service member is processed for separation by reason of U.S. Government convenience or disability.

**c. Response.**

The respondent will be provided a reasonable period, but not less than 2 working days, to act on the notice. An extension may be granted upon a timely showing of good cause by the respondent. The decision of the respondent on each of the rights described in Paragraphs 5.2.a.(5) through 5.2.a.(9), and applicable provisions referenced in Paragraph 5.2., will be recorded and signed by the respondent and counsel, subject to the following limitations:

(1) If notice by other than personal means is authorized in accordance with Paragraphs 5.4., 5.5., or 5.6., and the respondent fails to acknowledge receipt or submit a timely reply, that fact will constitute a waiver of rights and will be documented.

(2) If the respondent declines to respond as to the selection of rights, such declination will constitute a waiver of rights and will be documented. If the respondent indicates that one or more of the rights will be exercised, the selection of rights will be documented.

**d. Separation Authority.**

(1) The separation authority for actions initiated under the notification procedures will be a special court-martial convening authority or higher authority.

(a) Subject to approval by the ASD(M&RA), the Secretary of the Military Department concerned may authorize the following persons to act as a separation authority for a specified reason for separation:

1. A commanding officer in grade O-5 or above; or

2. A commanding officer in the grade of O-4 who:

a. Is on an approved list for promotion to O-5 and is assigned to command a unit that is authorized a commanding officer in the grade of O-5 or above.

b. Has a judge advocate or other legal advisor available to the command.

(b) If the case was initiated under the administrative board procedures and the respondent waived the right to a hearing in accordance with Paragraph 5.3.d., the separation authority will be an official designated in accordance with Paragraph 5.3.f.

(2) The action of the separation authority will be recorded.

(3) The separation authority will determine whether there is sufficient evidence to verify the allegations in the notification of the basis for separation. If an allegation is not supported by a preponderance of the evidence, it may not be used as a basis for separation.

(4) If there is a sufficient factual basis for separation, the separation authority will determine whether separation is warranted following the guidance in Paragraphs 4.1. and 4.2. Based on that guidance, the separation authority directs:

(a)  Retention;

(b)  Separation for a specific reason in accordance with Section 3; or

(c)  Suspended separation in accordance with the guidance in Paragraph 5.2.d.

(5)  If the separation authority directs separation or suspended separation based on more than one reason in accordance with Section 3, the separation authority will designate the most appropriate basis as the primary reason for reporting purposes.

(6)  If separation or a suspended separation is directed, the separation authority will assign a service characterization or separation description in accordance with Paragraph 4.3.

(7)  Except when service characterization under other than honorable conditions is directed or the enlisted Service member is separated based on a void enlistment or induction, the Secretary of the Military Department concerned may authorize the separation authority or higher authority to make a recommendation or determination as to whether the respondent should be retained in the Ready Reserve as a mobilization asset to fulfill their total military service obligation.  This option applies in cases involving separation from active duty or from the Selected Reserve.  Paragraph 5.5. is applicable if such action is approved.


## 5.3.  ADMINISTRATIVE BOARD PROCEDURES.

### a.  Notice.

If an administrative board is required, the respondent will be notified in writing of:

(1)  The basis of the proposed separation, including the circumstances upon which the action is based and reference to the applicable provisions of the Military Department's implementing regulation.

(2)  Whether the proposed separation could result in discharge, release from active duty to a Reserve Component, transfer from the Selected Reserve to the IRR, release from Service custody or control, or other form of separation.

(3)  The least favorable service characterization or separation description authorized for the proposed separation.

(4)  The respondent's right to consult with counsel as prescribed in Paragraph 5.2.a.(6). A non-lawyer counsel may not represent a respondent before an administrative board unless:

(a)  The respondent expressly declines appointment of counsel qualified pursuant to Article 27(b) of the UCMJ and requests a specific non-lawyer counsel; or

(b)  The separation authority assigns non-lawyer counsel as assistant counsel.

(5)  The right to obtain copies of documents that will be forwarded to the separation authority supporting the basis of the proposed separation.  Classified information in such

documents may be provided to the individual in unclassified summarized format. However, any summaries derived from classified information provided to the individual will be consistent with U.S. national security interests and other applicable law.

(6)  The respondent's right to request a hearing before an administrative board.

(7)  The respondent's right to present written statements instead of board proceedings.

(8)  The respondent's right to representation at the administrative board either by:

(a)  Military counsel appointed by the convening authority; or

(b)  Military counsel of the respondent's own choice, if counsel of choice is determined to be reasonably available under regulations of the Military Department concerned.

(9)  The right to representation at the administrative board by civilian counsel at the respondent's own expense.

(10)  The right to waive the rights in Paragraphs 5.3.a.(4) through 5.3.a.(9).

(11)  That failure to respond after being afforded a reasonable opportunity to consult with counsel constitutes a waiver of the rights in Paragraphs 5.3.a.(4) through 5.3.a.(9).

(12)  That failure to appear without good cause at a hearing constitutes waiver of the right to be present at the hearing.

