# EXHIBIT B



# DoD Instruction 1332.30

# Commissioned Officer Administrative Separations

---

| | |
|---|---|
| **Originating Component:** | Office of the Under Secretary of Defense for Personnel and Readiness |
| **Effective:** | May 11, 2018 |
| **Change 3 Effective:** | September 9, 2021 |
| **Releasability:** | Cleared for public release. Available on the Directives Division Website at https://www.esd.whs.mil/DD/. |
| **Reissues and Cancels:** | DoD Instruction 1332.30, "Separation of Regular and Reserve Commissioned Officers," November 25, 2013 |
| **Approved by:** | Stephanie A. Barna, Performing the Duties of the Under Secretary of Defense for Personnel and Readiness |
| **Change 3 Approved by:** | Gilbert R. Cisneros, Jr., Under Secretary of Defense for Personnel and Readiness |

---

**Purpose:** In accordance with the authority in DoD Directive 5124.02, this issuance:

- Establishes policy, assigns responsibilities, and prescribes procedures governing administrative separation of Regular and Reserve commissioned officers.

- Implements Sections 572(a)(2) and 578 of Public Law 112-239.

- Implements Section 528 of Public Law 115-91.

*DoDI 1332.30, May 11, 2018*
*Change 3, September 9, 2021*

# TABLE OF CONTENTS

SECTION 1:  GENERAL ISSUANCE INFORMATION ........................................................................... 4
  1.1  Applicability. ................................................................................................................... 4
  1.2.  Policy. .............................................................................................................................. 4
  1.3.  Summary of Change 3. ..................................................................................................... 4
SECTION 2:  RESPONSIBILITIES ................................................................................................... 5
  2.1.  Assistant Secretary of Defense for Manpower and Reserve Affairs. ............................. 5
  2.2.  Secretaries of the Miltary Departments. ......................................................................... 5
  2.3.  Secretaries of the Army and Air Force. ........................................................................... 5
SECTION 3:  REASONS FOR SEPARATION ...................................................................................... 7
  3.1.  Substandard Performance of Duty. .................................................................................. 7
  3.2.  Acts of Misconduct or Moral or Professional Dereliction. ............................................ 7
  3.3.  Retention Not Clearly Consistent with National Security Interests. ............................... 7
  3.4.  Sentence by Court-Martial and Dropping from the Rolls (DFR). ................................... 8
    a.  Sentence by Court Martial. ........................................................................................ 8
    b.  DFR. ........................................................................................................................... 8
  3.5.  Multiple Reasons. ............................................................................................................ 9
  3.6.  Separation Review Requirements. ................................................................................... 9
SECTION 4:  PROCEDURES FOR NON-PROBATIONARY COMMISSIONED OFFICERS ......................... 10
  4.1.  Initiation of Action. ....................................................................................................... 10
  4.2.  Show-Cause Authority (SCA). ...................................................................................... 10
  4.3.  Board of Inquiry. ........................................................................................................... 10
  4.4.  Retirement or Discharge. ............................................................................................... 12
  4.5.  Application for Retirement or Discharge. ...................................................................... 13
  4.6.  Limitations. .................................................................................................................... 13
SECTION 5:  BOARD OF INQUIRY PROCEDURES .......................................................................... 14
  5.1.  Board Membership Challenges. ..................................................................................... 14
  5.2.  Legal Advisor. ............................................................................................................... 14
  5.3.  Recorder. ........................................................................................................................ 14
  5.4.  Rights of Respondent. .................................................................................................... 14
  5.5.  Board Determination. ..................................................................................................... 15
  5.6.  Report of Proceedings. ................................................................................................... 16
SECTION 6:  PROCEDURES FOR CERTAIN PROBATIONARY COMMISSIONED OFFICERS .................. 17
  6.1.  Initiation of Action. ....................................................................................................... 17
  6.2.  Processing. ..................................................................................................................... 17
SECTION 7:  CHARACTERIZATION OF SERVICE ........................................................................... 19
  7.1.  Discharge for Substandard Performance of Duty. ......................................................... 19
  7.2.  Discharge for Misconduct, Moral or Professional Dereliction, or in the Interest of
       National Security. ........................................................................................................... 19
  7.3.  Dropped from the Rolls. ................................................................................................ 19
  7.4.  Counseling on Rights and Benefits. ............................................................................... 19
SECTION 8:  REVIEW REQUIREMENTS FOR UNRESTRICTED REPORT OF SEXUAL ASSAULT ............ 20
  8.1.  Review. .......................................................................................................................... 20

8.2.  Processing. ............................................................................................................. 20

SECTION 9:  OTHER SEPARATION REVIEW REQUIREMENTS ........................................................ 21
  9.1.  Additional Requirements for Pre-Separation Health Assessments............................... 21
  9.2.  Mental Health Conditions and Circumstances.............................................................. 22

GLOSSARY ..................................................................................................................................... 24
  G.1.  Acronyms. ................................................................................................................... 24
  G.2.  Definitions.................................................................................................................... 24

REFERENCES .................................................................................................................................. 27

# SECTION 1: GENERAL ISSUANCE INFORMATION

## 1.1 APPLICABILITY.

a.  This issuance applies to OSD, the Military Departments, the Office of the Chairman of the Joint Chiefs of Staff and the Joint Staff, the Combatant Commands, the Office of Inspector General of the Department of Defense, the Defense Agencies, the DoD Field Activities, and all other organizational entities within the DoD.

b.  This issuance applies to commissioned officers as defined in the Glossary.  That definition does not include commissioned warrant officers or retired commissioned officers.

