THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COMMANDER EMILY SHILLING, et al.,

        Plaintiffs,

    v.

DONALD J. TRUMP, in his official capacity as
President of the United States, et al.,

        Defendants.

No. 2:25-cv-241-BHS

ANSWER

## **ANSWER**

Defendants hereby answer Plaintiffs' Amended Complaint (Mar. 4, 2025), ECF No. 59, as follows:

1.     This paragraph consists of Plaintiffs' characterization of the lawsuit, to which no response is required. To the extent an answer is required, denied.[1]

2.     Defendants admit that trans-identifying Service members take the same oath as other Service members but otherwise lack information necessary to admit or deny the allegations in the first two sentences of this paragraph. Defendants further admit that the United States needs ready, able, and willing Service members. Defendants deny the balance of the allegations.

---

[1] Plaintiffs offer the "2025 Military Ban" as shorthand for Executive Order No. 14183. Defendants do not agree with Plaintiffs' characterization of that order, but where the allegations refer to "the 2025 Military Ban," Defendants admit or deny the allegations as if Plaintiffs refer to the order.

U.S. DEPARTMENT OF JUSTICE
1100 L Street NW
Washington, DC 20530

3.      Defendants respectfully refer the Court to the cited Executive Orders for full and accurate statements of their contents and deny any allegations inconsistent therewith.

4.      Denied.

5.      Denied.

6.      Defendants admit that the seven currently-serving Plaintiffs have served honorably and openly for different lengths of time and otherwise lack information necessary to admit or deny the allegations in this paragraph.

7.      Plaintiffs' characterization of Shilling, Dremann, and Morgan's seniority and service requires no response. The specifics of each Plaintiff's service are admitted or denied below.

8.      Plaintiffs' characterization of Doe, Schmid, Moran and Leins's seniority and service requires no response. The specifics of each Plaintiff's service are admitted or denied below.

9.      Defendants lack information necessary to admit or deny the allegations in this paragraph.

10.     Denied.

## PARTIES

11.     Admitted, except to deny that Plaintiff Shilling is a woman.

12.     Admitted, except to deny that Plaintiff Dremann is a man.

13.     Admitted, except to deny that Plaintiff Morgan is a woman.

14.     Admitted, except to deny that Plaintiff Schmid is a woman.

15.     Defendants do not know the identity of Plaintiff Doe and, accordingly, lack information necessary to admit or deny the allegations in this paragraph.

16.     Admitted, except to deny that Plaintiff Moran is a woman.

17.     Admitted, except to deny that Plaintiff Leins is a woman.

ANSWER
CASE NO. 2:25-CV-241-BHS

U.S. DEPARTMENT OF
JUSTICE
1100 L Street NW
Washington, DC 20530

18.     Defendants lack information necessary to admit or deny the allegations in this paragraph.

19.     This paragraph does not allege any facts and, therefore, requires no response.

20.     Defendants lack information necessary to admit or deny the allegations in this paragraph.

21.     Defendants admit the allegations in the first sentence of this paragraph and deny the balance of the allegations.  President Trump was dismissed from this lawsuit by stipulation of the parties. *See* Minute Order (Mar. 28, 2025), ECF No. 106.

22.     Denied.

23.     Defendant admit that Peter Hegseth is the Secretary of Defense and is sued in his official capacity. Defendants deny the balance of the allegations.

24.     Defendants admit the allegations in the first two sentences of this paragraph and deny the allegations in the last sentence.

25.     Admitted.

26.     Admitted.

27.     Denied, except to admit that Mr. Emmert was the Acting Secretary as of the date of the Amended Complaint. John Phelan is the Secretary of the Navy.

28.     Admitted.

29.     Admitted.

30.     Admitted.

31.     This paragraph does not allege any facts and, therefore, requires no response.

### JURISDICTION AND VENUE

32.     This paragraph consists of a legal conclusion, to which no response is required.

33.     This paragraph consists of a legal conclusion, to which no response is required.

34.    This paragraph consists of a legal conclusion, to which no response is required.

35.    This paragraph consists of a legal conclusion, to which no response is required.

### FACTUAL ALLEGATIONS

36.    Denied.

37.    Defendants admit that some people identify as a gender that does not match their sex but otherwise deny the allegations in this paragraph.

