THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COMMANDER EMILY SHILLING; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | No. 2:25-cv-241-BHS<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR STAY**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**NOTE ON MOTION CALENDAR: AUGUST 22, 2025** |

PLAINTIFFS' OPPOSITION
TO MOTION FOR STAY
(CASE NO. 2:25-CV-241-BHS)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

# TABLE OF CONTENTS

**Page(s)**

INTRODUCTION .......................................................................................................................... 1

LEGAL STANDARD .................................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

      I.      The balance of hardships weighs against a stay of proceedings ............................ 2

      II.     Judicial efficiency also weighs against a stay of proceedings. ............................... 4

      III.    Neither *Skrmetti* nor *CASA* counsels in favor of a stay of proceedings. ................. 7

CONCLUSION ............................................................................................................................. 10

PLAINTIFFS' OPPOSITION TO
MOTION FOR STAY- i
(CASE NO. 2:25-CV-241-BHS)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Am. Ass'n of Physicians for Hum. Rts., Inc. v. Nat'l Inst. of Health*,
    No. 8:25-cv-01620-LKG (D. Md. Aug. 14, 2025) .................................................................. 8

*Amoco Prod. Co. v. Village of Gambell*,
    480 U.S. 531 (1987) ............................................................................................................ 5, 6

*Bostock v. Clayton County*,
    590 U.S. 644 (2020) ............................................................................................................ 7, 8

*CMAX, Inc. v. Hall*,
    300 F.2d 265 (9th Cir. 1962) ............................................................................................... 2, 5

*Dependable Highway Exp., Inc. v. Navigators Ins. Co.*,
    498 F.3d 1059 (9th Cir. 2007) ................................................................................................ 5

*Doe v. Horne*,
    115 F.4th 1083 (9th Cir. 2024) ............................................................................................... 8

*Doe v. South Carolina*,
    No. 25-1787, 2025 WL 2375386 (4th Cir. Aug. 15, 2025) ..................................................... 8

*E. Bay Sanctuary Covenant v. Biden*,
    993 F.3d 640 (9th Cir. 2021) .................................................................................................. 6

*E. Bay Sanctuary Covenant v. Trump*,
    No. 18-cv-06810, 2019 WL 1048238 (N.D. Cal. Mar. 5, 2019) .......................................... 2, 4

*Farris v. Seabrook*,
    No. 11-5431 RJB, 2011 WL 3665123 (W.D. Wash. Aug. 19, 2011) ...................................... 3

*Hecox v. Little*,
    104 F.4th 1061 (9th Cir. 2024) ............................................................................................... 8

*In re PG&E Corp. Sec. Litig.*,
    100 F.4th 1076 (9th Cir. 2024) ............................................................................................ 2, 5

*Karnoski v. Trump*,
    926 F.3d 1180 (9th Cir. 2019) ............................................................................................ 8, 9

*Kuang v. U.S. Dep't of Def.*,
    No. 18-cv-03698, 2019 WL 1597495 (N.D. Cal. Apr. 15, 2019) ........................................ 2, 4

PLAINTIFFS' OPPOSITION TO MOTION FOR STAY- ii
(CASE NO. 2:25-CV-241-BHS)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

Lambda Legal Defense and Education Fund, Inc.
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

Human Rights Campaign Foundation
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936)............................................................................................................ passim

*Lockyer v. Mirant Corp.*,
    398 F.3d 1098 (9th Cir. 2005) .......................................................................................2, 3, 4

*LSP Transmission Holdings II, LLC v. Huston*,
    131 F.4th 566 (7th Cir. 2025) .............................................................................................5, 6

*Nelson Cap., LLC v. Campbell*,
    No. 19-cv-00089, 2019 WL 2123568 (W.D. Wash. May 15, 2019) ...................................3, 4

*Nken v. Holder*,
    556 U.S. 418 (2009)...............................................................................................................2

