THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COMMANDER EMILY SHILLING, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | No. 2:25-cv-241-BHS <br><br> DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING APPEAL FROM PRELIMINARY INJUNCTION <br><br> NOTE ON MOTION CALENDAR: <br> August 22, 2025 |

    Defendants respectfully submit this reply in further support of their Motion to Stay Proceedings Pending Appeal from Preliminary Injunction (ECF No. 123, "Defs. Stay Mot.").

    As Defendants explained in their motion, a stay of further district court proceedings until the parties and the Court receive appellate guidance would promote judicial economy and conserve party resources, particularly where, as here, the Supreme Court has issued three intervening decisions that undermine Plaintiffs' claims and request for relief and indicate that Defendants are likely to succeed on the merits in this case. Continuing forward with district court proceedings while Defendants' preliminary injunction appeal is pending would result in needlessly duplicative litigation, potentially unnecessary motion practice, and waste of judicial resources to resolve merits and discovery issues that ultimately may prove to be unnecessary.

    The Government's request for a stay is warranted particularly because the Ninth Circuit is

REPLY IN SUPPORT OF
MOTION TO STAY
PROCEEDINGS
CASE NO. 2:25-CV-241-BHS

U.S. DEPARTMENT OF
JUSTICE
1100 L Street NW
Washington, DC 20530

poised to decide the appeal without undue delay. At the time of Defendants' motion, the Ninth Circuit argument was scheduled for either October 20–24, 2025, or November 3–7, 2025. The Ninth Circuit has since scheduled argument for the earliest of those dates, October 20, 2025. *See* Notice of Oral Arg., *Shilling v. United States*, No. 25-2039 (9th Cir. Aug. 10, 2025).

In Plaintiffs' Opposition to Defendants' Motion for Stay (ECF No. 126, "Pls. Opp'n"), Plaintiffs mischaracterize Defendants as being "[u]nsatisfied with the Supreme Court's indefinite stay of this Court's preliminary injunction." *Id.* at 1. That is not so, especially when at least five Justices determined that Defendants are likely to succeed on the merits of Plaintiffs' claims. *United States v. Shilling*, No. 24A1030, 2025 WL 1300282 (U.S. May 6, 2025). Plaintiffs take the puzzling position that the Supreme Court's stay supports their opposition because "preliminary relief is not available" to them. Pls. Opp'n at 2. But "preliminary relief is not available" to them because the Supreme Court determined that the government's stay application has shown (1) a likelihood of success on the merits, (2) a reasonable probability of obtaining certiorari, and (3) a likelihood of irreparable harm. *See Hollingsworth* v. *Perry*, 558 U.S. 183, 190 (2010) (per curiam) (standard for granting a stay by the Supreme Court). Plaintiffs have not cited a single case where a district court determined that the Supreme Court's stay of the district court's injunction weighed in favor of moving forward in the district court litigation. *See* Pls. Opp'n at 2-3. Tellingly, in all three cases that Plaintiffs cite, *Washington v. Trump*, *Kuang v. Dep't of Defense*, and *E. Bay Sanctuary Covenant v. Trump*, the district court *granted* the Government's stay request pending the preliminary injunction appeal. The fact that the Supreme Court has expressed doubt about the merits of Plaintiffs' claims in this case further strengthens the Government's position that a district court stay is warranted.

Plaintiffs also assert that they will suffer "irreparable harm if these proceedings grind to a halt." Pls. Opp'n at 1. To begin, even if this case presents a close case on the issue of harm, the Supreme Court has already weighed the relative harm in favor of the government when it stayed this Court's injunction. *See Hollingsworth*, 558 U.S. at 190 (in "close cases," "the Court will

REPLY IN SUPPORT OF
MOTION TO STAY
PROCEEDINGS
CASE NO. 2:25-CV-241-BHS

U.S. DEPARTMENT OF
JUSTICE
1100 L Street NW
Washington, DC 20530

balance the equities and weigh the relative harms"). Moreover, the Supreme Court stayed the injunction on May 6, 2025 (over three months ago), and Defendants answered the amended complaint on May 19, 2025 (also over three months ago). The case has not progressed, and it was only after Defendants moved to formalize the status quo that Plaintiffs claimed "irreparable harm" that would ensue from a "halt" of the district court proceedings. Thus, this Court should not credit Plaintiffs' claims of "urgency" and the "continue[d] inflict[ion] of serious harm." *Id.* at 7.

