THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

COMMANDER EMILY SHILLING, et al.,

Plaintiffs,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

No. 2:25-cv-241-BHS

**PARTIES' JOINT STATUS REPORT AND DISCOVERY PLAN**

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

Pursuant to the Court's order of September 4, 2025, Dkt. 133, the Parties hereby submit this joint status report and discovery plan, pursuant to Federal Rule of Civil Procedure 26(f) and Local Rules W.D. Wash. LCR 26(f).

**1. Nature and Complexity of the Case:**

The Parties' Position: Factually, this case is of modest complexity. Legally, it is of moderate to substantial complexity. Furthermore, it is a case of substantial public importance.

Plaintiffs' Statement:

Plaintiffs, which include seven active-duty transgender servicemembers, one transgender person who seeks to join the military, and a nonprofit association with transgender members who are servicemembers or are seeking to join the Armed Forces, challenge the constitutionality and lawfulness of Executive Order 14183, titled "Prioritizing Military Excellence and Readiness," and any and all related implementing guidance and policy directives by Defendants (collectively, the "Military Ban"), which together prohibit any transgender person from serving in the United States military, and require Defendants to identify and to discharge actively serving transgender people from the armed forces.

All Plaintiffs assert that the Military Ban violates their rights under the equal protection component of the Fifth Amendment and their rights to free speech and expression under the First Amendment. Active-duty Plaintiffs further assert that the Military Ban violates their rights under the Due Process Clause of the Fifth Amendment, as well as equitable estoppel principles. Accordingly, Plaintiffs seek declaratory and injunctive relief.

Defendants wrongly conflate the 2025 Ban with the prior 2018 Mattis policy, seeking to create a false sense of inevitability around their legal position. But these policies are fundamentally different. They also appeal to deference in an attempt to limit the scope of the controversy at issue and the discovery to which Plaintiffs are entitled. But as the Ninth Circuit has held, "deference informs the application of intermediate scrutiny, but it does not displace intermediate scrutiny and

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

replace it with rational basis review." *Karnoski v. Trump*, 926 F.3d 1180, 1201 (9th Cir. 2019); *see also Shilling v. United States*, 773 F. Supp. 3d 1069, 1094 (W.D. Wash. 2025).

And while it is true that "[t]he accelerated pace of litigation in this case yielded the Supreme Court's emergency stay order," *Am. Fed'n of Gov't Empl., AFL-CIO v. Trump*, No. 25-CV-03698-SI, 2025 WL 2614698, at *5 (N.D. Cal. Sept. 9, 2025) ("*AFGE*"), the Supreme Court itself has stated that a "stay order is not a ruling on the merits, but instead simply stays the District Court's injunction *pending a ruling on the merits.*" *Merrill v. Milligan*, 142 S. Ct. 879 (2022) (emphasis in original); *see also id.* at 879 (Kavanaugh, J., concurring) ("The stay will allow this Court to decide the merits in an orderly fashion—after full briefing, oral argument, and our usual extensive internal deliberations—and ensure that we do *not* have to decide the merits on the emergency docket. To reiterate: The Court's stay order is not a decision on the merits.") (emphasis in original); *Nguyen v. Scott*, No. 2:25-CV-01398, 2025 WL 2419288, at *21 (W.D. Wash. Aug. 21, 2025) ("But this Court cannot ignore binding authority in favor of speculation about the intent of an interlocutory emergency docket order issued without any reasoning."). Accordingly, the unreasoned stay order by the Supreme Court in this case should have no bearing on the ability the parties to conduct discovery and to develop their respective arguments and the record. "[T]o do otherwise would enshrine 'justice on the fly,' and deprive the parties and the public of the reasoned decision-making upon which the judicial branch rests." *AFGE*, 2025 WL 2614698, at *6 (quoting *Nken v. Holder*, 556 U.S. 418, 427 (2009)).

<u>Defendants' Statement:</u>

For decades, the military generally barred individuals with gender dysphoria from serving. As recently as 2019, the Supreme Court and this Court allowed the military to do so. After then-Secretary of Defense Mattis issued a 2018 policy presumptively disqualifying individuals with gender dysphoria from service, the Supreme Court, this Court, and the D.C. Circuit permitted the policy to take effect. *Trump v. Karnoski*, 586 U.S. 1124 (2019) (staying preliminary injunction pending appeal); *Trump v. Stockman*, 586 U.S. 1124 (2019) (same); *Karnoski v. Trump*, 926 F.3d

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

1180, 1201-03 (9th Cir. 2019) (per curiam) (staying preliminary injunction and "reject[ing] Plaintiffs' contention that no [military] deference is owed here"); *Doe 2 v. Shanahan*, 755 F. App'x 19, 25 (D.C. Cir. 2019) (per curiam) (vacating preliminary injunction and "acknowledg[ing] that the military has substantial arguments for why the Mattis Plan complies with ... equal protection").