**b.  Additional Notice Requirements.**

(1)  If separation processing is initiated based on more than one reason in Section 3, the requirements of Paragraph 5.3.a.(1) apply to all proposed reasons for separation.

(2)  If the respondent is in civil confinement, absent without leave, or in a Reserve Component not on active duty, the relevant notification procedures in Paragraphs 5.4., 5.5., or 5.6. apply.

(3)  Additional notification requirements in Paragraphs 3.3. and 3.4. apply when service characterization as general (under honorable conditions) is authorized and the enlisted Service member is processed for separation by reason of convenience of the U.S. Government or disability.

**c.  Response.**

The respondent will be provided a reasonable period, but not less than 2 working days, to act on the notice. An extension may be granted upon a timely showing of good cause by the respondent. The decision of the respondent on each of the rights in Paragraphs 5.3.a.(4) through 5.3.a.(9), and applicable provisions referenced in Paragraph 5.2., will be recorded and signed by the respondent and counsel, subject to these limitations:

(1)  If notice by other than personal means is authorized in accordance with Paragraphs 5.4., 5.5., or 5.6. and the respondent fails to acknowledge receipt or submit a timely reply, that fact will constitute a waiver of rights and will be documented.

(2)  If the respondent declines to respond as to the selection of rights, such declination will constitute a waiver of rights and will be documented.  If the respondent indicates that one or more of the rights will be exercised, the selection of rights will be documented.

**d.  Waiver.**

(1)  If the right to a hearing before an administrative board is waived, the case will be processed in accordance with Paragraph 5.2.d. regarding notification procedures.  The separation authority in such cases will be an official designated in accordance with Paragraph 5.3.f.

(2)  When authorized by the Secretary of the Military Department concerned, a respondent entitled to an administrative board hearing may exercise a conditional waiver after a reasonable opportunity to consult with counsel, in accordance with Paragraph 5.3.a.(4).

**e.  Hearing Procedures.**

If a respondent requests a hearing before an administrative board, these procedures are applicable:

**(1)  Composition.**

(a)  The convening authority will appoint to the administrative board at least three experienced commissioned, warrant, or noncommissioned officers.

  <u>1</u>.  Enlisted personnel appointed to the board will be in grade E-7 or above and will be senior to the respondent.  At least one member of the board will be serving in the grade of O-4 or higher, and a majority will be commissioned or warrant officers.  The senior member will be the president of the board.

  <u>2</u>.  The convening authority may also appoint a non-voting recorder to the board.

  <u>3</u>.  A non-voting legal advisor may be appointed to assist the board if authorized by the Secretary of the Military Department concerned.

(b)  If the respondent is an enlisted member of a Reserve Component, the board will include at least one Reserve officer as a voting member.  Additionally, all board members will be commissioned officers if an "under other than honorable conditions" service characterization from the Reserve Component is authorized to be issued.  Voting board members will be senior to the respondent's Reserve grade.

(c)  The convening authority will ensure that the opportunity to serve on administrative boards is given to a demographically diverse representation of Service members.  However, the mere appointment or failure to appoint a member of any particular demographic group to the board does not provide a basis for challenging the proceeding.

(d) The respondent may challenge a voting member of the board or the legal advisor, if any, for cause only.

(2) Presiding Officer.

The presiding officer will preside and rule finally on all matters of procedure and evidence, but their rulings may be overruled by a majority of the board. If appointed, the legal advisor will rule finally on all matters of evidence and challenges except their own challenges.

(3) Witnesses.

(a) The respondent may request the attendance of witnesses in accordance with the implementing instructions of the Military Department concerned.

(b) In accordance with such instructions, the respondent may submit a written request for temporary duty or invitational travel orders for witnesses. Such a request will contain:

1. A synopsis of the testimony that the witness is expected to give.

2. An explanation of the relevance of such testimony to the issues of service characterization or separation description.

3. An explanation as to why written or recorded testimony would not be sufficient to provide for a fair determination of the issues of service characterization or separation description.

(c) The convening authority may authorize expenditure of funds for production of witnesses only if the presiding officer (after consultation with a judge advocate) or the legal advisor, if appointed, determines that:

1. The testimony of a witness is not cumulative.

2. The personal appearance of the witness is essential to a fair determination on the issues of service characterization or separation description.

3. Written or recorded testimony will not adequately accomplish the same objective.

4. The need for live testimony is substantial, material, and necessary for a proper disposition of the case.

5. The significance of the personal appearance of the witness, when balanced against the practical difficulties in producing the witness, favors production of the witness. Factors to be considered in relation to the balancing test include, but are not limited to:

a. The cost of producing the witness;

b. The timing of the request for production of the witness;

       c. The potential delay in the proceeding that may be caused by producing the witness; or

       d. The likelihood of significant interference with military operational deployment, mission accomplishment, or essential training.

    (d) If the convening authority determines that the personal testimony of a witness is required, the hearing will be postponed or continued if necessary to permit the attendance of the witness.