## 1.2. POLICY.

a.  DoD will:

(1)  Promote the readiness of the Military Services by maintaining high standards of conduct and performance.

(2)  Judge the suitability of persons for military service based on their conduct and their ability to meet required standards of duty, performance, and discipline.

(3)  Separate from military service those commissioned officers who will not or cannot:

(a)  Meet rigorous and necessary standards of duty, performance, and discipline.

(b)  Maintain those high standards of performance and conduct through appropriate actions that sustain the traditional concept of honorable military service.

(c)  Exercise the responsibility, fidelity, integrity, or competence required of them.

b.  Commissioned officers of the Army National Guard of the United States or the Air National Guard of the United States not on active duty, including officers released from active duty for cause and returned to the control of the State, are subject to withdrawal of Federal recognition in accordance with Section 323 of Title 32, United States Code (U.S.C.).

c.  Any commissioned officer convicted of an offense found in Article 120, Uniform Code of Military Justice (Section 920 of Title 10 U.S.C), who is not punitively discharged for such a conviction will be processed for administrative separation once the conviction is final, in accordance with Section 572(a)(2) of Public Law 112-239.

## 1.3. SUMMARY OF CHANGE 3.  The administrative change to this issuance removes separation language based on gender dysphoria pursuant to DoD Instruction 1300.28.

# SECTION 2: RESPONSIBILITIES

**2.1. ASSISTANT SECRETARY OF DEFENSE FOR MANPOWER AND RESERVE AFFAIRS.** Under the authority, direction, and control of the Under Secretary of Defense for Personnel and Readiness, the Assistant Secretary of Defense for Manpower and Reserve Affairs provides guidance for the administration of this issuance and interprets its provisions when requested to do so by representatives of the Military Departments or others outside the DoD.

**2.2. SECRETARIES OF THE MILTARY DEPARTMENTS.** The Secretaries of the Military Departments:

a. Administer Service commissioned officer separation programs consistent with Sections 1181 and 14902 of Title 10, U.S.C., and this issuance.

b. Prescribe regulations that:

(1) Are consistent with the policy and procedures established in this issuance.

(2) Comply with Section 572(a)(2) of Public Law 112-239.

(3) Comply with Section 578 of Public Law 112-239, as described in Section 8 of this issuance.

c. May discharge from military service officers on the Active Duty List (ADL) and the Reserve Active Status List (RASL) who have fewer than 6 years commissioned service when there is a need to reduce the number of officers in that Military Service to meet budgetary or force size requirements, in accordance with Sections 630(1)(A) and 14503(a)(1) of Title 10, U.S.C. When using this authority, the procedures in Section 7 for discharging probationary officers do not apply.

d. Submit recommendations for changes in this issuance to the Under Secretary of Defense for Personnel and Readiness.

**2.3. SECRETARIES OF THE ARMY AND AIR FORCE.** In addition to the responsibilities in Paragraph 2.2., the Secretaries of the Army and the Air Force will prescribe regulations implementing Section 323 of Title 32, U.S.C.

a. All officers considered for withdrawal of Federal recognition in accordance with Section 323 of Title 32, U.S.C., will receive an efficiency board review to determine general fitness of the officer for continued Federal recognition.

b. In accordance with Section 14907(b) of Title 10, U.S.C., an officer of the Army National Guard of the United States or the Air National Guard of the United States whose Federal recognition as an officer of the National Guard is withdrawn in accordance with Section 323(b)

*DoDI 1332.30, May 11, 2018*
*Change 3, September 9, 2021*

of Title 32, U.S.C., will be discharged from appointment as a Reserve officer of the Army or the Air Force, as applicable.

DoDI 1332.30, May 11, 2018
Change 3, September 9, 2021

# SECTION 3:  REASONS FOR SEPARATION

**3.1.  SUBSTANDARD PERFORMANCE OF DUTY.**  A commissioned officer may be separated from a Military Service, in accordance with regulations prescribed by the Secretary of the Military Department concerned, when found to be substandard in:

    a.  Performance of duty, including leadership.

    b.  Efficiency.

    c.  Response to training in the officer's assigned specialty.

    d.  Attitude or character.

    e.  Maintenance of satisfactory progress while in an active duty status skills awarding program.

**3.2.  ACTS OF MISCONDUCT OR MORAL OR PROFESSIONAL DERELICTION.**  A commissioned officer may be separated from a Military Service, in accordance with regulations prescribed by the Secretary of the Military Department concerned, when found to have committed an act or acts of misconduct or moral or professional dereliction, which include (but are not limited to):

    a.  Serious or recurring misconduct, punishable by military or civilian authorities.

    b.  Discreditable mismanagement, whether intentional or not, of personal affairs, including financial affairs.

    c.  Substance or drug misuse.

    d.  Culpable failure to perform assigned duties or to complete required training.

    e.  Culpable loss or compromise of professional status; qualifications or licensure; or certification required for performance of military duties.

    f.  Intentional misrepresentation of facts in obtaining an appointment or in official statements or records.

    g.  Final conviction for rape or sexual assault, forcible sodomy, or an attempt to commit one of those offenses.

**3.3.  RETENTION NOT CLEARLY CONSISTENT WITH NATIONAL SECURITY INTERESTS.**  In accordance with DoD Manual 5200.02, a commissioned officer may be separated from military service when it is determined that the commissioned officer's retention is not clearly consistent with the interest of national security.