38.    Denied.

39.    Denied.

40.    This paragraph sets forth a medical opinion, to which no response is required. To the extent a response is deemed required, denied.

41.    Defendants respectfully refer the Court to the definition of Gender Dysphoria in the fifth edition of the *Diagnostic and Statistical Manual of Mental Disorders* (the "DSM-5") and deny any alleged definition to the contrary or inconsistent with that definition.

42.    Defendants respectfully refer the Court to the definition of Gender Dysphoria in the fifth edition of the *Diagnostic and Statistical Manual of Mental Disorders* (the "DSM-5") and deny any alleged definition to the contrary or inconsistent with that definition.

43.    This paragraph sets forth a medical opinion, to which no response is required. To the extent a response is deemed required, denied.

44.    This paragraph sets forth a medical opinion, to which no response is required. To the extent a response is deemed required, denied.

45.    Defendants admit that "transition" can be used to refer to the process by which some people try to live in a manner consistent with their gender identity instead of their sex.

46.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

ANSWER
CASE NO. 2:25-CV-241-BHS

U.S. DEPARTMENT OF
JUSTICE
1100 L Street NW
Washington, DC 20530

47.     Defendants lack information necessary to admit or deny the allegations in this paragraph.

48.     Defendants lack information necessary to admit or deny the allegations in this paragraph.

49.     Defendants lack information necessary to admit or deny the allegations in this paragraph.

50.     This paragraph sets forth a medical opinion, to which no response is required. To the extent a response is deemed required, denied.

51.     Defendants admit the allegations in the first sentence of this paragraph. Defendants admit that Plaintiff Shilling, then known as Timothy Richard Shilling, commissioned as a Naval officer on November 10, 2005. Defendants deny the balance of the allegations in this paragraph.

52.     Defendants admit the first and last sentences of this paragraph; that Plaintiff Shilling flew 20 combat sorties over Afghanistan and Iraq; that Plaintiff Shilling has been awarded three Air Medals; and that Plaintiff Shilling received the 2010 Daedalion Award for Superior Airmanship During An Emergency. Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

53.     Admitted.

54.     Defendants admit that Plaintiff Shilling has the officer designator of Aerospace Engineering Duty Officer but lack information necessary to admit or deny the balance of the allegations in this paragraph.

55.     Defendants lack information necessary to admit or deny the allegations in this paragraph.

56.     Defendants admit that Plaintiff Shilling is a male who identifies as a female.

ANSWER
CASE NO. 2:25-CV-241-BHS

U.S. DEPARTMENT OF
JUSTICE
1100 L Street NW
Washington, DC 20530

57.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

58.    Defendants admit that, in 2021, Plaintiff Shilling transitioned socially and medically within the military.

59.    Defendants admit that Plaintiff Shilling's first name was changed to Emily but lack information necessary to admit or deny the balance of the allegations in this paragraph.

60.    Admitted.

61.    Admitted, except that "clinically appropriate" is a medical opinion to which no response is required.

62.    Defendants admit that Plaintiff Shilling was cleared for flight status in July 2024 but lack information necessary to admit or deny the balance of the allegations in this paragraph.

63.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

64.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

65.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

66.    Admitted.

67.    Admitted.

68.    Admitted.

69.    Denied, except to admit that the allegation was correct as of the date of the Amended Complaint.

70.    Defendants admit that Plaintiff Dremann is a female who identifies as a male.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

71.    Defendants admit that Plaintiff Dremann's legal name and gender marker in DEERS were changed. Defendants lack information necessary to admit or deny the remaining allegations in this paragraph.

72.    Admitted, except that Defendants lack information necessary to admit or deny Plaintiff Dremann's subjective desires as alleged in this paragraph.

73.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

74.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

75.    Admitted.

76.    Defendants admit that Plaintiff Morgan's initial occupation specialty was enlisted Navy diver but lack information necessary to admit or deny the balance of the allegations in this paragraph.