*Plotkin v. Pac. Tel. & Tel. Co.*,
    688 F.2d 1291 (9th Cir. 1982) ...............................................................................................2

*Skrmetti v. United States*,
    145 S. Ct. 1816 (2025).................................................................................................7, 8, 9

*Talbott v. United States*,
    775 F. Supp. 3d 283 (D.D.C. 2025) .......................................................................................9

*Trump v. CASA, Inc.*,
    145 S. Ct. 2540 (2025).....................................................................................................7, 10

*United States v. Shilling*,
    No. 24A1030, 2025 WL 1300282 (U.S. May 6, 2025) ..........................................................4

*Washington v. Trump*,
    No. 25-cv-00244, 2025 WL 1180290 (W.D. Wash. Apr. 23, 2025) ...................................2, 3

*Washington v. Trump*,
    No. C17-0141, 2017 WL 2172020 (W.D. Wash. May 17, 2017).......................................3, 4

*Yong v. I.N.S.*,
    208 F.3d 1116 (9th Cir. 2000) ...............................................................................................6

**OTHER AUTHORITIES**

Exec. Order No. 14183 ................................................................................................................1, 3

Exec. Order No. 14183, § 1, 90 Fed. Reg. 8757, 8757 (Jan. 27, 2025).........................................10

PLAINTIFFS' OPPOSITION TO
MOTION FOR STAY- iii
(CASE NO. 2:25-CV-241-BHS)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

Lambda Legal Defense and
Education Fund, Inc.
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

Human Rights Campaign
Foundation
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

## INTRODUCTION

Unsatisfied with the Supreme Court's indefinite stay of this Court's preliminary injunction—which would have prevented Defendants from kicking out thousands of dedicated, decorated, and combat-ready servicemembers like Plaintiffs from the military simply because they are transgender—Defendants now seek to have their cake and eat it too, requesting that this Court stay proceedings entirely until their preliminary injunction appeal has run its course. Defendants claim that their stay request serves only to conserve this Court's and the parties' resources. Not so.

Staying these proceedings would prevent Plaintiffs from further pursuing their case by way of conducting (limited) discovery and seeking permanent relief enabling Defendants to proceed with discharging Plaintiffs and all transgender servicemembers from the military in accordance with Executive Order 14183 and related implementing policies (together, "the Ban" or "Military Ban"). Such an outcome would undermine, not serve, the ends of justice, especially given this Court's determination that Plaintiffs are likely to succeed on their claim that their discharge under these policies is unconstitutional.

Defendants present no hardship, no inequity, and no urgent need for this Court to stay proceedings until their preliminary injunction appeal has concluded. In reality, it is *Plaintiffs* who will imminently suffer irreparable harm if these proceedings grind to a halt. This Court should deny Defendants' motion for a stay of proceedings.

## LEGAL STANDARD

A district court's decision to stay proceedings "calls for the exercise of judgment," requiring the court to "weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). These competing interests include: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected
PLAINTIFFS' OPPOSITION TO
MOTION FOR STAY- 1
(CASE NO. 2:25-CV-241-BHS)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Lambda Legal Defense and
Education Fund, Inc.
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

Human Rights Campaign
Foundation
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

to result from a stay."[1] *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). A district court should not grant a stay when neither the balance of hardships nor judicial efficiency favors one. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 255).

Defendants argue that the traditional stay factors outlined in *Nken v. Holder*, 556 U.S. 418, 426 (2009) apply here, but they are wrong. Defendants seek to stay the *proceedings*, not a particular *judgment*—so *Landis* applies, not *Nken*. *See Kuang v. U.S. Dep't of Def.*, No. 18-cv-03698, 2019 WL 1597495, at *2–4 (N.D. Cal. Apr. 15, 2019) (collecting cases). It makes no difference that the pending interlocutory appeal is from this case rather than an independent matter: *Landis* applies either way. *See id.*[2]