      Equally unpersuasive is Plaintiffs' argument that "[t]he Ninth Circuit's resolution of the preliminary injunction appeal will not meaningfully simplify the issues remaining before this Court." Pls. Opp'n at 5. Defendants showed in their motion that in light of the intervening Supreme Court stay and its decisions in *United States v. Skrmetti*, 145 S. Ct. 1816 (2025), and *Trump v. CASA, Inc.*, 145 S. Ct. 2540 (2025), it is likely that the forthcoming Ninth Circuit decision (and any subsequent Supreme Court review) could significantly narrow—or at least guide—further proceedings in this case. Defs. Stay Mot. at 5-8. Pending before the Ninth Circuit are legal questions about the appropriate standard of review, military deference, First Amendment, equitable estoppel, and due process rights. *Id.* at 7-8. Defendants believe that the intervening Supreme Court cases "undermine[]" Plaintiffs' claims. *Id.* at 2. Plaintiffs, in contrast, argue that *Skrmetti* is "distinguishable," *CASA* is "wholly inapposite," and Defendants' view of those cases is "mistaken." Pls. Opp'n at 7-10. The parties' divergent views prove the point. Given that these conflicting views of the critical legal issues presented in Plaintiffs' case are now before the Ninth Circuit, it makes little sense for this Court and the parties to expend the resources necessary for a full presentation of those issues at this time. *See Shilling*, No. 25-2039 (9th Cir.): Opening Br. (ECF No. 33), Answering Br. (ECF No. 39), Reply Br. (ECF No. 58), Suppl. Auth.: *Skrmetti* (ECF Nos. 61, 62), Suppl. Auth.: *CASA* (ECF Nos. 63, 64).

      Because the preliminary injunction standard will require the Ninth Circuit to consider whether Plaintiffs are "likely to succeed on the merits," *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), it would be far more efficient for the parties to await resolution of the appeal, at

1  which point most (if not all) of the legal issues may be clarified and potentially narrowed, affecting
2  the potential scope of any further litigation. Further litigation of any remaining legal issues would,
3  moreover, be better informed by having the benefit of appellate guidance.

4        Similarly, Plaintiffs' contention that the Ninth Circuit's decision will have "little bearing"
5  on this case is without merit. Pls. Opp'n at 5. If, for example, the Ninth Circuit finds that Plaintiffs
6  are unlikely to succeed on the merits of the equal protection claim because (1) rational-basis review
7  applies, per *Skrmetti*; and (2) the Hegseth Policy is supported by a conceivable rational basis, the
8  decision will have a significant bearing on Plaintiffs' "*actual* success" on the claim. *Id.* (Plaintiffs'
9  emphasis). Importantly, unlike appeals in a preliminary posture where the "limited scope of review
10 and the paucity of the factual record on a preliminary injunction application . . . may provide little
11 guidance as to the appropriate disposition on the merits and will often result in unnecessary delay
12 to the parties and inefficient use of judicial resources," "these concerns carry less force in this
13 particular case because the majority of the issues on appeal . . . are predominantly legal issues."
14 *Washington v. Trump*, Civ. A. No. 25-244 (LK), 2025 WL 1180290, at *3 (W.D. Wash. Apr. 23,
15 2025) (internal quotation marks and citations omitted). Thus, "the Ninth Circuit's resolution of the
16 pending appeal will provide significant 'guidance as to the appropriate disposition on the merits,'"
17 which weighs heavily in favor of a stay. *Id.* (quoting *Sports Form, Inc. v. United Press Int'l, Inc.*,
18 686 F.2d 750, 753 (9th Cir. 1982)).

19       The Court, therefore, should stay further proceedings pending appeal because a stay will
20 foster "the orderly course of justice measured in terms of the simplifying or complicating of issues,
21 proof, and questions of law," without any significant ensuing damage or hardship from the stay.
22 *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

REPLY IN SUPPORT OF
MOTION TO STAY
PROCEEDINGS
CASE NO. 2:25-CV-241-BHS

U.S. DEPARTMENT OF
JUSTICE
1100 L Street NW
Washington, DC 20530

# CONCLUSION

For these reasons and the reasons discussed in Defendants' stay motion, Defendants respectfully request that the Court stay the proceedings until Defendants' appeal is resolved.

DATE:  August 22, 2025    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director, Federal Programs Branch

JEAN LIN
Special Litigation Counsel

*/s/ M. Jared Littman*
M. JARED LITTMAN
ELIZABETH B. LAYENDECKER
ROBERT C. BOMBARD
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: (202)514-5578
Jared.Littman2@usdoj.gov
Elizabeth.b.layendecker@usdoj.gov
Robert.Bombard2@usdoj.gov
*Attorneys for Defendants*

REPLY IN SUPPORT OF
MOTION TO STAY
PROCEEDINGS
CASE NO. 2:25-CV-241-BHS

U.S. DEPARTMENT OF
JUSTICE
1100 L Street NW
Washington, DC 20530