The challenged 2025 policy similarly disqualifies individuals with gender dysphoria from military service, unless they obtain waivers. It is undisputed that gender dysphoria is a medical condition associated with clinically significant distress or impairment in social, occupational, or other important areas of functioning caused by incongruence between a person's sex and the gender with which he or she identifies. The military does not permit individuals to serve if they have medical conditions that may excessively limit their deployability, pose an increased risk of injury, or otherwise require measures that threaten to impair the effectiveness of their unit. In the Department of Defense's (the "Department") professional military judgment, these criteria are met for those with a history of gender dysphoria.

Against this backdrop, Plaintiffs sued to challenge (1) the Commander in Chief's Executive Order 14183, which states that "the medical, surgical, and mental health constraints on individuals with gender dysphoria" are incompatible with the high standards demanded for military service, and (2) the Department's implementing policy, i.e., the Department's Action Memo of February 26, 2025, that disqualifies individuals with gender dysphoria from military service, unless they obtain waivers. Plaintiffs assert Equal Protection, First Amendment, Procedural Due Process, and estoppel claims.

The 2025 policy easily satisfies the deferential rational basis standard that applies to the Equal Protection claim. But even if this Court were to conclude that intermediate scrutiny applies, military deference would "inform [its] application," and the 2025 policy would survive this level of scrutiny. *Karnoski*, 926 F.3d at 1201. Additionally, free-speech and due-process challenges to military policies trigger a highly deferential form of review, which the policy withstands, and principles of estoppel do not apply to changes in generally applicable government policies. Indeed,



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

on May 6, 2025, the Supreme Court stayed this Court's injunction, which is highly suggestive that Defendants will succeed in this case. *United States v. Shilling*, No. 24A1030, 2025 WL 1300282 (U.S. May 6, 2005).

**2. Proposed Deadline for Joining Additional Parties:**

The Parties' Position: The Parties propose a deadline of December 31, 2025, to join any additional parties.

**3. Consent to Assignment of Magistrate Judge:**

The Parties' Position: No.

**4. Discovery Plan:**

**A. Initial Disclosures:**

The Parties will exchange Initial Disclosures, as per Federal Rule of Civil Procedure 26(a), on October 1, 2025.

**B. Subjects, Timing, and Potential Phasing of Discovery:**

The Parties' Position: The Parties request the Court set a discovery deadline of May 31, 2026.

Plaintiffs' Position: Plaintiffs anticipate conducting discovery on the following topics: the development and implementation of Executive Order 14183 through several directives, including the "Hegseth Policy" that requires the separation of transgender servicemembers from the military and prohibits the accession of any transgender person to the armed services; Defendants' policies and practices with regard to the separation and accession of transgender persons within armed services; Defendants' purported justifications for the Military Ban and the removal of transgender servicemembers from the United States military. These subjects for discovery are relevant to each of Plaintiffs' claims.

Defendants' Position: Any discovery regarding the development of Executive Order 14183 is improper because the President is not a defendant in this action and the Executive Order is not a proper subject of judicial review. At bottom, this case is a challenge to agency action, namely,

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

the Department's Action Memo of February 26, 2025. The Action Memo identifies specific documents and data that the Department considered in issuing its 2025 policy. The Department has already produced or will produce those documents and data. Any discovery outside of the scope of the Action Memo and its supporting documents and data are not warranted. Indeed, Plaintiffs amended the complaint on March 4, 2025, to challenge the Action Memo of February 26, 2025; no law permits treating a complaint as a living document that allows a plaintiff to challenge events that occurred after filing of the complaint. For that reason, discovery about matters after February 26, 2025, including the guidance of the Armed Services, are not relevant and their discovery is not proportional to the needs of the case because the complaint cannot be construed to challenge subsequent events. In any event, any such guidance has been posted on the docket pursuant to the Court's Order of March 4, 2025, which may be relevant to the Court's injunction but is not relevant to the underlying merits as to the constitutionality of the 2025 policy. Plaintiffs' overreaching is inconsistent with their position taken in their Opposition to Defendants' Motion for Stay that they will be seeking only "limited" and "modest" discovery, Dkt. 126 at 1,4, and the Court's ruling for *limited* discovery as stated at the hearing of September 4, 2025.