    (e) The hearing will be continued or postponed to provide the respondent with a reasonable opportunity to obtain a written statement from the witness if a witness requested by the respondent is unavailable:

       1. When the presiding officer or the legal officer, if appointed, determines that the personal testimony of the witness is not required.

       2. When the commanding officer of a military witness determines that military necessity precludes the witness' attendance at the hearing.

       3. When a civilian witness declines to attend the hearing.

    (f) Paragraph 5.3.e.(3) does not authorize a Federal employee to decline to appear as a witness if directed to do so in accordance with applicable procedures of the employing agency.

    (4) Record of Proceedings.

    (a) In cases where the board recommends separation, the record of the proceedings will be kept in summarized form unless a verbatim record is required by the Secretary of the Military Department concerned.

    (b) In cases where the board recommends retention, a record of the proceedings is optional unless required by the Secretary of the Military Department concerned. However, a summarized or verbatim record will be prepared in any case where the board recommends retention, and the separation authority elects to forward the matter to the Secretary of the Military Department concerned in accordance with Paragraph 5.3.f.(4)(b)2.

    (c) The board reporter will retain all materials necessary to prepare a transcript should the separation authority elect to forward the case to the Secretary of the Military Department concerned.

    (d) In all cases, the findings and recommendations of the board will be in verbatim form.

(5)  Presentation of Evidence.

The rules of evidence for courts-martial and other judicial proceedings are not applicable before an administrative board.  However, reasonable restrictions will be observed concerning relevancy and competency of evidence.

(6)  Rights of the Respondent.

(a)  The respondent may testify in their own behalf, subject to Article 31(a) of the UCMJ.

(b)  At any time during the proceedings, the respondent or counsel may submit written or recorded matter for consideration by the board.

(c)  The respondent or counsel may call witnesses in their behalf.

(d)  The respondent or counsel may question any witness who appears before the board.

(e)  The respondent or counsel may present argument before the board convening in closed session for deliberation on findings and recommendations.

(7)  Findings and Recommendations.

(a)  The board will determine its findings and recommendations in closed sessions. Only voting members of the board will be present.

(b)  The board will determine whether each allegation in the notice of proposed separation is supported by a preponderance of the evidence.  If more than one reason was contained in the notice, there will be a separate determination for each reason.

(c)  The board will make recommendations on:

1.  Retention or separation in accordance with the guidance in Paragraph 4.1.

2.  Suspension of separation.  If the board recommends separation, it may recommend that the separation be suspended in accordance with Paragraph 4.2., but the recommendation of the board as to suspension is not binding on the separation authority.

3.  Service characterization or separation description.  If separation or suspended separation is recommended, the board will recommend a service characterization or separation description as authorized in Section 3 in accordance with the guidance in Paragraph 4.3.

4.  Transfer to the Ready Reserve.  Except when the board has recommended service characterization under other than honorable conditions, the Secretary of the Military Department concerned may authorize the board to make a recommendation as to whether the respondent should be retained in the Ready Reserve as a mobilization asset to fulfill their total

military service obligation. This option applies to cases involving separation from active duty or from the Selected Reserve. Paragraph 5.5. is applicable if the action is approved.

**f. Separation Authority.**

(1) The separation authority for actions initiated under the administrative board procedure will be a general court-martial convening authority or higher authority. The Secretary of the Military Department concerned may also authorize a commanding officer in grade O-7 or above with a judge advocate or other legal advisor available to their command to act as a separation authority in specified circumstances.

(a) When an administrative board recommends service characterization as honorable or general (under honorable conditions), the separation authority may be exercised by an officer designated in accordance with Paragraph 5.2.d.

(b) When the case has been initiated under the notification procedures and the hearing is a result of a request in accordance with Paragraph 5.2.a.(7), the separation authority will be as designated in Paragraph 5.2.d.

(2) In every case in which service characterization under other than honorable conditions is recommended, the record of the board's proceedings will be reviewed by a judge advocate or civilian attorney employed by the Military Department concerned before action by the separation authority. Such review is not required when another characterization is recommended unless the respondent identifies specific legal issues for consideration by the separation authority.

(3) The respondent will be provided a copy of the board's findings and recommendations.

(4) The separation authority will act in accordance with this paragraph, the requirements in Section 3 with respect to the reason for separation, and the guidance in Section 4 on separation and characterization.

(a) If the separation authority approves the recommendations of the board on the issue of service characterization, separation description, or both, this constitutes approval of the board's findings and recommendations in accordance with Paragraph 5.3.e.(7) unless the separation authority expressly modifies such findings or recommendations.

(b) If the board recommends retention, the separation authority may:

<u>1</u>. Approve the recommendation; or

<u>2</u>. Forward the matter to the Secretary of the Military Department concerned with a recommendation for separation based upon the circumstances of the case. In such a case, the Secretary concerned may direct retention or separation. If they approve separation, the service characterization or separation description will be honorable, general (under honorable conditions), or an entry-level separation in accordance with the guidance in Paragraph 4.3.