## 3.4. SENTENCE BY COURT-MARTIAL AND DROPPING FROM THE ROLLS (DFR).

**a. Sentence by Court Martial.** A commissioned officer sentenced by a court-martial to a period of confinement for more than 6 months may be separated from military service, in accordance with Sections 1167 and 12687 of Title 10, U.S.C. Separation from military service may occur at any time after the sentence to confinement has become final, and the person has served in confinement for a period of 6 months, in accordance with Chapter 47 of Title 10, U.S.C. (also known and referred to in this issuance as the "Uniform Code of Military Justice".)

**b. DFR.**

(1) General Policy.

(a) Any Regular commissioned officer and any Reserve commissioned officer, may be dropped from the rolls of the Military Service concerned when any of the following criteria in Sections 1161(b) and 12684 of Title 10, U.S.C. are met:

<u>1</u>. The officer may be separated from the Military Service concerned in accordance with Paragraph 3.4.a.;

<u>2</u>. The officer has been absent without authority for at least 3 months; or

<u>3</u>. The officer was sentenced to confinement in a Federal or State penitentiary or correctional institution after being found guilty of an offense by a court, other than a military court, and whose sentence is final.

(b) DFR requests should be made only in cases where severing all of an officer's ties with his or her Military Service and the loss of retirement eligibility are warranted.

(2) Approval Authority.

(a) Regular Officers. The President is the approval authority for DFR requests for Regular officers in a grade above O-3. The Secretary of Defense is the approval authority for DFR requests for all other Regular officers.

(b) Reserve Officers. The President is the approval authority for DFR requests for Reserve officers in a grade above O-5. The Secretary of Defense is the approval authority for DFR requests for all other Reserve officers.

(3) Procedure**s.**

(a) The Secretary of the Military Department concerned will endorse a DFR package routed for approval.

(b) Once approved by the appropriate authority, the Secretary of the Military Department concerned will:

<u>1</u>.  In the case of an officer on the ADL or RASL, issue a DD Form 214 in accordance with Paragraph 7.3. of this issuance and DoD Instruction 1336.01.  Block 18 will contain the entry "Dropped from the Rolls by the President of the United States" or "Dropped from the rolls by the Secretary of Defense," as appropriate.  The characterization of service in Block 24 will be "Uncharacterized."

<u>2</u>.  Remove the name of the officer from the ADL, RASL, as applicable.

<u>3</u>.  Remove the officer from the Defense Finance and Accounting Service system and any associated pay databases.

<u>4</u>.  Remove the officer from the Defense Enrollment Eligibility Reporting System.

**3.5.  MULTIPLE REASONS.**  A commissioned officer may be considered for separation for more than one of the reasons described in this section.  Separate findings under each applicable paragraph will be required for each separation basis identified.

**3.6.  SEPARATION REVIEW REQUIREMENTS.**  Before a commissioned officer may be separated under the provisions of Paragraph 3.2., the Military Service must ensure compliance with the review requirements in Paragraph 9.1. of this issuance.

*DoDI 1332.30, May 11, 2018*
*Change 3, September 9, 2021*

# SECTION 4:  PROCEDURES FOR NON-PROBATIONARY COMMISSIONED OFFICERS

**4.1.  INITIATION OF ACTION.**  The Secretaries of the Military Departments will prescribe procedures for the initiation of separation recommendations for non-probationary commissioned officers.

**4.2.  SHOW-CAUSE AUTHORITY (SCA).**

a.  The SCA will determine whether an officer is required to show cause for retention in military service for one or more of the reasons listed in Section 3 of this issuance, and as further defined by the Secretary of the Military Department concerned.

b.  The SCA will:

   (1)  Evaluate all Service information about the case under consideration.

   (2)  Determine if the record is sufficient to require the officer to show cause for retention in military service.

      (a)  If the officer is not required to show cause, close the case.

      (b)  If the officer is required to show cause, the SCA:

         1.  Refers the case to a Board of Inquiry.

         2.  Provides the reasons for making the show-cause determination to the officer in writing.

   (3)  Consider the initiation of a separation action if the record supports a finding of drug misuse in accordance with Section 3.

c.  In accordance with Sections 618(c)(2) or 14109(c) of Title 10, U.S.C., the Secretary of the Military Department concerned may require an officer to show cause for retention on active duty or in an active status based on the recommendation of a promotion selection board.

d.  The SCA will appoint members of Boards of Inquiry, unless his or her Departmental regulations reserve that authority to another official.

**4.3.  BOARD OF INQUIRY.**

**a.  Function.**  A Board of Inquiry is an administrative board that considers all relevant and material evidence about the case and functions in accordance with rules and procedures established by this instruction and the Secretary of the Military Department concerned.

(1)  The Board of Inquiry will give a fair and impartial hearing to an officer required by the Secretary of the Military Department concerned to show cause for retention on active duty or in an active status.

(2)  The Board of Inquiry makes findings on each reason for separation and recommends if a respondent should be retained in the military service.  The board recommends the characterization of service, in accordance with this instruction and regulations prescribed by the Secretary of the Military Department concerned, if it recommends discharge.

(3)  The Board of Inquiry's findings must be supported by a preponderance of the evidence.

(a)  An officer is given the opportunity to respond and rebut the basis for contemplated separation in a hearing before a Board of Inquiry once they are informed of the pending separation.