77.    Denied, except to admit that the allegation was correct as of the date of the Amended Complaint.

78.    Defendants admit that Plaintiff Morgan is a male who identifies as female.

79.    Defendants admit that Plaintiff Morgan's legal name and gender marker in DEERS were changed. Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

80.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

81.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

ANSWER
CASE NO. 2:25-CV-241-BHS

U.S. DEPARTMENT OF
JUSTICE
1100 L Street NW
Washington, DC 20530

82. Defendants lack information necessary to admit or deny the allegations in this paragraph.

83. Admitted, except to deny that Plaintiff Schmid is a woman.

84. Defendants admit that Plaintiff Schmid was born at K.I. Sawyer Air Force base but lack information necessary to admit or deny the balance of the allegations in this paragraph.

85. Admitted.

86. Defendants admit that Plaintiff Schmid is a male who identifies as female.

87. Admitted, except that Defendants lack information necessary to admit or deny when Plaintiff Schmid "began to come to terms with" Plaintiff Schmid's gender identity.

88. Defendants lack information necessary to admit or deny the allegations in this paragraph.

89. Admitted, except that "clinically appropriate" is a medical opinion to which no response is required.

90. Defendants admit that Plaintiff Schmid's first name was changed to Catherine but lack information necessary to admit or deny the balance of the allegations in this paragraph.

91. Defendants admit that Plaintiff Schmid's DEERS marker is "female" but lack information necessary to admit or deny the balance of the allegations in this paragraph.

92. Defendants lack information necessary to admit or deny the allegations in this paragraph.

93. Defendants lack information necessary to admit or deny the allegations in this paragraph.

94. Admitted.

95. Defendants lack information necessary to admit or deny the allegations in this paragraph.

ANSWER
CASE NO. 2:25-CV-241-BHS

U.S. DEPARTMENT OF
JUSTICE
1100 L Street NW
Washington, DC 20530

96.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

97.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

98.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

99.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

100.    Defendants do not know the identity of Plaintiff Doe and, accordingly, lack information necessary to admit or deny the allegations in this paragraph.

101.    Defendants do not know the identity of Plaintiff Doe and, accordingly, lack information necessary to admit or deny the allegations in this paragraph.

102.    Defendants do not know the identity of Plaintiff Doe and, accordingly, lack information necessary to admit or deny the allegations in this paragraph.

103.    Defendants do not know the identity of Plaintiff Doe and, accordingly, lack information necessary to admit or deny the allegations in this paragraph.

104.    Defendants do not know the identity of Plaintiff Doe and, accordingly, lack information necessary to admit or deny the allegations in this paragraph.

105.    Defendants do not know the identity of Plaintiff Doe and, accordingly, lack information necessary to admit or deny the allegations in this paragraph.

106.    Defendants do not know the identity of Plaintiff Doe and, accordingly, lack information necessary to admit or deny the allegations in this paragraph.

107.    Defendants do not know the identity of Plaintiff Doe and, accordingly, lack information necessary to admit or deny the allegations in this paragraph.

ANSWER
CASE NO. 2:25-CV-241-BHS

U.S. DEPARTMENT OF
JUSTICE
1100 L Street NW
Washington, DC 20530

108.    Defendants do not know the identity of Plaintiff Doe and, accordingly, lack information necessary to admit or deny the allegations in this paragraph.

109.    Admitted, except that Plaintiff Moran is now 32 years old.

110.    Admitted.

111.    Admitted.

112.    Defendants admit that Plaintiff Moran was deployed to Korea; that Plaintiff Moran monitored networks on the Korean peninsula for some military operations; and that Plaintiff Moran has received three Army Commendation Medals and two Army Achievement Medals.

113.    Defendants admit that Plaintiff Moran is a male who identifies as female.

114.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

115.    Defendants admit that Plaintiff Moran began receiving medical care in 2021 but lack information necessary to admit or deny the balance of the allegations in this paragraph.

116.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

117.    Admitted.

118.    Admitted.

119.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

120.    Admitted, except Defendants lack information necessary to admit or deny whether Plaintiff Leins volunteered for the first deployment.