## ARGUMENT

Far from *Landis*'s charge to "maintain an even balance," 299 U.S. at 255, staying these proceedings would disproportionately harm Plaintiffs and benefit Defendants—a lopsided result unsupported by the balance of hardships or judicial efficiency. This Court should deny Defendants' motion.[3]

### I.   The balance of hardships weighs against a stay of proceedings.

Stays of proceedings are disfavored where, as here, preliminary relief is not available to the party opposing the stay. *See Washington v. Trump*, No. 25-cv-00244, 2025 WL 1180290, at *2 (W.D. Wash. Apr. 23, 2025) (quoting *Lockyer*, 398 F.3d at 1112); *Kuang*, 2019 WL 1597495, at *4; *E. Bay Sanctuary Covenant v. Trump*, No. 18-cv-06810, 2019 WL 1048238, at *2 (N.D. Cal.

---

[1] Courts refer to the third factor as "judicial efficiency." *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024).

[2] Even if *Nken* applied, staying the proceedings is unwarranted because Defendants have not made a strong showing that they are likely to succeed on the merits or will be irreparably injured absent a stay of proceedings. *See Nken*, 556 U.S. at 434. A stay of proceedings would irreparably injure Plaintiffs, who face imminent discharge proceedings, and is not in the public interest. *See id.*

[3] To the extent Defendants argue that this Court is without jurisdiction to hold further proceedings, they are mistaken. *See Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982) ("We hold that an appeal from an interlocutory order does not stay the proceedings, as it is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case.").

PLAINTIFFS' OPPOSITION TO MOTION FOR STAY- 2
(CASE NO. 2:25-CV-241-BHS)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

Lambda Legal Defense and Education Fund, Inc.
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

Human Rights Campaign Foundation
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

Mar. 5, 2019). Moreover, where "[t]here is more than just a 'fair possibility'" that a stay of proceedings will impede a party's ability to seek injunctive or declaratory relief, "the party seeking the stay 'must make out a clear case of hardship or inequity.'" *Lockyer*, 398 F.3d at 1112 (quoting *Landis*, 299 U.S. at 255). "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112; *see also Nelson Cap., LLC v. Campbell*, No. 19-cv-00089, 2019 WL 2123568, at *2 (W.D. Wash. May 15, 2019) ("Defendants argue that without a stay they will have to spend considerable time, money, and resources on discovery, motions practice, and trial. Defendants' burden of producing discovery, preparing for trial, and trial, however, does not demonstrate hardship.").[4]

There is more than just a fair possibility that Plaintiffs will suffer harm if this Court grants a stay of proceedings. Plaintiffs seek injunctive and declaratory relief, *see* Dkt. No. 59 at 38, and if this Court concludes that Plaintiffs' claims are meritorious, then Executive Order No. 14183 and all related policies and directives present ongoing constitutional violations that irreparably harm current and aspiring transgender servicemembers. *Cf. Lockyer*, 398 F.3d at 1112.

The unavailability to Plaintiffs of preliminary relief also "militates against a stay." *Washington*, 2025 WL 1180290, at *2. This Court concluded that Plaintiffs were entitled to a preliminary injunction because they are "likely to succeed on the merits of their claims, and they have raised serious and important questions going to the merits of those claims," and since they are "likely to suffer … irreparable harm," the balance of hardships tips "sharply toward[s]" them, given "[t]here can be few matters of greater public interest in this country than protecting the

---

[4] Defendants cite to *Washington v. Trump*, No. C17-0141, 2017 WL 2172020, at *4 (W.D. Wash. May 17, 2017), in support for their motion for a stay of proceedings. But that case is inapposite. In *Washington v. Trump*, the Court had already enjoined one of the executive orders at issue and a different court had enjoined the key provisions of the second executive order at issue nationwide. As such, the presence of temporary injunctive relief during the course of the appellate proceedings in the other case mitigated in favor of a stay. Here, however, the Ban is currently in effect. *Farris v. Seabrook*, No. 11-5431 RJB, 2011 WL 3665123, at *2 (W.D. Wash. Aug. 19, 2011), is likewise inapt. In *Farris*, the court stayed proceedings, but its preliminary injunction order, which was under appeal, remained in effect.