**C. Electronically Stored Information:**

The Parties anticipate they will produce some ESI, and the Parties anticipate trying to come to an agreement on an ESI stipulation within two weeks of this report, utilizing as a template the Court's Model Agreement re: Discovery of Electronically Stored Information.

**D. Privilege Issues:**

If either party discovers that it inadvertently produced privileged information, the disclosing party shall notify the receiving party of the inadvertent disclosure, and the receiving party will return the documents. This matter will be addressed in further detail in a proposed Stipulated Protective Order that the Parties intend to file, utilizing as a template the Court's Model Stipulated Protective Order.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

Plaintiffs' Position: Plaintiffs anticipate that Defendants may assert privilege objections to discovery requests seeking information related to the development and implementation of the Military Ban. Plaintiffs believe that any concerns about confidentiality can be addressed through the proposed Stipulated Protective Order that the Parties will negotiate. It is possible some of Defendants' privilege assertions will require resolution by the Court, after these issues are further developed in the context of Plaintiffs' discovery requests of Defendants.

Defendants' Position: Defendants will assert privilege where warranted by law and will not reveal privileged information, regardless of a Protective Order.

**E. Proposed Limitations on Discovery:**

Plaintiffs' Position: Except as otherwise noted here, the Court should apply the limitations on discovery imposed by the Federal Rules of Civil Procedure and the Local Rules. The Parties should be limited to 25 Requests for Admission and 25 Interrogatories per side. Requests for Production shall be limited and propounded consistent with Federal Rule of Civil Procedure 34. A party wishing to conduct a deposition shall justify the need for such deposition and obtain court approval.

Defendant's Position: Defendants agree that no depositions are appropriate, and court order is needed if either side wishes to take depositions. Nevertheless, the discovery Plaintiffs propose well exceed the limited discovery the Court envisioned. Plaintiffs represented in their Opposition to Defendants' Motion for Stay that they will be seeking only "limited" and "modest" discovery, Dkt. 126 at 1,4, and the Court granted Plaintiffs' limited discovery based on that representation. But now, Plaintiffs propose Interrogatories at the presumed cap under the Federal Rules of Civil Procedure and boundless Requests for Production. Indeed, Plaintiffs go so far as to seek production of expansive discovery from *another* case. *See infra* ¶ 5(E). This is inappropriate in this challenge to agency action, i.e., the Action Memo of February 26, 2025. The Action Memo identifies specific documents and data that the Department considered in issuing its 2025 policy, and the Department has already produced and, herein, agrees to produce those documents and data,

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

including the "Mattis Report" and the underlying administrative record to the Report. Therefore, Requests for Production of Documents are not warranted. Beyond that, discovery should be limited to 20 Requests for Admission per side and 20 Interrogatories per side.

**F. Discovery Related Orders:**

The Parties' Position: The Parties request a Rule 16(b) Scheduling Order. Consistent with the hearing and the Court's Order on September 4, 2025, the Parties' proposed discovery deadlines are presented below:

| Discovery | Parties' Proposed Deadline(s) |
|---|---|
| Join additional parties | December 31, 2025 |
| Completion of fact discovery | May 31, 2026 |

The Parties agree that any discovery-related disputes shall be resolved utilizing the expedited procedure set forth in Local Civil Rule 37(a)(2).

Consistent with the hearing and the Court's Order on September 4, 2025, the present joint status report and discovery plan does not address any trial or dispositive motion deadlines, which shall be determined by the Court at a later date following the conclusion of discovery and/or a decision by the U.S. Court of Appeals for the Ninth Circuit (Plaintiffs' position) or conclusion of all appellate proceedings (Defendants' position) on the appeal of the Court's Preliminary Injunction Order.

**5. LCR 26(f)(1):**

**A. Prompt Case Resolution:**

The Parties' Position: The Parties do not foresee a possibility for promptly settling or otherwise resolving this case, although the Parties remain willing to discuss such possibilities should the occasion arise.

**B. Alternative Dispute Resolution:**

The Parties' Position: Neither Party intends to utilize Alternative Dispute Resolution.

**C. Related Cases:**

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

<u>The Parties' Position</u>: The Parties are not aware of any cases related to this case for purposes of Local Civil Rule 3(g).

For purposes of Local Civil Rule 3(h), outside of this District, the Parties have identified the following pending case challenging the Military Ban:

- *Talbott v. United States*, No. 1:25-cv-00240 (D.D.C.), *appeal pending*, No. 25-5087 (D.C. Cir.)