(c)  If the board recommends separation, the separation authority may take one of these actions:

1.  Approve the board's recommendations.

2.  Approve the board's recommendations, but modify the recommendations by, when appropriate:

a.  Approving the separation, but suspending execution as provided in Paragraph 4.2.;

b.  Changing the service characterization or separation description to a more favorable characterization or description; or

c.  Changing the board's recommendation, if any, concerning transfer to the IRR.

3.  Disapprove the board's recommendations and retain the respondent.

4.  Approve the board's findings and recommendations in whole or in part with respect to more than one reason in accordance with Section 3, designating the most appropriate basis as the primary reason for reporting purposes.

5.  Refer the case to a new board if the separation authority finds legal prejudice to a substantial right of the respondent or determines that the findings of the board have been obtained by fraud or collusion.

a.  No member of the new board will have served on a previous board that considered the case.

b.  The separation authority may not approve findings and recommendations less favorable to the respondent than those rendered by the previous board unless the separation authority finds that fraud or collusion in the previous board is attributable to the respondent or an individual acting on the respondent's behalf.

## 5.4.  ADDITIONAL PROVISIONS CONCERNING ENLISTED SERVICE MEMBERS CONFINED BY CIVIL AUTHORITIES.

a.  If proceedings in this section have been initiated against a respondent confined by civil authorities, the case may be processed in the absence of the respondent.  Paragraph 5.3.a. is not applicable except in so far as such rights can be exercised by counsel on behalf of the respondent.

b.  The following requirements apply:

(1)  The notice will contain the matter described in Paragraphs 5.2.a. or 5.3.a. regarding notice in the notification procedures or administrative board procedures, as appropriate.

(a)  The notice will be delivered personally to the respondent or sent by registered or certified mail, return receipt requested, or by an equivalent form of formal notice as prescribed in regulation by the Secretary of the Military Department concerned.

(b)  The enlisted Service member's contact, acknowledgement, or failure to acknowledge receipt will be formally documented in their military record as prescribed in the appropriate Military Department regulation.

(2)  If delivered personally, receipt will be acknowledged in writing by the respondent.  If the respondent does not acknowledge receipt, the notice will be re-sent by registered or certified mail and failure to acknowledge receipt documented in accordance with Paragraph 5.4.b.(1)(b).

(3)  The notice will state that the action has been suspended until a specific date (not less than 30 days from the date of delivery) to give the respondent the opportunity to exercise the rights in the notice.  If the respondent does not reply by that date, the separation authority will take appropriate action in accordance with Paragraph 5.2.d.

(4)  The name and address of the military counsel appointed for consultation will be specified in the notice.

(5)  If the case involves entitlement to an administrative board, the respondent will be notified that the board will proceed in the respondent's absence and that the case may be presented on the respondent's behalf by counsel for the respondent.

## 5.5.  ADDITIONAL REQUIREMENTS FOR CERTAIN ENLISTED SERVICE MEMBERS OF RESERVE COMPONENTS.

### a.  Enlisted Service members of Reserve Components not on Active Duty.

(1)  If proceedings have been initiated against an enlisted Service member of a Reserve Component not on active duty, the case may be processed in the absence of the enlisted Service member in these circumstances:

(a)  At the request of the enlisted Service member;

(b)  If the enlisted Service member does not respond to the notice of proceedings on or before the suspense date provided in the notice; or

(c)  If the enlisted Service member fails to appear at a hearing as provided in Paragraph 5.3.a.(12).

(2)  The notice will contain the matters described in Paragraphs 5.2.a. or 5.3.a., as appropriate.

(3)  If the action involves a transfer to the IRR under circumstances in which the procedures in this section are applicable, the procedures in Paragraph 5.5.b. will be followed.

*DoDI 1332.14, August 1, 2024*

**b. Transfer to the IRR.**

Upon transfer to the IRR, the enlisted Service member will be notified of:

(1)  The service characterization upon transfer from active duty or the Selected Reserve to the IRR, and that the service characterization upon completion of the military service obligation will be the same unless specified conditions established by the Secretary of the Military Department concerned are met.

(2)  The date upon which the military service obligation will expire.

(3)  The date by which the enlisted Service member must submit evidence of satisfactory completion of the specified conditions.

**c. Notification of Administrative Board.**

If the enlisted Service member submits evidence of completion of the specified conditions but the Military Department proposes to issue a discharge other than an honorable discharge, the notification procedure will be used.  An administrative board is not required at this point, notwithstanding the enlisted Service member's years of service.

**d. Service Expiration.**

If the enlisted Service member does not submit such information on or before the date specified in the notice, no further proceedings are required.  The character of discharge at the completion of the military service obligation will be the same as the service characterization upon transfer from active duty or the Selected Reserve to the IRR.

**e. Notice to Member.**

These requirements apply to the notices required by Paragraphs 5.2.a. or 5.3.a.:

(1)  Reasonable effort should be made to furnish copies of the notice to the enlisted Service member through personal contact by a representative of the command.  In such a case, a written acknowledgment of the notice will be obtained.