(b)  The hearing provides a forum for the officer concerned to present reasons the contemplated action should not be taken.

**b.  Composition.**

(1)  Each board convened will be composed of at least three commissioned officers, each with the qualifications prescribed in Paragraph 4.3.c.

(2)  If the respondent is a Reserve Component officer, one or more of the voting members will be a Reserve Component officer, preferably of the same component.  This requirement cannot be waived by the respondent.

(3)  The senior member will be the president of the board.

(4)  A nonvoting legal advisor may also be appointed to assist the Board of Inquiry.

**c.  Officers Eligible to Serve on Boards.**

(1)  Each commissioned officer who serves on a board must be an officer on the ADL or on the RASL of the same Military Service as the respondent.

(2)  A commissioned officer may not serve on a board unless they are:

(a)  On active duty or in an active status in a grade above major or lieutenant commander.

(b)  Senior in grade to any respondent being considered by the board.

(3)  At least one member of the board will be in a grade above lieutenant colonel or commander.

(4)  If qualified commissioned officers from the ADL or from the RASL are not available in sufficient numbers to comprise a Board of Inquiry, the Secretary of the Military Department concerned will appoint retired Regular or Reserve commissioned officers of the same Military Service.  The retired grade of these officers must:

    (a)  Be above the grade of major or lieutenant commander; or

    (b)  In the case of an officer who will be the senior officer of the board, above the grade of lieutenant colonel or commander; and

    (c)  Senior in grade to the respondent being considered by the board.

(5)  A retired general or flag officer (GO/FO) who is on active duty solely for the purpose of serving on a board will not be counted against any limitations on the number of GO/FOs who may be on active duty.

(6)  An individual cannot be a member of more than one board convened pursuant to this issuance to consider the same respondent.

**d.  Convening.**  A Board of Inquiry will convene in accordance with the regulations prescribed by the Secretary of the Military Department concerned.

**e.  Determinations.**  Following the board procedure, the Board of Inquiry will make a recommendation in writing to the Secretary of the Military Department concerned.

(1)  If a Board of Inquiry determines that the officer established that they should be retained on active duty or in an active status, the initiating SCA will close the case.

(2)  If a Board of Inquiry determines that an officer failed to establish that they should be retained on active duty or in an active status, the SCA forwards the case and its recommendation regarding characterization of service to the Secretary of the Military Department concerned in accordance with the Departmental regulations.

## 4.4.  RETIREMENT OR DISCHARGE.

**a.  Retirement.**  A commissioned officer separated from active duty or from an active status in accordance with this issuance who is eligible for voluntary retirement under any law on the date of separation may request retirement and be retired in the grade and with the retired pay for which the officer is eligible if retired under such provision.

**b.  Discharge.**  A commissioned officer separated from military service in accordance with this issuance who is not eligible for retirement under any law on the date of such separation will be discharged:

(1)  In the grade then held with an honorable or general (under honorable conditions) characterization of service if separated only for substandard performance of duty; or

(2)  In the grade then held with a characterization of service determined by the Secretary of the Military Department concerned, but no less favorable that that recommended by the board of Inquiry, if separated for misconduct, moral or professional dereliction, or in the interest of national security.

## 4.5.  APPLICATION FOR RETIREMENT OR DISCHARGE.

a.  At any time before final action in the case, the Secretary of the Military Department concerned may grant a request by the commissioned officer concerned for:

(1)  Voluntary retirement.

(2)  Transfer to the Retired Reserve when the officer is a reservist.

(3)  Discharge.

b.  This action of the Secretary of the Military Department concerned is final.

## 4.6.  LIMITATIONS.

a.  A commissioned officer who is required to show cause for retention in military service because of substandard performance of duty and is retained on active duty or in an active status by a Board of Inquiry may not again be required to show cause for retention for the same reasons within the one-year period beginning on the date of the determination to retain.

b.  Subject to Paragraph 4.6.c., a commissioned officer required to show cause for retention in military service because of misconduct, moral or professional dereliction, or in the interest of national security, and who is retained on active duty or in an active status by a Board of Inquiry, may again be required to show cause for retention at any time.

c.  A commissioned officer may not again be required to show cause for retention in military service solely because of conduct that was the subject of previous proceedings, unless the findings and recommendations of the Board of Inquiry that considered the case are determined to have been the result of fraud or collusion.  Nothing in this paragraph will prohibit the SCA from reconvening a defective Board of Inquiry prior to final action.

d.  An acquittal or a not-guilty finding in a civilian or military criminal proceeding, conviction and punishment by a civilian or military court, or military nonjudicial punishment in accordance with Article 15 of the Uniform Code of Military Justice, do not preclude an administrative discharge action.

*DoDI 1332.30, May 11, 2018*
*Change 3, September 9, 2021*

# SECTION 5:  BOARD OF INQUIRY PROCEDURES

**5.1.  BOARD MEMBERSHIP CHALLENGES.**  In accordance with regulations prescribed by the Secretary of the Military Department concerned, board members are subject to challenge for cause only.  If the membership of the board is reduced to less than three officers, the Board of Inquiry convening authority will appoint additional members.

**5.2.  LEGAL ADVISOR.**  The legal advisor, if appointed, performs such functions as the Secretary of the Military Department concerned may prescribe, except that they cannot dismiss any allegation against the respondent or terminate the proceedings.

**5.3.  RECORDER.**  The government may be represented before the board by a recorder whose duties will be prescribed by the Secretary of the Military Department concerned.