121.    Defendants admit that Plaintiff Leins is a male who identifies as female.

122.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

ANSWER
CASE NO. 2:25-CV-241-BHS

U.S. DEPARTMENT OF
JUSTICE
1100 L Street NW
Washington, DC 20530

123.    Admitted, except that "clinically appropriate" is a medical opinion to which no response is required.

124.    Defendants admit Plaintiff Leins' change in name but lack information necessary to admit or deny the balance of the allegations in this paragraph.

125.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

126.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

127.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

128.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

129.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

130.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

131.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

132.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

133.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

134.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

ANSWER
CASE NO. 2:25-CV-241-BHS

U.S. DEPARTMENT OF
JUSTICE
1100 L Street NW
Washington, DC 20530

1    135.    This paragraph does not allege any facts and, therefore, requires no response.

2    136.    Defendants lack information necessary to admit or deny the allegations in this
3    paragraph.

4    137.    Admitted.

5    138.    Denied.

6    139.    Defendants lack information necessary to admit or deny the allegations in this
7    paragraph.

8
9    140.    Defendants lack information necessary to admit or deny the allegations in this
10   paragraph.

11   141.    Defendants lack information necessary to admit or deny the allegations.

12   142.    Defendants respectfully refer the Court to the cited study for a full and accurate
13   statement of its contents and deny any allegations inconsistent therewith.

14   143.    Defendants lack information necessary to admit or deny the allegations in this
15   paragraph.

16   144.    Denied.

17   145.    Defendants respectfully refer the Court to the March 2014 publication—which was
18   issued by the PALM Center, not the Department of Defense—for a full and accurate statement of
19   its contents and deny any allegations inconsistent therewith.

20   146.    Denied. On May 11, 2014, then-Secretary Hagel was asked whether the universal
21   exclusion of "transgender service members "should be looked at again."[2] Secretary Hagel
22   answered:

23
24           The issue of transgender is a bit more complicated [than sexual
25           orientation], because it has a -- a medical component to it. These

26   ───────────────
         [2] *See* Rough Transcript, *'This Week': Defense Secretary Chuck Hagel, Sen. Marco Rubio* (May 11, 2014),
     Milgroon Decl. Ex. A, *Doe v. Trump*, No. 1:17-cv-1597-CKK (May 11, 2018), ECF No. 131-2.

issues require medical attention. Austere locations where we -- we put our men and women in -- in many cases, don't always provide that kind of opportunity. I do think it -- it continually should be reviewed. I'm open to that, by the way. I'm open to those assessments, because, again, I go back to the bottom line. Every qualified American who wants to serve our country should have an opportunity if they fit the qualifications and can do it. This is an area that we – we've – we've not defined enough.

*Id.* Defendants deny any allegations inconsistent with that answer.

147.    Defendants respectfully refer the Court to the cited testimony[3] for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

148.    Defendants admit that, on July 28, 2015, then-Secretary of Defense Ash Carter issued a memorandum to the Secretaries of all Military Departments, requiring that "no Service member shall be involuntarily separated or denied reenlistment or continuation of active or reserve service on the basis of their gender identity, without the personal approval of the Under Secretary of Defense for Personnel and Readiness." *See* ECF No. 76-2. Secretary Carter's memorandum also required a "working group" be convened to "formulate policy options for the DoD regarding the military service of transgender Service members." *Id.* at 1.  Secretary Carter ordered that working group to "start with the presumption that transgender persons can serve openly without adverse impact on military effectiveness and readiness, unless and except where objective, practical impediments are identified." *Id.*

149.    See ¶ 148, *supra*.

150.    Denied.

151.    See ¶ 148, *supra*. Defendants also respectfully refer the Court to the 2016 RAND Study, ECF No. 32-1, for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

---

[3]    https://www.defense.gov/News/Releases/Release/Article/612778/statement-by-secretary-of-defense-ash-carter-on-dod-transgender-policy/.