PLAINTIFFS' OPPOSITION TO MOTION FOR STAY- 3
(CASE NO. 2:25-CV-241-BHS)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

Lambda Legal Defense and Education Fund, Inc.
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

Human Rights Campaign Foundation
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

constitutional rights of its citizens." Dkt. No. 104 at 65. Still, the Supreme Court stayed this Court's preliminary injunction pending appeal. *See United States v. Shilling*, No. 24A1030, 2025 WL 1300282, at *1 (U.S. May 6, 2025).

Plaintiffs are certain to suffer irreparable harm if this Court stays proceedings because there is no preliminary relief in place. *See* Dkt. No. 104 at 58–60; *cf. Kuang*, 2019 WL 1597495, at *4; *E. Bay Sanctuary Covenant*, 2019 WL 1048238, at *2. They will be deprived of their constitutional rights, which "unquestionably constitutes irreparable injury." Dkt. No. 104 at 59 (quoting *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017)). They will suffer "a definitive loss of career in service to their country directly attributable to the … Hegseth Policy and Military Ban." *Id.* at 60. Upon discharge, active-duty Plaintiffs, who have "develop[ed] unique skills in [their] career[s]," will be left unable to "find another military employer outside of the United States Armed Forces." *Id.* Staying these proceedings will only ensure that Plaintiffs suffer these harms.

Given the harm to Plaintiffs, Defendants must "make out a clear case of hardship or inequity." *Landis*, 299 U.S. at 255. They cannot do so. Defendants' objections amount to nothing more than complaining about "being required to defend a suit," which does not satisfy their burden. *Lockyer*, 398 F.3d at 1112.

Even if Defendants were required to spend considerable resources defending this lawsuit, that would not justify the requested stay. *See Nelson Cap., LLC*, 2019 WL 2123568, at *2. In any case, Plaintiffs do not plan to seek expansive, "resource intensive discovery." *Washington*, 2017 WL 2172020, at *4. Instead, they plan to seek modest discovery on limited issues before expeditiously seeking permanent injunctive relief.

Plaintiffs face irreparable harms if the district court proceedings are stayed; Defendants do not. The balance of hardships thus weighs decidedly in Plaintiffs' favor.

**II.    Judicial efficiency also weighs against a stay of proceedings.**

Defendants seek a stay until their appeal of this Court's preliminary injunction is complete—that is, following the Ninth Circuit's ruling and, if sought, the Supreme Court's

PLAINTIFFS' OPPOSITION TO MOTION FOR STAY- 4
(CASE NO. 2:25-CV-241-BHS)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

Lambda Legal Defense and Education Fund, Inc.
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

Human Rights Campaign Foundation
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

disposition of a timely petition for a writ of certiorari. Judicial efficiency considerations do not warrant such a prolonged stay.

While courts may consider whether a stay would serve "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law," *CMAX, Inc.*, 300 F.2d at 268, judicial efficiency "standing alone is not necessarily a sufficient ground to stay proceedings," *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). Even if this Court has concerns about judicial efficiency, it still must "weigh the relative hardships that a stay might cause." *In re PG&E Corp. Secs. Litig.*, 100 F.4th at 1087. This Court should grant a stay only if those efficiencies outweigh the hardships. *See id.* at 1088 (vacating stay and remanding when the district court gave "no indication that Plaintiffs' specific objections were considered or why the efficiencies the district court [sought] to gain outweigh[ed] the potential prejudice caused by the significant delay").

Any efficiencies the Defendants claim do not outweigh the hardships the requested stay would inflict on Plaintiffs for several reasons.