**D. Discovery Management:**

<u>The Parties' Position</u>: The Parties are willing to work together to manage discovery in a way that will promote the expeditious and efficient resolution of the case. Neither Party agrees to exchange documents informally or use an abbreviated pretrial order.

**E. Anticipated Discovery Sought:**

<u>Plaintiffs' Position</u>: Discovery related to the development and implementation of Executive Order 14183 and any related guidance and policy directives by Defendants should be inclusive of January 20, 2025 to the close of discovery.

In addition, Defendants shall produce all Communications and Documents produced by the government in response to subpoenas or discovery requests issued by parties litigating *Karnoski v. Trump*, No. 17-cv-1297 (W.D. Wash.), no later than 30 days from the entry of the Court's Scheduling Order. Discovery in *Karnoski* pertained to the 2018 Mattis Policy and Defendants concede that the Mattis Report is one of the bases for the Hegseth Policy. Accordingly, the discovery *already produced* in *Karnoski* is relevant to this case.

Plaintiffs discovery requests are limited and proportional to the needs of the case. Defendants continue to supplement the record with documents related to the development and implementation of the Military Ban requested by this Court. Although Plaintiffs have limited the scope of the discovery to the development and implementation of the Ban, allowing discovery through the close of discovery will ensure that all the implementation guidance is produced. How the Ban is implemented is relevant to each of Plaintiffs' claims, including but not limited to

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

whether the Ban is motivated by and based on discriminatory animus. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter to the action." *Schultz v. Olympic Med. Ctr.*, No. C07-5377 FDB, 2008 WL 3977523, at *4 (W.D. Wash. Aug. 22, 2008).

Defendants' Position: Discovery should be limited to the period between the inauguration on January 20, 2025, and the Department's implementing Action Memo of February 26, 2025. As explained above, this case is a challenge to agency action—the Department's Action Memo of February 26, 2025. *See* ¶ 4(b). The Action Memo identifies specific documents and data that the Department considered in issuing its 2025 policy. The Department has already produced or will produce those documents and studies, including the administrative record underlying the Mattis Report (over 3000 pages). Plaintiffs' request to extend the timeframe "to the close of discovery," i.e., March 26, 2026—more than one year after issuance of the February 26, 2025 Action Memo—is disproportional to the needs of the case, inconsistent with Plaintiffs' position taken in their Opposition to Defendants' Motion for Stay that they will be seeking only "limited" and "modest" discovery, Dkt. 126 at 1,4, and the Court's ruling for limited discovery as stated at the hearing of September 4, 2025.

Defendants should not be compelled to produce the communications and documents from the *Karnoski* case. Communications and documents produced by the government in a different case involving challenges to a different policy are not relevant, are disproportional to the needs of the case, and exceed the bounds of Plaintiffs' position that they are seeking "limited" and "modest" discovery and the Court's ruling to that effect. Specifically, the Action Memo did not rely on information generated pursuant to discovery in *Karnoski*, so the information is irrelevant for that reason. To the extent the Action Memo relies on the Mattis Report, the Report (including the administrative record underlying the Report, which Defendants have agreed to produce) speaks for itself and is a synthesis of information considered (and possibly rejected) by Mattis. Any

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

information outside of the Report, such as the *Karnoski* discovery, is disproportionate to the needs of the case.

**F. Phasing Motions:**

The Parties' Position: Consistent with the hearing and the Court's Order on September 4, 2025, the present joint status report and discovery plan does not address any trial or dispositive motion deadlines.

**G. Preservation of Discoverable Information:**

The Parties' Position: The Parties are aware of their duty to take reasonable and proportional steps to preserve potentially relevant information relating to the claims and defenses in this case. *See* Fed. R. Civ. P. 26(b)(1). The Parties may require future discussions to address the scope of preservation and/or seek a preservation order from the Court as needed, although the Parties are not aware of any preservation of discoverable information issues at this time.

**H. Privilege Issues:** *See supra* § 4.D.

**I. Model Protocol for Discovery of ESI:** *See supra* § 4.C.

**J. Alternatives to Model Protocol:** N/A

**6. Completion of Discovery:** March 31, 2026

**7. Bifurcation:**

The Parties' Position: The Parties submit that the case is not amenable to bifurcation.

**8. Individualized Trial Program:**

The Parties' Position: Neither party intends to utilize the Individualized Trial Program.

**9. Suggestions for Shortening or Simplifying the Case:**

The Parties' Position: The Parties do not have any suggestions for shortening or simplifying the case at this time, but they will work cooperatively to identify such opportunities, including the possibility of stipulating to any undisputed facts.