(2)  If the enlisted Service member cannot be contacted or refuses to acknowledge receipt of the notice, the notice will be sent by registered or certified mail, return receipt requested, or by an equivalent form of formal notice, to the most recent address furnished by the enlisted Service member as an address for receipt or forwarding of official mail, as prescribed in regulation by the Secretary of the Military Department concerned.  The enlisted Service member's contact, acknowledgement, or failure to acknowledge receipt will be formally documented in their military record as prescribed in regulation by the Secretary of the Military Department concerned.

*DoDI 1332.14, August 1, 2024*

## 5.6.  ADDITIONAL REQUIREMENTS FOR ENLISTED SERVICE MEMBERS BEYOND MILITARY CONTROL BY REASON OF UNAUTHORIZED ABSENCE.

### a.  Determination of Applicability.

If the general court-martial convening authority or higher authority determines that separation is otherwise appropriate in accordance with this instruction, an enlisted Service member may be separated without return to military control in one or more of these circumstances:

(1)  Absence without authority after being sent notice of initiation of separation processing.

(2)  When prosecution of an enlisted Service member who is absent without authority appears to be barred by the statute of limitations in accordance with Section 843 of Title 10, U.S.C.

(3)  When an enlisted Service member who is an alien is absent without leave and appears to have gone to a foreign country where the United States has no authority to apprehend the enlisted Service member under a treaty or other agreement.

### b.  Notice.

Before execution of the separation in accordance with Paragraphs 5.6.a.(1), 5.6.a.(2), or 5.6.a.(3), the enlisted Service member will be notified of the imminent action by registered or certified mail (return receipt requested) or by an equivalent form of formal notice to the most recent address furnished by the Service member or to the next of kin under the appropriate Military Department regulations.  An individual's contact acknowledgement, or failure to acknowledge receipt, is formally documented in their military record as prescribed in their Military Department's regulations.

(1)  The notice will contain the matters described in Paragraphs 5.2.a. or 5.3.a., as appropriate, and will specify that the action has been suspended until a specific date (not less than 30 days) in order to give the respondent the opportunity to return to military control.

(2)  If the respondent does not return to military control by that date, the separation authority will take appropriate action in accordance with Paragraph 5.2.d.

### c.  Separation Limitations for Reserve Component Enlisted Service Members.

See Section 12685 of Title 10, U.S.C., for guidance on separation limitations for Reserve Component enlisted Service members.

## 5.7. ADDITIONAL REQUIREMENTS FOR ADMINISTRATIVE SEPARATION PROCESSING TIMELINES.

a. The Secretaries of the Military Departments will establish a timeline designed to facilitate the efficient separation of enlisted Service members from their Military Service that is measured from the date of notification to the date of separation.

(1) Processing goals should not exceed 15 working days for the notification procedure described in Paragraph 5.2., and 50 working days for the administrative board procedure described in Paragraph 5.3.

(2) While goals of shorter processing times are encouraged, variations may be established for complex cases or cases in which the separation authority is not located on the same facility as the respondent.

(3) Separation processing timeline goals, and the procedures for monitoring effectiveness, will be established in the Military Departments' implementing documents.

b. Failure to process an administrative separation within the prescribed goals will not create a bar to separation or affect characterization.

## 5.8. ADDITIONAL REQUIREMENTS FOR INFORMING ENLISTED SERVICE MEMBERS ABOUT SEPARATION POLICY.

a. The Secretaries of the Military Departments will prescribe procedures for periodically informing enlisted Service members about separation policy. This includes:

(1) Information on the types of separations and the basis for their issuance.

(2) The possible effects of various actions upon reenlistment, civilian employment, veterans' benefits, and related matters concerning denial of certain benefits to enlisted Service members who fail to complete at least 2 years of an original enlistment.

(3) The purpose and authority of the Discharge Review Board and the Board for Correction of Military and Naval Records established pursuant to Sections 1552 and 1553 of Title 10, U.S.C., DoDD 1332.41, DoDI 1332.28, and Part 70 of Title 32, Code of Federal Regulations.

b. The Military Departments will, at a minimum, inform enlisted Service members each time certain provisions of the UCMJ are explained in accordance with Section 937 of Title 10, U.S.C. The required information may be provided in the form of a written fact sheet or similar document.

c. Explaining the effects of the various types of separations to enlisted Service members is a command responsibility of the Military Departments, not a procedural entitlement. However, failure on the part of an enlisted Service member to read or to understand such separation information will not create a bar to separation or affect service characterization.

*DoDI 1332.14, August 1, 2024*

**5.9.  ADDITIONAL REQUIREMENTS FOR PRE-SEPARATION HEALTH ASSESSMENTS.**

a.  The Secretary of the Military Department concerned prescribes procedures to ensure compliance with statutory requirements in accordance with Sections 1145 and 1177 of Title 10, U.S.C., to conduct a health assessment sufficient to evaluate the health of enlisted Service members at the time of separation.  This assessment should determine any existing medical condition incurred during active-duty service, provide baseline information for future care, complete an enlisted Service member's military medical record, and provide a final opportunity before separation to document any health concerns, exposures, or risk factors associated with active-duty service.