**5.4.  RIGHTS OF RESPONDENT.**

a.  When a case is referred to a Board of Inquiry, the respondent must be notified at least 30 days before the hearing in writing.

(1)  The notification will include the reasons for which they are required to show cause for retention in the Military Service and of the least favorable characterization of discharge for which the officer may be recommended.

(2)  Respondent will be notified by personal service with written receipt by the respondent (or duly witnessed by a third party, if the respondent refuses to acknowledge receipt).

(3)  When personal service is unavailable, respondent will be notified by:

(a)  Registered or certified mail or electronic mail equivalent.  A return receipt, or equivalent, will be requested.

(b)  Notification is sent to the respondent's last known address, or to the next of kin under regulations prescribed by the Military Department concerned.

b.  The respondent will respond within the timeframe given by the Board of Inquiry.  Failure to respond within the timeframe given may be construed as the respondent voluntarily electing not to appear before the board.

c.  The respondent may appear in person at all proceedings of the Board of Inquiry.

d.  The respondent may be represented either by:

(1)  Military counsel appointed by the convening authority; or

*DoDI 1332.30, May 11, 2018*
*Change 3, September 9, 2021*

(2)  Military counsel of the respondent's own choice, (if the counsel of choice is determined to be reasonably available under regulations prescribed by the Secretary of the Military Department concerned); or

(3)  Civilian counsel without expense to the government.  If civilian counsel is employed, military counsel need not be assigned, if so provided by the regulations of the Secretary of the Military Department concerned.

e.  In accordance with regulations prescribed by the Secretary of the Military Department concerned, the respondent will be allowed full access to, and given copies of, records that are determined to be relevant to the case pursuant to such regulations.

(1)  The Board of Inquiry may withhold any records that the Secretary of the Military Department concerned determines should be withheld in the interest of national security.

(2)  When any records are withheld, the respondent will receive, to the extent practicable, a summary of the records withheld.

f.  The respondent may request any witness appear before the board of whose testimony is considered pertinent to their case.

(1)  A determination on the availability of the witness, witness appearance requirements, and the materiality of the witness are made in accordance with regulations of the Secretary of the Military Department concerned.

(2)  Witnesses not on active duty must appear voluntarily and at no expense to the government, unless otherwise authorized by the Secretary of the Military Department concerned.

g.  The respondent may submit documents from his or her record of service, letters, answers, depositions, sworn or unsworn statements, affidavits, certificates, or stipulations at any time before the board convenes or during the proceedings, subject to regulations prescribed by the Secretary of the Military Department concerned.  Those documents may include depositions of witnesses not deemed to be reasonably available or of witnesses unwilling to appear voluntarily.

h.  The respondent may testify in their behalf subject to Section 831 of Title 10, U.S.C.

i.  The respondent and their counsel may question any witness who appears before the board.

j.  The respondent or counsel for the respondent may present oral or written argument to the board.

k.  The respondent may request a continuance, in accordance with his or her Military Departmental regulations, for the preparation of their case before the board, when necessary.

**5.5.  BOARD DETERMINATION.**  The Board of Inquiry will decide retention or separation on the evidence received or developed during open hearings.  Voting will be conducted in closed

session with only voting board members in attendance.  All findings and recommendations will be determined by a majority vote.

**5.6.  REPORT OF PROCEEDINGS.**  The record of proceedings will be kept in summarized form unless a verbatim record is required by the SCA or the Secretary of the Military Department concerned.

a.  In all cases, board findings and recommendations must be stated in clear and concise language and signed by all board members concurring.

b.  Any board members who disagree with the board's findings or recommendations may file a statement of non-concurrence, including their reasons, for inclusion in the record.

c.  The respondent will be given a copy of the report of the proceedings and the board's findings and recommendations.  The respondent will have an opportunity to submit written comments to the SCA for consideration.

d.  When the Board of Inquiry determines retention in military service is warranted and the case is closed, a summarized report of the proceedings will be prepared in accordance with the regulations of the Military Department concerned.

# SECTION 6:  PROCEDURES FOR CERTAIN PROBATIONARY COMMISSIONED OFFICERS

## 6.1.  INITIATION OF ACTION.

a.  If the SCA determines that an honorable or general characterization of service is appropriate, the SCA may initiate separation action without a Board of Inquiry (subject to the regulations of the Military Department concerned) for any of the reasons stated in Section 3, or for reasons that the Secretary of the Military Department concerned may prescribe by regulation. In such cases, the respondent will be advised in writing:

(1)  The reason separation action was initiated and the characterization of service (honorable or general) recommended.

(2)  That they may tender a resignation.

(3)  That they may submit or decline to submit a rebuttal statement, or other matters for the SCA to consider instead of a resignation.

(4)  That they may confer with appointed or retained counsel.  The officer will be given a reasonable period of time to prepare their response.

b.  If the SCA deems that an other than honorable discharge may be appropriate, the SCA may refer the case directly to a Board of Inquiry.

## 6.2.  PROCESSING.

a.  In cases in which the SCA recommends an honorable or general characterization of service, the recommendation for separation, supporting documentation, respondent's rebuttal statement (if submitted), and any resignation (if tendered) will be forwarded to the Secretary of the Military Department concerned.  The Secretary will:

(1)  Accept the resignation (if tendered);

(2)  Deny the resignation (if tendered) and discharge the respondent with an honorable or general characterization of service;

(3)  Deny the resignation (if tendered) and refer the case to a Board of Inquiry if the Secretary decides that an other than honorable characterization of service is appropriate; or

(4)  Retain the respondent.

b.  Cases referred to a Board of Inquiry by the SCA or the Secretary of the Military Department concerned will be processed in accordance with Section 4 and Section 5, when applicable.