ANSWER
CASE NO. 2:25-CV-241-BHS

U.S. DEPARTMENT OF JUSTICE
1100 L Street NW
Washington, DC 20530

152.    See ¶ 151, *supra*.

153.    Denied.

154.    Denied. In fact, the resulting policy still excluded many persons on the sole basis that they had a "history of gender dysphoria"; a "history of medical treatment associated with gender transition"; or a "history of sex reassignment or genital reconstruction surgery." *See* DTM-16-005, Att. §§ 2(a)(1)–(3), ECF No. 33-1 at 5–6. In any event, Defendants respectfully refer the Court to the DTM-16-005 for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

155.    Defendants respectfully refer the Court to the DTM-16-005 for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

156.    Denied.

157.    Denied.

158.    Defendants respectfully refer the Court to the cited handbook, ECF No. 31-5, for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

159.    Defendants respectfully refer the Court to the cited guidance for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

160.    Denied, except to admit that, between October 2016 and June 2017, Services conducted training on the above-cited policies.

161.    Defendants respectfully refer the Court to President Trump's July 26, 2017 tweets, ECF No. 31-6, for a full and accurate statement of their contents and deny any allegation inconsistent therewith.

162.    Denied.

163.    Denied.

ANSWER
CASE NO. 2:25-CV-241-BHS

U.S. DEPARTMENT OF
JUSTICE
1100 L Street NW
Washington, DC 20530

164.    Defendants respectfully refer the Court to the cited statement, ECF No. 31-9, for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

165.    Defendants respectfully refer the Court to the cited judicial opinions for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

166.    Defendants respectfully refer the Court to the dockets of the cited cases for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

167.    Denied.

168.    Denied.

169.    With respect to the first sentence, Defendants respectfully refer the Court to the cited testimony for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny the second sentence.

170.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

171.    Denied.

172.    Defendants respectfully refer the Court to the cited campaign statements for a full and accurate statement of their contents and deny any allegation inconsistent therewith.

173.    Defendants respectfully refer the Court to the cited campaign statements for a full and accurate statement of their contents and deny any allegation inconsistent therewith.

174.    Denied.

175.    Defendants respectfully refer the Court to Executive Order 14183, 90 Fed. Reg. 8,757 (Feb. 3, 2025), for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

176.    See ¶ 175, *supra*.

177.    See ¶ 175, *supra*.

ANSWER
CASE NO. 2:25-CV-241-BHS

U.S. DEPARTMENT OF
JUSTICE
1100 L Street NW
Washington, DC 20530

178.    See ¶ 175, *supra*.

179.    Denied.

180.    Defendants respectfully refer the Court to Executive Order 14168, 90 Fed. Reg. 8,615 (Jan. 30, 2025), for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

181.    See ¶ 180, *supra*.

182.    See ¶ 180, *supra*.

183.    See ¶ 175, *supra*.

184.    Defendants respectfully refer the Court to the cited guidance, ECF No. 58-7, for a full and accurate statement of their contents and deny any allegation inconsistent therewith.

185.    See ¶ 184, *supra*.

186.    Defendants respectfully refer the Court to the cited post for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

187.    See ¶ 184, *supra*.

188.    See ¶ 184, *supra*.

189.    See ¶ 184, *supra*.

190.    See ¶ 184, *supra*.

191.    Denied.

192.    See ¶ 184, *supra*.

193.    As to the first sentence, Defendants respectfully refer the Court to the cited filing for a full and accurate statement of its contents and deny any allegation inconsistent therewith. As to the second sentence, Defendants respectfully refer the Court to the cited guidance, ECF No. 58-8, for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

ANSWER
CASE NO. 2:25-CV-241-BHS

U.S. DEPARTMENT OF
JUSTICE
1100 L Street NW
Washington, DC 20530

194.   As to the first sentence, Defendants admit that the February 26 guidance reflects a change in DoD policy. Defendants deny the allegations in the second sentence.

195.   Denied, except to admit that each Defendant is responsible for implementing and enforcing any policy that it promulgates.