The Ninth Circuit's resolution of the preliminary injunction appeal will not meaningfully simplify the issues remaining before this Court. The Ninth Circuit is considering the propriety of this Court's preliminary injunction, including whether the Plaintiffs are likely to succeed on the merits of their claims and whether the injunction's nationwide scope was proper. These issues likely will have little bearing on Plaintiffs' *actual* success on a more developed record. *See LSP Transmission Holdings II, LLC*, 131 F.4th at 580; *Amoco Prod. Co.*, 480 U.S. at 546 n.12. The Ninth Circuit's ruling will not provide further evidence or factual findings that will assist this Court. *See In re PG&E Corp. Sec. Litig.*, 100 F.4th at 1086. And it will have no impact on any future discovery issues given the expected narrow scope of discovery here. For example, even if the Government is correct that this Court failed to give proper deference to the military, Plaintiffs will still be entitled to seek discovery on whether the military's judgment was "reasoned and reasonable." No. 25-2039 (9th Cir.), Dkt. No. 33.1, at 2.

PLAINTIFFS' OPPOSITION TO MOTION FOR STAY- 5
(CASE NO. 2:25-CV-241-BHS)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

Lambda Legal Defense and Education Fund, Inc.
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

Human Rights Campaign Foundation
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

Additionally, given the impending irreparable harm to Plaintiffs, *any* judicial efficiency concerns must yield. Conserving resources must not come at the cost of constitutional rights, especially when, as here, Defendants face no hardship or inequity by having to defend their actions.

Furthermore, even if judicial efficiency concerns warrant a brief stay of proceedings, Defendants' requested stay would result in an undue delay and thus should not be granted in full. See *Landis*, 299 U.S. at 256 ("[T]he burden of making out the justice and wisdom of a departure from the beaten track lay heavily on the petitioners, suppliants for relief, and discretion was abused if the stay was not kept within the bounds of moderation."); *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000) ("If a stay is especially long or its term is indefinite, we require a greater showing to justify it.").

Moreover, the Supreme Court's stay of the preliminary injunction in this case does not dictate the outcome of the Ninth Circuit's review. For one, the Supreme Court did not provide any reasoning for its stay order. As such, no one knows why the stay was granted—whether the Court's decision was based on its view of the merit of the claims, the balance of the equities, or the scope of the injunction To the extent the Supreme Court stayed this Court's preliminary injunction based on a view of the merits, at most the Supreme Court was merely *predicting* the likelihood of success of Plaintiffs' claims. By contrast, the Ninth Circuit will be "*deciding* the likelihood of success of the actual litigation." *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 660 (9th Cir. 2021) (emphasis added). "Such a predictive analysis should not, and does not, forever decide the merits of the parties' claims." *Id.* at 661.

So, too, with the effect of a preliminary injunction ruling on permanent injunctive relief. The former addresses the *likelihood* of success on the merits; the latter decides the *actual* success on the merits. See *LSP Transmission Holdings II, LLC v. Huston*, 131 F.4th 566, 580 (7th Cir. 2025); *see also Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987). If this Court grants Plaintiffs permanent injunctive relief that Defendants believe exceeds this Court's authority, then Defendants may seek an appeal. Seeking relief now puts the cart before the horse.

PLAINTIFFS' OPPOSITION TO
MOTION FOR STAY- 6
(CASE NO. 2:25-CV-241-BHS)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

1     Staying these proceedings until the Ninth Circuit—and potentially even the Supreme Court—rules on the propriety of this Court's preliminary injunction is unreasonable, particularly given the urgency of Plaintiffs' claims and the imminence of their discharge from the military. It will likely take the Ninth Circuit months before they issue a decision after the October 20, 2025 oral argument, and an appeal to the U.S. Supreme Court could take even more time if they should decide to grant certiorari. In the meantime, the ongoing implementation of the Military Ban will continue to inflict serious harm to Plaintiffs and other transgender servicemembers and their families who are being investigated, denied promotional opportunities, discharged and who face serious uncertainty about their future. At the very least, Defendants have not made a sufficient showing justifying such a stay.