**10. Trial Date:**

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

The Parties' Position: Consistent with the hearing and the Court's Order on September 4, 2025, the present joint status report and discovery plan does not address any trial or dispositive motion deadlines.

**11. Jury or Non-Jury Trial:** Non-jury Trial

**12. Trial Length:**

The Parties' Position: Consistent with the hearing and the Court's Order on September 4, 2025, the present joint status report and discovery plan does not address any trial or dispositive motion deadlines.

**13. Trial Conflicts:**

The Parties' Position: Consistent with the hearing and the Court's Order on September 4, 2025, the present joint status report and discovery plan does not address any trial or dispositive motion deadlines.

**14. Service of Process:**

Plaintiffs, through their counsel, have effectuated service on all Defendants. All Parties consent to email service of discovery requests and responses.

**15. Scheduling Conference:**

The Parties' Position: The Parties will request a scheduling or case management conference if one is needed in the future.

**16. Corporate Disclosure Statement:** Plaintiff Gender Justice League's Corporate Disclosure Statement was filed on February 6, 2025. *See* Dkt. 2.

**17. Certification:** The Parties have reviewed the Court's standing order, the Local Civil Rules, and the applicable electronic filing procedures.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

DATED: September 17, 2025

*Presented by:*

By: s/ Matthew P. Gordon
Matthew P. Gordon, WSBA No. 41128
Abdul Kallon, WSBA No. 60719
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
E-mail: MGordon@perkinscoie.com
E-mail: AKallon@perkinscoie.com

Danielle Sivalingam (*pro hac vice*)
Perkins Coie LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone: 415.344.7000
Facsimile: 415.344.7050
E-mail: DSivalingam@perkinscoie.com

Mary Grace Thurmon (*pro hac vice*)
Bo Yan Moran (*pro hac vice*)
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350
E-mail: MThurmon@perkinscoie.com
E-mail: BMoran@perkinscoie.com

Gabriella Romanos Abihabib (*pro hac vice*)
Perkins Coie LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
Telephone: 212.262.6900
Facsimile: 212.977.1649
E-mail: GRomanos@perkinscoie.com

PARTIES' JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO. 2:25-CV-241-BHS -

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

Sasha Buchert (*pro hac vice*)
Lambda Legal Defense and Education Fund, Inc.
815 16th St. NW, Suite 4140
Washington, DC 20006
Telephone: 202.804.6245
Facsimile: 855.535.2236
E-mail: SBuchert@lambdalegal.org

Jennifer C. Pizer (*pro hac vice*)
Lambda Legal Defense and Education Fund, Inc.
800 South Figueroa Street, Suite 1260
Los Angeles, CA 90017
Telephone: 213.382.7600
Facsimile: 855.535.2236
E-mail: JPizer@lambdalegal.org

Camilla B. Taylor (*pro hac vice*)
Kenneth Dale Upton, Jr. (*pro hac vice*)
Lambda Legal Defense and Education Fund, Inc.
3656 N Halsted St.
Chicago, IL 60613
Telephone: 312.663.4413
Facsimile: 855.535.2236
E-mail: CTaylor@lambdalegal.org
E-mail: KUpton@lambdalegal.org

Omar Gonzalez-Pagan (*pro hac vice*)
Lambda Legal Defense and Education Fund, Inc.
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212.809.8585
Facsimile: 855.535.2236
E-mail: OGonzalez-Pagan@lambdalegal.org

Kell Olson (*pro hac vice*)
Lambda Legal Defense and Education Fund, Inc.
3849 E Broadway Blvd, #136
Tucson, AZ 85716
Telephone: 323.370.6915
Facsimile: 855.535.2236
E-mail: KOlson@lambdalegal.org

PARTIES' JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO. 2:25-CV-241-BHS -

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

Cynthia Weaver (*pro hac vice*)
Ami Patel (*pro hac vice*)
Human Rights Campaign Foundation
1640 Rhode Island Ave. N.W.
Washington, DC 20036
Telephone: 202.527.3669
Facsimile: 202.347.5323
E-mail: Cynthia.Weaver@hrc.org
E-mail: **Ami.Patel@hrc.org**

***Attorneys for Plaintiffs***

*/s/ M. Jared Littman*
M. JARED LITTMAN
ELIZABETH B. LAYENDECKER
ROBERT C. BOMBARD
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: (202)514-5578
Jared.Littman2@usdoj.gov
**Elizabeth.b.layendecker@usdoj.gov**
**Robert.Bombard2@usdoj.gov**

***Attorneys for Defendants***

PARTIES' JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO. 2:25-CV-241-BHS -

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762