(1)  To comply with Section 1177 of Title 10, U.S.C., an enlisted Service member must receive a medical examination to assess whether the effects of PTSD or traumatic brain injury (TBI) constitute matters in extenuation that relate to the basis for administrative separation if the member meets all the following criteria:

(a)  Is being administratively separated under a service characterization that is neither honorable nor general (under honorable conditions).

(b)  Was deployed overseas to a contingency operation or was sexually assaulted during the previous 24 months.

(c)  Is diagnosed by a physician, clinical psychologist, psychiatrist, licensed clinical social worker, or psychiatric advanced practice registered nurse as experiencing PTSD or TBI, or reasonably alleges the influence of PTSD or TBI based on deployed service to a contingency operation or a sexual assault during the previous 24 months.

(d)  Is not being separated pursuant to a sentence of a court-martial or other UCMJ proceeding.  Administrative separation in lieu of court-martial does not constitute a court-martial or other proceeding conducted pursuant to the UCMJ; therefore, compliance with Section 1177 of Title 10, U.S.C., is required.

(2)  To comply with Section 518 of Public Law 112-239, the medical examination required in Paragraph 5.9.a.(1) will be performed:

(a)  By a clinical psychologist, psychiatrist, licensed clinical social worker, or psychiatric advanced practice registered nurse for cases involving PTSD.

(b)  By a physician, clinical psychologist, psychiatrist, or other health-care professional as appropriate for cases involving TBI.

b.  An enlisted Service member receiving a medical examination in accordance with Paragraphs 5.9.a.(1) and 5.9.a.(2) will not be separated until the examination results have been reviewed by appropriate authorities responsible for evaluating, reviewing, and approving the separation case, as determined by the Secretary of the Military Department concerned.

## 5.10. ADDITIONAL COUNSELING REQUIRED FOR A DISCHARGE UNDER OTHER THAN HONORABLE CONDITIONS RESULTING FROM A CONTINUOUS, UNAUTHORIZED ABSENCE OF 180 DAYS OR MORE.

a. Specific counseling is required regarding Section 5303 of Title 38, U.S.C., which states that a discharge under other than honorable conditions resulting from a period of continuous, unauthorized absence of 180 days or more is a conditional bar to benefits administered by the Department of Veterans Affairs, notwithstanding any action by a Discharge Review Board.

b. Failure on the part of the enlisted Service member to read or to understand such explanation does not create a bar to separation or affect characterization.

## 5.11. ADDITIONAL REQUIREMENTS FOR INVOLUNTARY ADMINISTRATIVE SEPARATION OF ENLISTED SERVICE MEMBERS WHO MADE AN UNRESTRICTED REPORT OF SEXUAL ASSAULT.

An enlisted Service member who made an unrestricted report of sexual assault and who is recommended for involuntary separation from the Military Services within 1 year of final disposition of their sexual assault case may request a general officer or flag officer (GO/FO) review of the circumstances of and grounds for the involuntary separation. The notification process in Paragraph 5.2.a. must include notification of these requirements:

a. A qualified enlisted Service member must submit their written request to the first GO/FO in the separation authority's chain of command before the separation authority approves the member's final separation action.

b. Requests submitted after final separation action is complete will not be acted upon for GO/FO review. However, the separated enlisted Service member may apply to the appropriate Service Discharge Review Board or Board of Correction of Military and Naval Records for consideration.

c. A qualified enlisted Service member who submits a timely request may not be separated until the GO/FO conducting the review concurs with the circumstances of and the grounds for the involuntary separation.

## 5.12. ADDITIONAL REQUIREMENT TO PROCESS FOR ADMINISTRATIVE SEPARATION OF ENLISTED SERVICE MEMBERS CONVICTED OF CERTAIN SEXUAL OFFENSES.

An enlisted Service member whose conviction for rape, sexual assault, forcible sodomy, or an attempt to commit one of those offenses is final, and who is not punitively discharged in connection with such conviction, will be processed for administrative separation for misconduct in accordance with Paragraph 3.10.a.(3).

a. Any separation decision will be based on the full facts of the case, and due process will be provided to the enlisted Service member.

b.  The requirement in Paragraph 5.12.a. will not be interpreted to limit or alter the authority of the Secretary of the Military Department concerned to process enlisted Service members for administrative separation for other offenses or under other provisions of law.

## 5.13.  ADDITIONAL REQUIREMENT FOR MEMBERS RECEIVING AN OTHER THAN HONORABLE CHARACTERIZATION OF SERVICE.

a.  In accordance with Section 528 of Public Law 115-91, the Secretary of the Military Department concerned ensures that enlisted Service members being separated with anything other than an honorable discharge are informed, in writing, that they may petition the Veterans Benefits Administration of the Department of Veterans Affairs for certain benefits under the laws administered by the Secretary of Veterans Affairs, despite their service characterization.

b.  Notification is provided to the enlisted Service member in conjunction with the notification of the separation, or as soon thereafter as practical.