*DoDI 1332.30, May 11, 2018*
*Change 3, September 9, 2021*

c.  In all cases, the action of the Secretary of the Military Department concerned is final.

*DoDI 1332.30, May 11, 2018*
*Change 3, September 9, 2021*

# SECTION 7:  CHARACTERIZATION OF SERVICE

**7.1.  DISCHARGE FOR SUBSTANDARD PERFORMANCE OF DUTY.**  The characterization of service will be honorable or general (under honorable conditions) when substandard performance of duty is the sole basis for the discharge.

**7.2.  DISCHARGE FOR MISCONDUCT, MORAL OR PROFESSIONAL DERELICTION, OR IN THE INTEREST OF NATIONAL SECURITY.**  The characterization of service will be honorable, general (under honorable conditions), or under other than honorable conditions.

   **a.  Consideration.**  The characterization of service is predicated on the commissioned officer's behavior and performance of duty while a member of a Military Service.

      (1)  The characterization of service will normally be based on a pattern of behavior and an officer's entire duty performance rather than an isolated incident.

      (2)  There are limited circumstances in which conduct reflected by a single incident may provide the basis for the characterization of service.

   **b.  Exceptions.**  The characterization of service will be honorable when the grounds for discharge are based solely on pre-service activities, other than intentional misrepresentation or omission of facts in obtaining an appointment or in official statements or records.

**7.3.  DROPPED FROM THE ROLLS.**  A commissioned officer who is dropped from the rolls of the military service in accordance with Section 1161 or 12684 of Title 10, U.S.C., and this issuance will receive an uncharacterized characterization of service in DD-214, Block 24.

**7.4.  COUNSELING ON RIGHTS AND BENEFITS.**  In all instances, officers will be counseled as to the impact of the characterization of their service on rights and benefits, including civilian employment and veterans' benefits.  All officers being separated from the military with an other than honorable discharge will be informed, in writing, that they may petition the Veterans Benefits Administration of the Department of Veterans Affairs to receive, despite the characterization of their service, certain benefits under the laws administered by the Secretary of Veterans Affairs.  This written notification will be provided in conjunction with notification of the administrative separation or as soon thereafter as practicable.

*DoDI 1332.30, May 11, 2018*
*Change 3, September 9, 2021*

# SECTION 8: REVIEW REQUIREMENTS FOR UNRESTRICTED REPORT OF SEXUAL ASSAULT

## 8.1. REVIEW.

a. A commissioned officer may request GO/FO review of the circumstances of and grounds for an involuntary separation if:

(1) They made an unrestricted report of sexual assault, in accordance with Volume 1 of DoD Instruction 6495.02.

(2) They is recommended for involuntary separation from military service within 1 year of final disposition of his or her sexual assault case.

b. This review requirement expands the requirement of Section 578 of Public Law 112-239 to ensure that an involuntary separation is not initiated in retaliation for making an unrestricted report of sexual assault.

## 8.2. PROCESSING.

a. A commissioned officer who meets the requirements of Paragraph 8.1.a. must submit their written request to the first GO/FO in the officer's chain of command before approval of final separation action.

b. A request submitted after final separation action is complete will not be considered, but the separated commissioned officer may apply to the appropriate Military Department Discharge Review Board or Board for Correction of Military or Naval Records for consideration.

c. A commissioned officer who meets the requirements of Paragraph 8.1.a. and who submits a timely request may not be separated until the GO/FO conducts a review and concurs with the circumstances and grounds for the involuntary separation.

*DoDI 1332.30, May 11, 2018*
*Change 3, September 9, 2021*

# SECTION 9: OTHER SEPARATION REVIEW REQUIREMENTS

## 9.1. ADDITIONAL REQUIREMENTS FOR PRE-SEPARATION HEALTH ASSESSMENTS.

a. The Secretary of the Military Department concerned will prescribe procedures to comply with statutory requirements and conduct a health assessment sufficient to evaluate the health of commissioned officers at the time of separation, in accordance with Sections 1145 and 1177 of Title 10, U.S.C.

b. The health assessment should determine any existing medical condition incurred during active duty, provide baseline information for future care, complete an officer's military medical record, and provide a final opportunity before separation to document any health concerns, exposures, or risk factors associated with active duty.

(1) A commissioned officer must receive a medical examination to determine if the effects of post-traumatic stress disorder (PTSD) or traumatic brain injury (TBI) could be related to the basis for involuntary separation in order to comply with Section 1177 of Title 10, U.S.C. The assessment will occur if the officer:

(a) Is separated under a characterization that is not either honorable or general (under honorable conditions).

(b) Was deployed overseas to a contingency operation or was sexually assaulted during the previous 24 months.

(c) Is diagnosed by a physician, clinical psychologist, psychiatrist, licensed clinical social worker, or psychiatric advanced practice registered nurse as experiencing PTSD or TBI, or reasonably alleges the influence of PTSD or TBI based on deployed service to a contingency operation or sexual assault during the previous 24 months.