196.   Denied.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

197.   Defendants incorporate by reference the preceding responses.

198.   Plaintiffs' characterization of their claim requires no response.

199.   Plaintiffs' characterization of their claim requires no response.

200.   Plaintiffs' characterization of their claim requires no response.

201.   Plaintiffs' characterization of their claim requires no response.

202.   Plaintiffs' characterization of their claim requires no response.

203.   This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

204.   This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

205.   This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

206.   This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

207.   This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

ANSWER
CASE NO. 2:25-CV-241-BHS

U.S. DEPARTMENT OF
JUSTICE
1100 L Street NW
Washington, DC 20530

208.     This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

## SECOND CAUSE OF ACTION

209.     Defendants incorporate by reference the preceding responses.

210.     Plaintiffs' characterization of their claim requires no response.

211.     Plaintiffs' characterization of their claim requires no response.

212.     Plaintiffs' characterization of their claim requires no response.

213.     Plaintiffs' characterization of their claim requires no response.

214.     Plaintiffs' characterization of their claim requires no response.

215.     This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

216.     Defendants lack information necessary to admit or deny the allegations in this paragraph.

217.     Defendants lack information necessary to admit or deny the allegations in this paragraph.

218.     This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

219.     This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

220.     This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

221.     This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

ANSWER
CASE NO. 2:25-CV-241-BHS

U.S. DEPARTMENT OF
JUSTICE
1100 L Street NW
Washington, DC 20530

222.    This paragraph and its subparagraphs set forth legal conclusions, to which no response is required. To the extent any response is deemed required, denied.

223.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

224.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

225.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

226.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

227.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

228.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

### THIRD CAUSE OF ACTION

229.    Defendants incorporate by reference the preceding responses.

230.    Plaintiffs' characterization of their claim requires no response.

231.    Plaintiffs' characterization of their claim requires no response.

232.    Plaintiffs' characterization of their claim requires no response.

233.    Plaintiffs' characterization of their claim requires no response.

234.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

235.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

ANSWER
CASE NO. 2:25-CV-241-BHS

U.S. DEPARTMENT OF
JUSTICE
1100 L Street NW
Washington, DC 20530

236.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

237.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

238.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

### FOURTH CAUSE OF ACTION

239.    Defendants incorporate by reference the preceding responses.

240.    Plaintiffs' characterization of their claim requires no response.

241.    Plaintiffs' characterization of their claim requires no response.

242.    Plaintiffs' characterization of their claim requires no response.

243.    Plaintiffs' characterization of their claim requires no response.

244.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

245.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

246.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

247.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

248.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

### PRAYER FOR RELIEF

Plaintiffs' prayer for relief requires no response. To the extent a response is required,

ANSWER
CASE NO. 2:25-CV-241-BHS

U.S. DEPARTMENT OF
JUSTICE
1100 L Street NW
Washington, DC 20530

1   Defendants deny that Plaintiffs are entitled to the requested relief or to any relief.

2                              **AFFIRMATIVE DEFENSES**

3        1.      Plaintiffs have failed to state a claim on which relief can be granted.

4        2.      Plaintiffs have failed to exhaust their administrative remedies.

5        3.      Plaintiff Gender Justice League lacks organizational standing.

6        4.      Plaintiff Gender Justice League lacks associational standing.

7

8   DATE:  May 19, 2025            Respectfully submitted,

9                                 YAAKOV M. ROTH
                                  Acting Assistant Attorney General
10
                                  ALEXANDER K. HAAS
11                                Director, Federal Programs Branch

12                                JEAN LIN
                                  Special Litigation Counsel
13
                                  */s/ Jason C. Lynch*
14                                JASON C. LYNCH (D.C. Bar No. 1016319)
                                  ELIZABETH B. LAYENDECKER
15                                Trial Attorneys
                                  United States Department of Justice
16                                Civil Division, Federal Programs Branch
                                  1100 L Street NW
17                                Washington, DC 20005
                                  Telephone: 202.514.1359
18                                Jason.Lynch@usdoj.gov

19                                *Attorneys for Defendants*

20

21

22

23

24

25

26

ANSWER
CASE NO. 2:25-CV-241-BHS

U.S. DEPARTMENT OF
JUSTICE
1100 L Street NW
Washington, DC 20530