### III.     Neither *Skrmetti* nor *CASA* counsels in favor of a stay of proceedings.

Defendants point to *Skrmetti v. United States*, 145 S. Ct. 1816 (2025), and *Trump v. CASA, Inc.*, 145 S. Ct. 2540 (2025), to argue in favor of stay of the proceedings. But not only are Defendants' arguments about the merits misplaced when it comes to whether a stay of proceedings is warranted, they are also mistaken.

In the first instance, Defendants lean heavily on the recent decision by the Supreme Court in *Skrmetti v. United States*, 145 S. Ct. 1816 (2025), to argue that the trial court should pause proceedings until the Ninth Circuit provides clarification on the proper standard of review for Plaintiff's equal protection claim. Dkt. No. 123 at 6. But nothing in *Skrmetti* speaks to this case and in any event, it is highly distinguishable.

Defendants misrepresent *Skrmetti*'s holding and import. In *Skrmetti*, the Supreme Court did not back away from the holding in *Bostock v. Clayton County*, 590 U.S. 644 (2020), that "discrimination based on … transgender status necessarily entails discrimination based on sex." *Bostock*, 590 U.S. at 669. To the contrary, it reaffirmed it. *See Skrmetti*, 145 S. Ct. at 1834. Furthermore, *Skrmetti* did not reject Plaintiffs' arguments here that *Bostock*'s reasoning applies in the equal protection context. *See id.* ("We have not yet considered whether *Bostock*'s reasoning

PLAINTIFFS' OPPOSITION TO MOTION FOR STAY- 7
(CASE NO. 2:25-CV-241-BHS)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

Lambda Legal Defense and Education Fund, Inc.
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

Human Rights Campaign Foundation
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

reaches beyond the Title VII context, and we need not do so here."). And the Ninth Circuit repeatedly has extended the reach of *Bostock*. *See, e.g.*, *Doe v. Horne*, 115 F.4th 1083, 1107 (9th Cir. 2024) (applying *Bostock* to equal protection claim); *Hecox v. Little*, 104 F.4th 1061, 1079–80 (9th Cir. 2024), *as amended* (June 14, 2024) (same), *cert. granted*, No. 24-38, 2025 WL 1829165 (U.S. July 3, 2025). Thirdly, *Skrmetti* did not reject Plaintiffs' arguments that classifications based on transgender status are subject to heightened scrutiny, as Plaintiffs have argued here. To the contrary, it expressly declined to address the question. *See* 145 S. Ct. at 1832 ("This Court has not previously held that transgender individuals are a suspect or quasi-suspect class. And this case, in any event, does not raise that question[.]"). As such, the Ninth Circuit's binding precedent that heightened scrutiny applies to classifications based on transgender status remains the law of this Circuit. *See Doe*, 115 F.4th at 1102; *Hecox*, 104 F.4th at 1079; *Karnoski v. Trump*, 926 F.3d 1180, 1200–01 (9th Cir. 2019); *see also Doe v. South Carolina*, No. 25-1787, 2025 WL 2375386 (4th Cir. Aug. 15, 2025) ("*Grimm* remains the law of this Circuit and is thus binding on all the district courts within it."); Mem. Op. at 21-22, *Am. Ass'n of Physicians for Hum. Rts., Inc. v. Nat'l Inst. of Health*, No. 8:25-cv-01620-LKG (D. Md. Aug. 14, 2025) (ECF No. 94) (holding that heightened scrutiny applies to transgender status classifications under Fourth Circuit precedent notwithstanding defendants' similar arguments about *Skrmetti*).