# SECTION 6: PROCEDURES FOR EARLY RELEASE OF ENLISTED SERVICE MEMBERS FOR COLLEGE, VOCATIONAL, OR TECHNICAL SCHOOL ENROLLMENT

## 6.1. SCOPE.

a. The Military Services may permit enlisted Service members to further their education at a college, university, vocational or technical school by approving a discharge or release from active service before expiration of obligated service.

b. The provisions of this section cover all enlisted Service members except for:

(1) Reservists ordered to active duty for training as provided in Section 12103 of Title 10, U.S.C., and reservists ordered to active duty due to unsatisfactory participation in reserve assignment, as provided in Section 12303 of Title 10, U.S.C.

(2) Aliens seeking to qualify for citizenship by completion of active-duty military service unless they are to be transferred to inactive duty in a Reserve Component, as provided in DoDI 5500.14.

## 6.2. PROCEDURES.

### a. General.

(1) Implementation of this section will apply to applicants who meet the criteria of Paragraph 6.2.b. and under these circumstances:

(a) Enlisted Service members, including aliens transferred to inactive duty in a Reserve Component as outlined in DoDI 5500.14, who would be unduly penalized in the pursuit of their education if required to remain in service until expiration of their term of enlistment or induction may be released early, subject to meeting all the criteria in Paragraph 6.2.b.

(b) Separation date will be at the convenience of the U.S. Government but will normally not be later than 10 days before the class starting date. In no event will the separation date be earlier than 30 days before such starting date.

(2) Before separation, enlisted Service members being separated in accordance with this instruction will be counseled in accordance with DoDI 1332.35.

(3) The Secretaries of the Military Departments may, in exceptional cases, approve applications not fully meeting the criteria established in Paragraph 6.2.b.

### b. Criteria.

If the provisions of this section are implemented by a Military Department, the following criteria should be used in making determinations governing the early release of enlisted Service members:

(1)  In general, enlisted Service members who will have a Reserve Component obligation upon separation will not be released under this program until they have completed a minimum of 21 months active duty on their current term of obligated service.

(2)  The individual's service is not critical to the mission of the assigned organization.

(3)  The latest acceptable class starting date is within the last 3 months of remaining service.

(4)  Applicants have done one of the following:

(a)  Furnished documentary evidence when applying for separation that they have been accepted for enrollment, commencing with a specific school term, in a full-time resident course of instruction at a recognized institution of higher education leading to an associate, baccalaureate, or higher degree.  A recognized institution is one that:

<u>1</u>.  Is listed in the Department of Education's "Education Directory for Post-secondary Education"; or

<u>2</u>.  Has been determined by the Department of Education to be eligible for such listing.

(b)  Presented documentary evidence when applying for separation that they have been accepted for enrollment, commencing with a specific school term, in a full-time resident course of instruction of no less than 3 months at a recognized vocational or technical school.  A recognized school is one that is approved by the cognizant State Board for Vocational Education or is accredited by a nationally recognized accrediting agency or association listed by the Department of Education.

(5)  The applicant has demonstrated their ability and willingness to make the required payment of an entrance fee, if any, if they have not already done so.

(6)  The applicant has clearly established that the specific school term for which they seek separation is academically the most opportune time to begin or resume education and that delay of enrollment until normal expiration of service would cause undue handicap.

# GLOSSARY

## G.1. ACRONYMS.

| ACRONYM | MEANING |
|---------|---------|
| ASD(M&RA) | Assistant Secretary of Defense for Manpower and Reserve Affairs |
| DEP | Delayed Entry Program |
| DoDD | DoD directive |
| DoDI | DoD instruction |
| DTM | directive-type memorandum |
| ESP | expedited screening protocol |
| GO/FO | general officer or flag officer |
| IRR | Individual Ready Reserve |
| PTSD | post-traumatic stress disorder |
| TBI | traumatic brain injury |
| UCMJ | Uniform Code of Military Justice |
| U.S.C. | United States Code |

## G.2. DEFINITIONS.

Unless otherwise noted, these terms and their definitions are for the purposes of this instruction.

| TERM | DEFINITION |
|------|------------|
| **alien** | Any person not a citizen or national of the United States. |
| **commander** | A commissioned or warrant officer who, by virtue of rank and assignment, exercises primary command authority over a military organization or prescribed territorial area that, under pertinent official directives, is recognized as a "command." |
| **conditional waiver** | A statement initiated by a respondent waiving the right to a board proceeding contingent upon receiving a service characterization or separation description higher than the least favorable characterization or description authorized for the basis of separation in the notice to the respondent. |