(d) Is not separated by a court-martial or other Uniform Code of Military Justice proceeding. Separation in lieu of court-martial does not constitute a court-martial or other Uniform Code of Military Justice proceeding, and therefore, compliance with Section 1177 of Title 10, U.S.C., is required.

(2) In a case involving PTSD, the required medical examination will be performed by a clinical psychologist, psychiatrist, licensed clinical social worker, or psychiatric advanced practice registered nurse.

(3) In a case involving TBI, the medical examination may be performed by a physician, clinical psychologist, psychiatrist, or other health-care professional, as appropriate.

c. A commissioned officer receiving a medical examination for PTSD or a TBI will not be separated until the result of the medical examination is reviewed by the individuals responsible

*DoDI 1332.30, May 11, 2018*
*Change 3, September 9, 2021*

for evaluating, reviewing, and approving the separation case, as determined by the Secretary of the Military Department concerned.

## 9.2.  MENTAL HEALTH CONDITIONS AND CIRCUMSTANCES.

a.  The Secretary of the Military Department concerned may authorize separation of a commissioned officer on the basis of conditions and circumstances not constituting a physical disability that interfere with assignment to or performance of duty.  Separation processing will not be initiated until the commissioned officer:

(1)  Is formally counseled on their deficiencies and given an opportunity to correct those deficiencies.

(2)  Is counseled in writing that the condition does not qualify as a disability.

b.  The Secretary of the Military Department concerned may not authorize involuntary separation based on a determination that the member is unsuitable for deployment or worldwide assignment because of a medical condition if a physical evaluation board determined the member to be fit for duty for the same medical condition.  The only exception is if the separation is approved by the Secretary of Defense.

(1)  If the Secretary of the Military Department concerned has reason to believe the medical condition considered by the physical evaluation board renders the officer unsuitable for continued military service, that Secretary may direct the physical evaluation board to reevaluate the officer.

(2)  If, based on reevaluation by a physical evaluation board, a commissioned officer is determined to be unfit to perform the duties of his or her office, grade, or rank, the member may be retired or separated for physical disability consistent with Chapter 61 of Title 10, U.S.C.

c.  Separation on the basis of personality disorder or other mental disorder not constituting a physical disability is authorized only if:

(1)  An examination is made by an authorized mental health provider in accordance with DoD Instruction 6490.04, the Diagnostic and Statistical Manual of Mental Disorders, and Military Department procedures and the health provider concludes that the disorder is so severe that the Service member's ability to function effectively in the military environment is significantly impaired.

(a)  Observed behavior of specific deficiencies should be documented in appropriate counseling or personnel records.

(b)  Documentation will include history from supervisors, peers, and others, as necessary, to establish that the behavior is persistent; interferes with assignment to or performance of duty; and continued after the commissioned officer was counseled and afforded an opportunity to overcome the deficiencies.

(2)  The commissioned officer was formally counseled in writing on deficiencies as reflected in appropriate counseling or personnel records and has been afforded an opportunity to overcome those deficiencies.

(3)  The commissioned officer has been counseled in writing on the diagnosis of a personality disorder or other mental disorder not constituting a physical disability.

(4)  For commissioned officers who have served, or are currently serving in imminent danger pay areas, a diagnosis of personality disorder or other mental disorder not constituting a physical disability will:

(a)  Be corroborated by a peer, or higher-level, mental health professional.

(b)  Be endorsed by the Surgeon General of the Military Department concerned.

(c)  Address PTSD and other mental illness co-morbidity.  A separation for personality disorder or other mental disorder not constituting a physical disability is not authorized if service-related PTSD is also diagnosed unless the Service member is found fit for duty by the disability evaluation system.

(5)  For commissioned officers who have made an unrestricted report of sexual assault or who have self-disclosed that they are a victim of a sex-related offense, an intimate partner violence-related offense, or a spousal abuse offense during service, a diagnosis of a mental health condition not constituting a physical disability must be:

(a)  Corroborated by a peer or higher-level mental health professional.

(b)  Endorsed by the Surgeon General of the Military Department concerned.

d.  The narrative reason for the separation, discharge, or release of a commissioned officer when the basis of the separation, discharge, or release is a mental health condition not constituting a physical disability must be a "condition, not a disability."  The appropriate separation program designator code will be used in accordance with DoD Instruction 1336.01.

# GLOSSARY

## G.1.  ACRONYMS.

| | |
|---|---|
| ADL | Active Duty List |
| DFR | dropping from the rolls |
| GO/FO | general or flag officer |
| PTSD | post-traumatic stress disorder |
| RASL | Reserve Active Status List |
| SCA | show-cause authority |
| TBI | traumatic brain injury |
| U.S.C. | United States Code |

## G.2.  DEFINITIONS.  Unless otherwise noted, these terms and their definitions are for the purpose of this issuance.

**active duty.**  Defined in the DoD Dictionary of Military and Associated Terms.

**active status.**  Defined in the DoD Dictionary of Military and Associated Terms.

**ADL.**  A single list for the Army, the Navy, the Air Force, and the Marine Corps required to be maintained by each Military Service in accordance with Section 620 of Title 10, U.S.C., containing the names of all officers of that Military Service, other than officers described in Section 641 of Title 10 U.S.C., who are serving on active duty.

**Characterizations of service.**

 **honorable.**  When the quality of an officer's service generally has met the standards of acceptable conduct and performance of duty for military personnel or is otherwise so meritorious that any other characterization would be clearly inappropriate, it is appropriate to characterize that service as honorable.