Defendants further assert that the Ban is similar to the Tennessee statute at issue in *Skrmetti*, which barred the provision of gender-affirming medical care to minors, because it purportedly classifies based on gender dysphoria. The Ban is nothing of the sort. The Military Ban does not classify based on age or the use of certain medical treatments. Nor is the Ban like the statute at issue in *Skrmetti* which was specific to the "medical context" and therefore only made incidental references to sex in regulating "medical treatments and procedures [that] are uniquely bound up in sex." *Skrmetti*, 145 S. Ct. at 1829. The Ban regulates military service and targets all transgender servicemembers, regardless of whether they have received any medical treatment or have even been diagnosed with gender dysphoria, for disparate treatment and discharge. To the extent the

PLAINTIFFS' OPPOSITION TO MOTION FOR STAY- 8
(CASE NO. 2:25-CV-241-BHS)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

Lambda Legal Defense and Education Fund, Inc.
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

Human Rights Campaign Foundation
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

1  Ban refers to gender dysphoria, it does so as a means of identifying transgender servicemembers
2  for separation. *See, e.g.*, Dkt. No. 92-1 (March 21 Memo) (delineating identification process of
3  transgender members for separation based on medical record review, among other mechanisms).
4  In other words, the Ban "regulates a class of *persons* identified on the basis of a specified
5  characteristic." *Skrmetti*, 145 S. Ct. at 1834 n.3. As the Supreme Court explained in *Skrmetti*,
6  "[n]either [its] analysis [in *Skrmetti*] nor *Geduldig* speaks to a law that classifies on such a basis."
7  *Id.*

8  The Ninth Circuit's precedential decision in *Karnoski* is particularly instructive here.
9  There, the Ninth Circuit found "unpersuasive" the government's argument that its exclusionary
10 military policy was based on "gender dysphoria" and not transgender status because "[o]n its face,
11 the 2018 Policy regulates on the basis of transgender status" and therefore "on its face treats
12 transgender persons differently than other persons." *Karnoski*, 926 F.3d at 1201. The same is true
13 here.

14 Furthermore, the plaintiffs in *Skrmetti* "ha[d] not argued that [the law]'s prohibitions are
15 mere pretexts designed to effect an invidious discrimination against transgender individuals." 145
16 S. Ct. at 1833. Plaintiffs here have done so. *See* Dkt. Nos. 23 at 21–24; 82 at 3–4. And this Court
17 has already found that "[t]he Hegseth Policy uses gender dysphoria as a proxy to ban all
18 transgender service members." Dkt. 104 at 29.

19 In addition, *Skrmetti* reaffirmed that even "where a law's classifications are neither covertly
20 nor overtly based on sex"—and here they are—such a law is still subject to "heightened review"
21 if "it was motivated by an invidious discriminatory purpose." 145 S. Ct. at 1832 (citing *Pers.*
22 *Adm'r of Mass. v. Feeney*, 442 U.S. 256, 271–74 (1979), and *Village of Arlington Heights v. Metro.*
23 *Hous. Dev. Corp.*, 429 U.S. 252, 264–66 (1977)). Here, as Plaintiffs have amply documented, the
24 Ban is based on animus towards transgender people. *See* Dkt. Nos. 23 at 21–23; 82 at 3–4; *see*
25 *also Talbott v. United States*, 775 F. Supp. 3d 283, 326–32 (D.D.C. 2025), *appeal filed*, No. 25-
26 5087 (D.C. Cir. Mar. 27, 2025). Indeed, the Military Ban insists that "expressing a false 'gender

PLAINTIFFS' OPPOSITION TO
MOTION FOR STAY- 9
(CASE NO. 2:25-CV-241-BHS)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

identity' divergent from an individual's sex cannot satisfy the rigorous standards necessary for military service." Exec. Order. No. 14183, § 1, 90 Fed. Reg. 8757, 8757 (Jan. 27, 2025).

Defendants also point to *Trump v. CASA, Inc*. But *CASA* is wholly inapposite, as it concerned a request for a limited stay of the scope of a preliminary injunction rather than a stay halting district court proceedings in their entirety. *CASA* provides no basis for Defendants' extraordinarily broad assertion that the Government suffers irreparable harm any time it must defend against a lawsuit. *CASA* recognized that an injunction may benefit third parties to the extent its scope is necessary to provide complete relief to the plaintiffs. As such, what effect *CASA* has on the scope of any permanent injunctive relief is something this Court can assess when deciding whether a permanent injunction is warranted.