| TERM | DEFINITION |
|---|---|
| **convening authority** | The separation authority, or a commanding officer who has been authorized by the Secretary of the Military Department concerned to process a case, except for final action, and who otherwise has the qualifications to act as a separation authority. |
| **discharge** | Complete severance from all military status gained through enlistment or induction. |
| **domicile** | Legal residence. |
| **dropped from the Service rolls** | A type of release from military service that may be used to separate enlisted Service members who are away without official leave for 30 days or more and reported as a deserter; or enlisted Service members who are confined by civilian authorities for at least 6 months. |
| **enlisted Service member** | A Service member serving in an enlisted grade of E-1 through E-9. |
| **entry-level status** | Upon enlistment, a Service member qualifies for entry-level status during the first 365 days of continuous active military service; or the first 365 days of continuous active service after a service break of more than 92 days of active service. |
| | A Service member of a Reserve Component who is not on active duty or who is serving under a call or order to active duty for 365 days or less begins entry-level status upon enlistment in a Reserve Component. Entry-level status for such a Service member of a Reserve Component terminates: |
| | If the Service member is ordered to active duty for training for one continuous period of 180 days or more, 365 days after beginning training; or |
| | If the Service member is ordered to active duty for training under a program that splits the training into two or more separate periods of active duty, 180 days after the beginning of the second period of active-duty training. |
| | For the purposes of characterization of service or description of separation, the Service member's status is determined by the date of notification as to the initiation of separation proceedings. |
| **ESP** | Defined in DTM-19-008. |

*DoDI 1332.14, August 1, 2024*

| **T**ERM | **D**EFINITION |
|---|---|
| **military record** | An individual's overall performance while a Service member, including personal conduct and performance of duty. |
| **release from active duty** | Termination of active-duty status and transfer to a Reserve Component not on active duty, including transfer to the IRR. |
| **respondent** | An enlisted Service member who has been notified that action has been initiated to separate them from active-duty military service. |
| **separation** | A general term that includes discharge, release from active duty, release from Service custody and control, transfer to the IRR, and similar changes in active or Reserve status. |
| **separation authority** | An official authorized by the Secretary of the Military Department concerned to take final action with respect to a specified type of separation. |
| **Service member** | An enlisted, warrant officer, or commissioned officer. |
| **sexual assault** | Defined in Volume 1 of DoDI 6495.02 |
| **sexual offense** | Rape, sexual assault, forcible sodomy, or an attempt to commit one or more of these offenses. |

DoDI 1332.14, August 1, 2024

# REFERENCES

American Psychiatric Association's Committee on Nomenclature and Statistics, "Diagnostic and Statistical Manual of Mental Disorders," current edition

Code of Federal Regulations, Title 32

Directive-type Memorandum 19-008, "Expedited Screening Protocol (ESP)," July 31, 2019, as amended

DoD Directive 1332.41, "Boards for Correction of Military Records (BCMRs) and Discharge Review Boards (DRBs)," March 8, 2004, as amended

DoD Directive 1344.10, "Political Activities by Members of the Armed Forces," February 19, 2008

DoD Directive 5124.02, "Under Secretary of Defense for Personnel and Readiness (USD(P&R))," June 23, 2008

DoD Instruction 1010.01, "Military Personnel Drug Abuse Testing Program (MPDATP)," September 13, 2012, as amended

DoD Instruction 1215.13, "Ready Reserve Member Participation Policy," May 5, 2015

DoD Instruction 1300.04, "Inter-Service and Inter-Component Transfer of Service Members," July 25, 2017

DoD Instruction 1300.06, "Conscientious Objectors," July 12, 2017

DoD Instruction 1304.26, "Qualification Standards for Enlistment, Appointment, and Induction," March 23, 2015, as amended

DoD Instruction 1308.03, "DoD Physical Fitness/Body Composition Program," March 10, 2022

DoD Instruction 1315.15, "Separation Policies for Survivorship," May 19, 2017

DoD Instruction 1332.18, "Disability Evaluation System," November 10, 2022

DoD Instruction 1332.28, "Discharge Review Board (DRB) Procedures and Standards," April 4, 2004

DoD Instruction 1332.35, "Transition Assistance Program (TAP) for Military Personnel," September 26, 2019

DoD Instruction 1336.01, "Certificate of Uniformed Service (DD Form 214/5 Series)," February 17, 2022

DoD Instruction 5200.02, "DoD Personnel Security Program (PSP)," March 21, 2014, as amended

DoD Instruction 5500.14, "Naturalization of Aliens Serving in the Armed Forces of the United States and of Alien Spouses and/or Alien Adopted Children of Military and Civilian Personnel Ordered Overseas," January 4, 2006

DoD Instruction 6490.04, "Mental Health Evaluations of Members of the Military Services," March 4, 2013, as amended

DoD Instruction 6495.02, Volume 1, "Sexual Assault Prevention and Response: Program Procedures," March 28, 2013, as amended

DoD Instruction 7730.68, "Uniformed Services Human Resources Information System," September 1, 2023

Manual for Courts-Martial, United States, current edition

National Center for Education Statistics of the Department of Education, "Education Directory for Post-secondary Education," current edition[1]

Public Law 112-239, Section 518, "National Defense Authorization Act for Fiscal Year 2013," January 2, 2013

Public Law 115-91, Section 528, "National Defense Authorization Act for Fiscal Year 2018," December 12, 2017

United States Code, Title 10

United States Code, Title 38, Section 5303

---

[1] Available at https://nces.ed.gov/