 **general (under honorable conditions).**  When an officer's service was honest and faithful, it is appropriate to characterize that service under honorable conditions.  Characterization of service as general (under honorable conditions) is warranted when the negative aspects of the officer's conduct or performance of duty outweigh positive aspects of his or her conduct or performance of duty as documented in their service record.

**under other than honorable conditions**.  When separation is based on a pattern of behavior that is a significant departure from the conduct expected of Service members, or when separation is based upon one or more acts or omissions that constitute a significant departure from the conduct expected of Service members, it is appropriate to characterize an officer's service as under other than honorable conditions.  Examples of factors that may be considered include the use of force or violence to produce serious bodily injury or death, abuse of a special position of trust, disregard by a superior of customary superior-subordinate relationships, acts or omissions that endanger the security of the United States or the health and welfare of other Service members, and deliberate acts or omissions that seriously endanger the health and safety of other persons.

**commander.**  A commissioned or warrant officer who, by virtue of rank and assignment, exercises primary command authority over a military organization or prescribed territorial area that under pertinent official directives is recognized as a "command."

**commissioned officer.**  An officer in any of the Military Services who holds a grade and office under a commission signed by the President and who is appointed as a Regular or Reserve officer.  For the purposes of this issuance, the term "commissioned officer" does not include a commissioned warrant officer or a retired commissioned officer.

**convening authority.**  The Secretary of the Military Department concerned or other official to whom the authority to convene a Board of Inquiry was delegated.

**counsel.**  A judge advocate qualified pursuant to Section 827(b) of Title 10, U.S.C., or a civilian lawyer retained at the commissioned officer's expense.

**DFR.**  An administrative action that may be taken in limited circumstances that terminates a commissioned officer's military status along with any rights, benefits, and pay to which they may have otherwise been entitled because of that status.  DFR is distinguished from dropping from the unit rolls, which is an administrative procedure used by the Military Services to remove a Service member from the unit of assignment but does not end the member's military status.

**forcible sodomy.**  Defined in Section 925 of Title 10, U.S.C.

**legal advisor.**  A judge advocate who is qualified in accordance with Section 827(b) of Title 10, U.S.C., and appointed to assist a Board of Inquiry.

**non-probationary commissioned officer.**  A commissioned officer other than a probationary commissioned officer.

**probationary commissioned officer.**  A commissioned officer on the ADL with fewer than 6 years of active commissioned service or a Reserve commissioned officer with fewer than 6 years of commissioned service.

**rape.**  Defined in Section 920 (a) of Title 10, U.S.C.

**RASL.**  A single list for each Military Service required to be maintained under Section 14002 of Title 10, U.S.C., which contains the names of all officers of that Military Service, except warrant

officers (including commissioned warrant officers), who are in an active status in a Reserve Component of the Army, the Navy, the Air Force, or the Marine Corps, and are not on an ADL.

**release from active duty.** Release from full-time duty in the active military service of the United States.

**respondent.** A commissioned officer required to show cause for retention on active duty.

**SCA.** Any of the following individuals, as determined by the Secretary of the Military Department concerned:

The Secretary of the Military Department concerned or officers (not below the grade of major general or rear admiral (O-8) designated by that Secretary to determine, based on a record review, that an officer be required to show cause for retention in the military service.

Commanders of reserve personnel centers, commanders exercising general court-martial authority, and all GO/FOs in command who have a judge advocate or legal advisor available.

For Title 10 Active Guard Reserve officers, the Directors of the Army and Air National Guard, as applicable.

**separation.** A general term that includes discharge, release from active duty, release from custody and control of the Military Services, transfer to the Individual Ready Reserve, DFR, and similar changes in active or Reserve status.

**sexual assault.** Defined in Section 920(b) of Title 10, U.S.C.

**show cause.** What the respondent must do by a preponderance of the evidence to justify his or her retention in the service after the government has made a prima facie showing that one or more of the reasons for discharge in the letter of notification exist.

**substance or drug misuse.** Defined in DoD Instruction 1010.04.

*DoDI 1332.30, May 11, 2018*
*Change 3, September 9, 2021*

# REFERENCES

Diagnostic and Statistical Manual of Mental Disorders Fifth Edition: DSM-5

DoD Directive 5124.02, "Under Secretary of Defense for Personnel and Readiness (USD(P&R))," June 23, 2008

DoD Instruction 1010.04, "Problematic Substance Use by DoD Personnel," February 20, 2014, as amended

DoD Instruction 1300.28, "In-Service Transition for Transgender Service Members," April 30, 2021

DoD Instruction 1336.01, "Certificate of Release or Discharge from Active Duty (DD Form 214/5 Series)," August 20, 2009, as amended

DoD Instruction 6490.04, "Mental Health Evaluations of Members of the Military Services" March 4, 2013, as amended

DoD Instruction 6495.02, Volume 1, "Sexual Assault Prevention and Response: (SAPR) Program Procedures," March 28, 2013, as amended

DoD Manual 5200.02, "Procedures for the DoD Personnel Security Program (PSP)," April 03, 2017

Office of the Chairman of the Joint Chiefs of Staff, "DoD Dictionary of Military and Associated Terms," current edition

Public Law 112-239, Sections 572 and 578, "National Defense Authorization Act for Fiscal Year 2013," January 2, 2013

Public Law 115-91, Section 528, "National Defense Authorization Act of Fiscal Year 2018," December 12, 2017

United States Code, Title 10

United States Code, Title 32, Section 323