## CONCLUSION

The balance of hardships and judicial efficiency weigh against a stay of proceedings. This Court should deny Defendants' motion.

PLAINTIFFS' OPPOSITION TO MOTION FOR STAY- 10
(CASE NO. 2:25-CV-241-BHS)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

Lambda Legal Defense and Education Fund, Inc.
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

Human Rights Campaign Foundation
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

1  Respectfully submitted this 18th day of August, 2025.

2

3  I certify that this memorandum contains 3,564 words, in compliance with Local Civil Rules.

By: *s/ Matthew P. Gordon*
Matthew P. Gordon, WSBA No. 41128
Abdul Kallon, WSBA No. 60719
Sarah Grant, WSBA No. 63879
**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: MGordon@perkinscoie.com
Email: AKallon@perkinscoie.com
Email: SarahGrant@perkinscoie.com

Danielle Sivalingam (*pro hac vice*)
Perkins Coie LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone: 415.344.7000
Facsimile: 415.344.7050
Email: DSivalingam@perkinscoie.com

Gabriella Romanos Abihabib (*pro hac vice*)
Perkins Coie LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
Telephone: 212.262.6900
Facsimile: 212.977.1649
Email: GRomanos@perkinscoie.com

Mary Grace Thurmon (*pro hac vice*)
Bo Yan Moran (*pro hac vice*)
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350
Email: MThurmon@perkinscoie.com
Email: BMoran@perkinscoie.com

*Attorneys for Plaintiffs*

PLAINTIFFS' OPPOSITION TO MOTION FOR STAY- 11
(CASE NO. 2:25-CV-241-BHS)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

Sasha Buchert (*pro hac vice*)
Lambda Legal Defense and Education Fund, Inc.
815 16th St. NW, Suite 4140
Washington, DC 20006
Telephone: 202.804.6245
Facsimile: 855.535.2236
Email: SBuchert@lambdalegal.org

Jennifer C. Pizer (*pro hac vice*)
Lambda Legal Defense and Education Fund, Inc.
800 South Figueroa Street, Suite 1260
Los Angeles, CA 90017
Telephone: 213.382.7600
Facsimile: 855.535.2236
Email: JPizer@lambdalegal.org

Camilla B. Taylor (*pro hac vice*)
Kenneth Dale Upton, Jr. (*pro hac vice*)
Lambda Legal Defense and Education Fund, Inc.
3656 N Halsted St.
Chicago, IL 60613
Telephone: 312.663.4413
Facsimile: 855.535.2236
Email: CTaylor@lambdalegal.org
Email: KUpton@lambdalegal.org

Omar Gonzalez-Pagan (*pro hac vice*)
Lambda Legal Defense and Education Fund, Inc.
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212.809.8585
Facsimile: 855.535.2236
Email: OGonzalez-Pagan@lambdalegal.org

Kell Olson (*pro hac vice*)
Lambda Legal Defense and Education Fund, Inc.
3849 E Broadway Blvd, #136
Tucson, AZ 85716
Telephone: 323.370.6915
Facsimile: 855.535.2236
Email: KOlson@lambdalegal.org

*Attorneys for Plaintiffs*

PLAINTIFFS' OPPOSITION TO
MOTION FOR STAY- 12
(CASE NO. 2:25-CV-241-BHS)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

Cynthia Cheng-Wun Weaver (*pro hac vice*)
Ami Rakesh Patel (*pro hac vice*)
Human Rights Campaign Foundation
1640 Rhode Island Ave. N.W.
Washington, DC 20036
Telephone: 202.527.3669
Facsimile: 202.347.5323
Email: Cynthia.Weaver@hrc.org
Email: Ami.Patel@hrc.org

*Attorneys for Plaintiffs*

PLAINTIFFS' OPPOSITION TO MOTION FOR STAY- 13
(CASE NO. 2:25-CV-241-BHS)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762