THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COMMANDER EMILY SHILLING, et al.,

*Plaintiffs,*

v.

UNITED STATES OF AMERICA; et al.,

*Defendants.*

No. 2:25-cv-241-BHS

**LCR 37 JOINT SUBMISSION: PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

**NOTE ON MOTION CALENDAR: APRIL 17, 2026**

## PLAINTIFFS' INTRODUCTORY STATEMENT

The court is familiar with the factual underpinnings of this case. *See generally* Dkt. 104. On December 10, 2025, Plaintiffs served their First Request for Production, First Request for Admission, and First Request for Interrogatories on Defendants. Declaration of Matthew P. Gordon ("Gordon Decl."), Exhibits 1 (Requests for Production), 2 (Requests for Admission), and 3 (Interrogatories). Notwithstanding the four months since the requests were served, Defendants have not searched for any responsive documents besides the Action Memo and the documents cited on the face of it. Gordon Decl., Exhibits 4 (Defendants' Requests for Production Answers and Objections), 5 (Defendants' Admission Objections and Responses), and 6 (Defendants' Interrogatory Answers and Objections). Given Defendants' failure to search for and produce relevant and responsive documents, Plaintiffs respectfully request an order from the Court compelling Defendants to provide complete written responses and document production

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

responsive to Plaintiffs' discovery requests discussed herein, as well as to provide a privilege log reflecting all responsive materials withheld based on assertions of privilege.

This case challenges the constitutionality of Executive Order 14183 ("EO 14183") and "related official federal policy and directives" (together, "the 2025 Military Ban" or "the Ban"). Plaintiffs' First Amended Complaint ("Complaint"), Dkt. 59, at 1. Plaintiffs therefore propounded discovery requests concerning, *inter alia*: all documents reviewed or considered by Defendants related to transgender servicemembers; all documents reviewed, considered, or relied upon in preparing the Hegseth Policy and the Action Memo; Defendants' implementation or giving effect to Executive Order 14168; the Department of Defense's (DoD) policies regarding transgender servicemembers; the officials involved in the development of the 2025 Military Ban and implementing policy and directives; and the sources relied upon in developing the Ban and implementing policy and directives.

But rather than provide information consistent with the scope of this case, Defendants have instead improperly objected to nearly all of Plaintiffs' discovery requests, primarily based on relevance or broad assertions of privilege. Defendants' responses reflect only Defendants' attempt to narrow this case to something they like better. In short, Defendants answered only what they wanted to answer, based on their views on what this case should be about and have refused to provide discovery responses corresponding to the actual issues in this case. As a result, Plaintiffs move to compel.

The scope of discovery under the Federal Rules is extremely broad, and responses must be made in good faith. "A relevant matter is 'any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see also FTC v. Amazon.com, Inc.*, 2024 WL 3924583, at *2 (W.D. Wash. Aug. 22, 2024). Under this liberal standard, "discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing

LCR 37 JOINT SUBMISSION
ON PLAINTIFFS' MOT. TO
COMPEL DISCOVERY - 2
CASE NO. 2:25-CV-241-BHS

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and
Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign
Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

upon the subject matter of this action." *Grande v. U.S. Bank Nat'l Ass'n*, No. 19-cv-00333, 2020 WL 832307, at *2 (W.D. Wash. Feb. 20, 2020) (citation omitted). Accordingly, Defendants' objections to the relevance and scope of many of Plaintiffs' requests, as detailed herein, are unjustified. Furthermore, the "discovery process is subject to the overriding limitation of good faith." *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981). An "evasive or meritless" response does not fulfill a party's obligations under the Federal Rules, and response obligations cannot be made into a "mere semantic exercise," as Defendants repeatedly attempt to do in their responses. *See id.* at 1246-47.

If requested discovery is not answered, the requesting party may move for an order compelling such discovery. FRCP 37(a)(1). "The party moving to compel better responses must demonstrate how or why the responses are incomplete or evasive." *Ngethpharat v. State Farm Mut. Ins. Co.*, No. 20-cv-00454, 2021 WL 425188, at *1 (W.D. Wash. Feb. 8, 2021) (quotation omitted). "But the party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Id.*, at *1 (cleaned up).

The requested information and materials described below are needed to give Plaintiffs a meaningful opportunity to be heard on their claims that EO 14183 and the DoD's implementing policies and directives violate Plaintiffs' Equal Protection, First Amendment, and Procedural Due Process rights, as well as their equitable estoppel claim. "A 'court must be careful not to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case.'" *Harper v. U.S. Seafoods, L.P.*, No. 00-cv-01610, 2003 WL 25674101, at *4 (W.D. Wash. Apr. 8, 2003) (quoting FRCP 26(b)(1) Notes of Advisory Committee, 1983 Amendment).

The Parties met and conferred on April 6, 2026, regarding these deficiencies and Defendants confirmed that they do not intend to conduct any further searches or supplement their written responses or document production. Plaintiffs therefore respectfully request that the Court enter an order compelling Defendants to provide complete written responses and either produce additional responsive materials or attest that they have no further responsive materials by **May 1.**

LCR 37 JOINT SUBMISSION
ON PLAINTIFFS' MOT. TO
COMPEL DISCOVERY - 3
CASE NO. 2:25-CV-241-BHS

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and
Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign
Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

### DEFENDANTS' INTRODUCTORY STATEMENT

At bottom, this case is a challenge to agency action, namely, the Department's Policy of February 26, 2025 ("2025 Policy" or "Policy"), which implemented Executive Order ("EO") 14183. The 2025 Policy is supported by an action memo that identifies specific documents and data that the Department considered in issuing the Policy, which the D.C. Circuit has recognized are the materials that "undergird" the Policy. *Talbott v. United States*, No. 25-5087, 2025 WL 3533344, at *4 (D.C. Cir. Dec. 9, 2025).

Plaintiffs overlook the context in which their fifty discovery requests arose, but that context is important. On March 27, 2025, this Court issued a universal preliminary injunction barring the Department from implementing the 2025 Policy. *Shilling v. United States*, 773 F. Supp. 3d 1069 (W.D. Wash. 2025). Defendants immediately appealed, and the fully briefed and argued appeal is pending. *See* 25-2039 (9th Cir.). Meanwhile, the Supreme Court stayed the injunction pending appeal. *United States v. Shilling*, No. 24A-1030 (U.S. May 6, 2025).

In light of these developments, on August 1, 2025, Defendants moved to stay further district court proceedings pending appeal. ECF No. 123. The Court held a motion hearing on September 4, 2025. In weighing the *Landis* factors, the Court denied Defendants' motion because Plaintiffs were seeking only "limited" discovery, Hearing Tr. at 8:11–13, and accordingly the Court "permit[ted] limited discovery to proceed" because it would not impose a "significant hardship" on Defendants, *id.* at 9:9–18.

On December 10, 2025, Plaintiffs served written discovery on Defendants (fifty requests in total), including *thirty-five* requests for production of documents. Those requests were exceedingly overbroad, including seeking documents "to the present" even though the Policy was issued over one year ago; documents related to Executive action that had no actual impact on Plaintiffs; documents in the possession of any United States government employee, department agency, or other subdivision; and documents produced by the Government in different cases

LCR 37 JOINT SUBMISSION
ON PLAINTIFFS' MOT. TO
COMPEL DISCOVERY - 4
CASE NO. 2:25-CV-241-BHS

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and
Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign
Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

involving challenges to a different policy.[1]  Defendants responded to each of Plaintiffs' requests, asserting objections when appropriate, and producing the documents and data that the Department considered in issuing the 2025 Policy, including the "Mattis Report."   The Department also produced the underlying administrative record for the Report (over 3,000 pages).  As the D.C. Circuit held in *Talbott*, the "focus" is "on the text and sources informing the [2025] Policy"— which the Department readily produced—and not on "extrinsic" materials or information, *Talbott*, 2025 WL 3533344, at *4, *10, simply because Plaintiffs assert they are "relevant" under what Plaintiffs themselves characterize as "extremely broad" relevance standard.  Despite that this is primarily a record review case, Plaintiffs now also reveal for the first time that they might seek depositions of Department officials.  *Infra* at IV.A.

In the related case of *Talbott v. Trump*, Civ. A. No. 25-240 (D.D.C.), the district court ordered Defendants to produce the same documents that Defendants produced in this case and nothing more.  Min. Ord., Mar. 16, 2026.  That court did not order any other discovery, written or otherwise.  *Id.*  In light of the Supreme Court's decision in *Trump v. CASA, Inc.*, 606 U.S. 831 (2025), which held that federal courts generally lack the authority to issue universal or nationwide injunctions against federal policies, the *Talbott* court also ordered class certification briefing, which will be completed by June 12, 2026.  Min. Ord., Mar. 20, 2026.  If that court grants class certification, this case—initially brought by eight individuals (one of whom has since been

---

[1]      Plaintiffs state here that they have not sought discovery from the President or the Executive Office of the President, *infra* at n.2, yet they define "Defendants," "you," "your," and "yours," for the purposes of their discovery requests as the Defendants listed in the caption to the Complaint, which include President Trump. *E.g.*, RFP, Def. #9.  Plaintiffs also instruct that their discovery requests are "intended to cover all responsive information in your possession, custody, or control, whether directly or indirectly, including all documents in the possession, custody, or control of any United States government [and] any government department, agency, or any other government subdivision." RFP, Instr. #1.  To the extent Plaintiffs seek documents from President Trump, it is improper because the President has been dismissed from the case and discovery against him in any event is inappropriate.

LCR 37 JOINT SUBMISSION ON PLAINTIFFS' MOT. TO COMPEL DISCOVERY - 5 CASE NO. 2:25-CV-241-BHS

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

dismissed from the suit) and one advocacy group—should come to an end. *See Crawford v. Bell*, 599 F.2d 890, 892 (9th Cir. 1979). Indeed, because Plaintiffs seek wide-ranging discovery that is not limited to the seven individual servicemembers (or the advocacy group), the discovery requests are overly broad and disproportionate to the needs of the case for that reason alone.

Defendants have satisfied their discovery obligations. All objections to Plaintiffs' overbroad fishing expedition should be sustained.

Plaintiffs' own statement confirms and overbreadth and impropriety of their discovery requests. According to Plaintiffs, because they challenge EO 14183 and "related official federal policy and directives," which they then define as the "Military Ban," they believe that they are entitled to a broad swath of discovery—basically anything having to do with trans-identifying servicemembers in the military, including any and all documents "reviewed or considered by Defendants related to transgender servicemembers" and documents concerning Department policies "regarding transgender servicemembers." But this case is about the Department's 2025 Policy concerning the service of individuals with gender dysphoria in the military, not every communication or policy about "transgender servicemembers." Even under the broad definition of relevance under the Federal Rules of Civil Procedure ("Rule(s)"), Plaintiffs' boundless requests are a drastic overreach. And Defendants objections were not just based on relevancy, but on proportionality too, which also constrains the scope of discovery, Fed. R. Civ. P. 26(b), but which Plaintiffs disregard. Plaintiffs' grossly expansive requests regarding the full gamut of military policies and practices having anything to do with transgender servicemembers do in fact impose a "significant hardship" on Defendants, contravenes this Court's permission of "limited discovery", Hearing Tr. at 9:9-18, and further show a complete disregard for the proportionality constraints imposed by Rule 26.

Lastly, Plaintiffs are not entitled to discovery into areas that are not pertinent to their claims as a matter of law. For example, Plaintiffs are not entitled to discovery into the motivations of certain actors, when the law dictates that motivation is not relevant to their claims. *Infra* at I.B.

LCR 37 JOINT SUBMISSION
ON PLAINTIFFS' MOT. TO
COMPEL DISCOVERY - 6
CASE NO. 2:25-CV-241-BHS

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and
Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign
Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

Likewise, Plaintiffs are not entitled to discovery into EOs when the law dictates that they do not even have standing to challenge them, let alone get expansive discovery into the matter, and when the Court does not have jurisdiction to enjoin the EO as they have requested. *Id.*

The bottom line is that the alleged harm on Plaintiffs derives from the 2025 Policy, which is supported by an action memo that identifies specific documents and data that the Department considered in issuing said Policy. The Department has produced those documents. Broad, unrestricted requests about other Executive and agency actions, which have not harmed Plaintiffs as a matter of law or otherwise have little or no connection to the 2025 Policy, do not fall within the bounds of the "limited discovery" this Court ordered and exceed the proportionality limits of Rule 26(b)(1).

### DISPUTED DISCOVERY REQUESTS

**I.    Requests Regarding Defendants' Implementation of Executive Order 14183 and the Hegseth Policy (RFPs #1, 15, 16, 19, 22, 23, 24, and 35; RFAs #1, 2, 3, and 8; Interrogatories #1, 2, and 5)**

Plaintiffs requested discovery regarding EO 14183 and the Department of Defense's implementing policies and directives. Plaintiffs' requests included production of documents and communications in Defendants' possession[2] related to the development of the 2025 Military Ban (RFP #1); any justification considered by Defendants for the Ban (RFP #15); Secretary Hegseth's February 7 Memorandum (RFP #16); guidance regarding transgender servicemembers made by the Under Secretary of Personnel and Readiness that occurred outside of the normal Department of Defense issuance process pursuant to Secretary Hegseth's February 7 Memorandum (RFP #19); the reasons, grounds, or bases for the decision set forth in EO 14183 (RFP #22); the implementation of the Ban, the Executive Order, and the Hegseth Policy, including but not limited to the cost of implementation (RFP #23); any policies that were considered as alternatives, modifications, or refinements to the procedure and policy set forth in EO 14183 (RFP #24); and

---

[2] At no point have Plaintiffs sought discovery from the President or the Executive Office thereof.

LCR 37 JOINT SUBMISSION
ON PLAINTIFFS' MOT. TO
COMPEL DISCOVERY - 7
CASE NO. 2:25-CV-241-BHS

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and
Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign
Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

documents produced in prior and concurrent litigation related to prohibitions on transgender servicemembers (RFP #35).

Plaintiffs also requested admissions that, in connection with their implementation of the Ban, Defendants did not conduct or commission any investigation or study examining whether servicemembers who have a current diagnosis or history of, or exhibit symptoms consistent with, gender dysphoria fail to otherwise meet service-based requirements applicable to all servicemembers, or the impact such servicemembers have on military readiness or unit cohesion (RFAs #1–3); and there is no factual basis to support the assertion contained in EO 14183 that "the adoption of a gender identity inconsistent with an individual's sex conflicts with a soldier's commitment to an honorable, truthful, and disciplined lifestyle, even in one's personal life" (RFA #8). Plaintiffs further propounded interrogatories regarding the factual basis for each governmental interest Defendants contend supports the Ban (Interrogatory #1), the process of and officials involved in developing and implementing EO 14183 and its implementing guidance (Interrogatories #2 & 3), and communications between Defendants and other executive branch officials regarding military service by transgender people, medical treatment for transgender people, and/or transgender people in general (Interrogatory #5).

Defendants raised the following "General Objections" to all of Plaintiffs' RFPs and reiterated one or more of these objections in response to the above-discussed requests. For example, Defendants' General Objection #5 to the RFPs, which is reiterated in RFPs #15, 22, and 24, RFAs #1–3 and 8, and Interrogatories #1 and 2, states that because "the Court has dismissed the President from this suit," Defendants do not have to produce anything more than what is identified in the Action Memo, including the Mattis Report and the administrative record relating to it. Similarly, Defendants' General Objection #6 to the RFPs, which is reiterated in RFPs #1 and 16, and Interrogatories 1 and 5, states that Defendants object to any request that seeks documents or communications beyond what the February 26 Memo and Action Memo identify because, in their view, "[a]ny discovery outside of the scope of the Policy is not warranted." Lastly,

LCR 37 JOINT SUBMISSION
ON PLAINTIFFS' MOT. TO
COMPEL DISCOVERY - 8
CASE NO. 2:25-CV-241-BHS

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and
Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign
Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

Defendants' General Objection #7 to the RFPs, which is reiterated in RFPs #1 and 23, and Interrogatory #5, states that Defendants' object to any discovery not "limited to the period between the inauguration on January 20, 2025, and the Department's implementing Policy of February 26, 2025," because, according to them, "[t]his case is a challenge to agency action, namely, the Department's Policy of February 26, 2025" and "discovery about matters after February 26, 2025, including the guidance of the Armed Services, are not relevant and their discovery is not proportional to the needs of the case."

### A. Moving Party's Argument

Plaintiffs' Complaint challenges EO 14183 and DoD's implementation thereof and Plaintiffs seek discovery accordingly. Complaint at 1. Nonetheless, Defendants repeatedly interpose objections based on what they want this lawsuit to be about, consistent with their longstanding efforts to divert attention away from EO 14183. But Defendants may not unilaterally narrow the scope of Plaintiffs' challenge as it suits them and then use that narrowed scope as a basis for objecting to Plaintiffs' discovery requests. To be clear, this is not a case challenging agency action under the Administrative Procedure Act (APA), where there is typically no discovery beyond the administrative record. To the contrary, this case raises constitutional claims regarding Defendants' implementation of an unlawful policy.

It is irrelevant to the scope of Plaintiffs' challenge that the President has been dismissed from the suit because "it is now well established that '[r]eview of the legality of Presidential action can ordinarily be obtained in a suit seeking to enjoin the officers who attempt to enforce the President's directive.'" *Chamber of Com. of U.S. v. Reich*, 74 F.3d 1322, 1328 (D.C. Cir. 1996) (quoting *Franklin v. Massachusetts*, 505 U.S. 788, 828 (1992) (Scalia, J., concurring in part and concurring in the judgment)). Courts retain the "power to review the legality [of the action], for courts have power to compel subordinate executive officials to disobey illegal Presidential commands." *Soucie v. David*, 448 F.2d 1067, 1072 n. 12 (D.C. Cir. 1971).

LCR 37 JOINT SUBMISSION
ON PLAINTIFFS' MOT. TO
COMPEL DISCOVERY - 9
CASE NO. 2:25-CV-241-BHS

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and
Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign
Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

The Court has recognized that this case challenges EO 14183, and subsequent DoD directives expressly reflect the *implementation* of EO 14183. *See Shilling v. United States*, 773 F.Supp.3d 1069, 1076 (W.D. Wash. 2025). Moreover, Secretary Hegseth's February 7 Memo explicitly adopts the view in EO 14183 that "[e]xpressing a false 'gender identity' divergent from an individual's sex"—i.e., being transgender—"cannot satisfy the rigorous standards necessary for Military Service." Dkt. 58-4. Furthermore, the February 26 Memo expressly implements and supplements—and does not in any way depart from or supersede—EO 14183 and Secretary Hegseth's February 7 Memo. Dkt. 58-7 (noting the February 26 Memo was adopted "[a]s directed by the Secretary of Defense in his February 7, 2025, memorandum" and "pursuant to Executive Order 14183"). Similarly, the subject of the "Action Memo" is "Implementing Guidance for Prioritizing Military Excellence and Readiness Executive Order (EO)," and the purpose is "to implement EO 14183 … , consistent with SecDef guidance provided on February 7, 2025." Dkt. 71-1. These and other implementing documents were not issued in a vacuum; rather, by their own terms they carry out the Administration's intent conveyed in EO 14183.

Defendants' claims regarding the irrelevance of EO 14183 are also plainly belied by this Court's Minute Order dated March 4, 2024 ordering Defendants to notify Plaintiffs and the Court of the issuance of any new "policy or guidance implementing the *challenged Executive Orders* in the military," Dkt. 57 (emphasis added). The Court has also stated that "the parties are welcome to raise the implications of animus as litigation continues." *Shilling*, 773 F.Supp.3d at 1099. Discovery is therefore necessary to explore what role animus played in the decisionmaking relating to and the implementation of the Ban. *See Doe 2 v. Esper*, No. 17-cv-01597, 2019 WL 4394842, at *3 (D.D.C. Sept. 13, 2019) (in challenge to the Mattis Policy, holding that "discovery into the decision-making process … is required to answer" "whether the policy was motivated by animus," "what military purposes are furthered by the policy," and whether Defendants "used considered judgment and accommodated the servicemembers' rights in a reasonable and evenhanded manner"). This includes discovery into the mental processes of the relevant decisionmakers at

LCR 37 JOINT SUBMISSION ON PLAINTIFFS' MOT. TO COMPEL DISCOVERY - 10 CASE NO. 2:25-CV-241-BHS

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

DoD. *Cf. Dep't of Com. v. New York*, 588 U.S. 752, 781-82 (2019) (in an APA case, upholding district court's order allowing extra-record discovery where "bad faith or improper behavior" likely played a role in decisionmaking). There is simply no basis for Defendants' insinuation that the Court's dismissal of President Trump in his official capacity as a defendant on March 28, 2025, was intended to fundamentally alter the scope of Plaintiffs' challenge.

As to the timeframe, this case challenges Defendants' implementation of EO 14183 and its related policy guidance. How such policies are implemented, not just formulated, is highly relevant to Plaintiffs' claims.

With regards to RFP #35, Defendants argue that documents produced by the government in other cases to the Mattis Policy or this Ban are not relevant and are disproportionate to the needs of the case. But the discovery produced in other cases in relation to the Mattis Policy, which according to Defendants is a significant basis for the Ban, as well as to the Ban itself, is indisputably relevant to the case at bar. What is more, questions as to privilege have already been adjudicated or waived in said cases and the request poses no proportionality issues as it does not ask for anything more than the same documents already produced elsewhere.

## B. Responding Party's Argument

Plaintiffs' requests related to EO 14183 are improper because they are disproportionate to the needs of the case and are grossly overbroad, among other reasons. EO 14183 never had any independent operative effect; by its own terms, it is a directive to an agency that requires agency action, and only the resulting agency action has any actual impact. Thus, it is not a proper subject of judicial review, and accordingly all documents or communications "relating to" EO 14183, and the other similar requests about EO 14183, *e.g.*, RFP #22, #23, #24, are disproportionate to the needs of the case. Indeed, pursuant to separation of powers principles, "'this court has no jurisdiction of a bill to enjoin the President in the performance of his official duties,'" and certainly so in this case where Plaintiffs are also seeking to enjoin the Department policy that is allegedly harming them. *See Franklin v. Massachusetts*, 505 U.S. 788, 802–03 (1992) (quoting

LCR 37 JOINT SUBMISSION
ON PLAINTIFFS' MOT. TO
COMPEL DISCOVERY - 11
CASE NO. 2:25-CV-241-BHS

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and
Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign
Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

*Mississippi v. Johnson,* 71 U.S. 475, 501 (1867)).  Indeed, this Court has already dismissed the President from this suit.  ECF No. 106.  "While injunctive relief against executive officials . . . is within the courts' power," *id.* at 802, that merely confirms that the Court has authority to enjoin the Department's implementation of the EO, but not the EO itself.  Because the Court does not have jurisdiction to enjoin EO 14183, Plaintiffs' discovery related to EO 14183 is overbroad and disproportionate to the needs of the case.

Plaintiffs also do not have standing to challenge EO 14183, let alone seek broad-ranging discovery about it, because Plaintiffs cannot establish that EO 14183 is causing them injury.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (to establish standing, plaintiffs must establish, among other things, a causal connection between the challenged action and their asserted injury, such that the injury is "fairly . . . traceable to the challenged action").  EO 14183 by itself has no operative effect and no trans-identifying servicemember is directly affected by it.  Rather, it merely provided policy directives to the Department, and any alleged harm necessarily depends on Department action.  *See Trump v. AFGE*, 145 S. Ct. 2635, 2635 (2025) (finding that the Government is likely to succeed on its argument that the challenged EO and Memorandum are lawful where both the EO and Memorandum directed agencies to plan reorganizations and reductions in force consistent with applicable law, and where the agency's reorganization plans were not before the Court for the Court to assess whether they can and will be carried out consistent with applicable law); *id.* at 2636 (Sotomayor, J., concurring).

EO 14183 stated that "the medical, surgical, and mental health constraints on individuals with gender dysphoria" are not consistent with active military duty and the high standards of our military."  EO 14183 §§ 1, 2.  The EO directs the Department to implement the EO through updated guidance, *id.* § 4, and to do so "consistent with applicable law," *id.* § 7.  Consequently, the EO specifically instructs the Department not to do anything unlawful in its implementation of the policy.  Contrary to Plaintiffs' contention, *Chamber of Com. of U.S. v. Reich*, 74 F.3d 1322, 1328 (D.C. Cir. 1996), confirms that the review of the legality of an EO is obtained by assessing the

LCR 37 JOINT SUBMISSION
ON PLAINTIFFS' MOT. TO
COMPEL DISCOVERY - 12
CASE NO. 2:25-CV-241-BHS

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and
Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign
Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

lawfulness of implementing agency action, not the EO itself. Plaintiffs' challenge should be directed at the agency action and not the Executive Order itself because it is the agency action, *i.e.*, the 2025 Policy, that purportedly harms Plaintiffs. The Policy is supported by an action memo that identifies specific documents and data that the Department considered in issuing the Policy. The Department has produced those documents. Plaintiffs' discovery fishing expedition about Executive action that does not harm them as a matter of law does not fall within the bounds of the "limited discovery" this Court granted and exceeds the proportionality limits of Rule 26(b)(1). For similar reasons, because the Department has independent statutory authority to revise its policy on how to account for the medical condition of gender dysphoria and because the 2025 policy is now in place, enjoining the EO also would not redress Plaintiffs' alleged injuries. *See Texas v. EPA*, 726 F.3d 180, 198 (D.C. Cir. 2013) (holding that plaintiffs had no standing when they challenged an agency rule instead of the self-executing statute that was causing the purported harm); *Delta Const. Co., Inc. v. EPA*, 783 F.3d 1291, 1296–97 (D.C. Cir. 2015) (per curiam).

Plaintiffs' requests for discovery related to EO 14183 also raise significant privilege issues. Plaintiffs' broad discovery requests seek a significant amount of material, *e.g.*, drafts and considered alternatives of policies, that would clearly qualify as pre-decisional and deliberative, thus subject to the Government's deliberative process privilege, *see, e.g.*, *Comm'r of Int. Rev.*, 621 F.3d 890, 904 (9th Cir. 2010); *United States v. Fernandez*, 231 F.3d 1240, 1246 (9th Cir. 2000).

Plaintiffs' requested discovery also clearly seeks information protected by the presidential communications privilege and/or the President's more general Executive Privilege. *See Karnoski v. Trump*, 926 F.3d 1180, 1204–05 (9th Cir. 2019); *Loving v. Dep't of Def.*, 550 F.3d 32, 37 (D.C. Cir. 2008). When considering how (and whether) to proceed in civil discovery, courts are obligated to avoid intruding on these sensitive privileges of the Executive Branch. *See Cheney v. U.S. Dist. Court for Dist. Of Columbia*, 542 U.S. 367, 385 (2004) (court of appeals failed to properly consider separation-of-powers concerns when it denied government's request for

LCR 37 JOINT SUBMISSION
ON PLAINTIFFS' MOT. TO
COMPEL DISCOVERY - 13
CASE NO. 2:25-CV-241-BHS

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and
Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign
Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

mandamus relief to prevent discovery against the Vice President, which discovery, the government argued, threatened "substantial intrusions on the process by which those in closest operational proximity to the President advise the President"; court of appeals also erred in finding that the Vice President must first assert executive privilege). The burden to justify potentially intrusive discovery falls squarely on Plaintiffs, *see id.* at 388, and they have not satisfied that burden. Thus, Plaintiffs' discovery request is inappropriate not only in scope, but also due to its intrusion into core Executive Branch privileges.

Plaintiffs' argument that the Court's Minute Order of March 4, 2025, ordering Defendants to notify Plaintiffs and the Court of any new "policy or guidance implementing the challenged Executive Orders in the military," mandates EO discovery is misplaced. *Supra* at I.A. What the Court's Minute Order shows is that once the Department began implementing EO 14183, the focus of the case became agency implementation, which is what causes Plaintiffs' asserted harm, and not the EO, which is merely a directive to the agency to do something within the bounds of the law.

Allegations of animus also do not entitle Plaintiffs to EO discovery. First, it is unclear how discovery as to the EO—issued by the President—will provide any insight "into the mental processes of the relevant decisionmakers at DoD." *Supra* at I.A. Second, allegations of animus in the rational basis review context that governs here does not require any discovery because the 2025 Policy must be upheld so long as it is not "impossible to discern a relationship to legitimate state interests" and is not "inexplicable by anything but animus." *Trump v. Hawaii*, 585 U.S. 667, 706 (2018); *see also Trump v. Orr*, 146 S. Ct. 44, 46 (2025). The inquiry is decided without regard to "actual[] motiv[es]," *see F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 315 (1993), and therefore Plaintiffs are not entitled to broad-ranging discovery based on their animus allegations. It is not appropriate under *Trump v. Hawaii* to "look beyond the [2025] Policy itself to derive animus." *Talbott*, 2025 WL 3533344, at *10 (holding that the district court erred in considering statements made by the President and other officials). Rather, "[i]f any legitimate state interest

LCR 37 JOINT SUBMISSION
ON PLAINTIFFS' MOT. TO
COMPEL DISCOVERY - 14
CASE NO. 2:25-CV-241-BHS

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and
Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign
Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

exists, '[the court] must accept that independent justification.'" *Id.* (quoting *Trump v. Hawaii*, 585 U.S. at 607). Because legitimate state interests exist on the face of the Policy (*e.g.*, military readiness, unit cohesion, and costs), allegations of animus do not entitle Plaintiffs to EO discovery as a matter of law.

As to the timeframe, discovery should be limited to the period between the inauguration on January 20, 2025, and the Department's issuance of the implementing Policy of February 26, 2025. Plaintiffs request to extend the timeframe "to the present"—now about 14 months after issuance of the February 26 Policy—is disproportionate to the needs of the case and exceeds the Court's permission to allow "limited" discovery. Hearing Tr. at 9:4-18. Plaintiffs amended the complaint on March 4, 2025, to challenge the Policy of February 26, 2025; no law permits treating a complaint as a living document that allows a plaintiff to challenge events that occurred after the filing of the complaint. For that reason, discovery about matters after February 26, 2025, including the guidance of the Armed Services, are not relevant and their discovery is not proportional to the needs of the case because the complaint cannot be construed to challenge subsequent events.

Lastly, Plaintiffs' request for documents produced by the government in other cases involving a different policy (RFP #35), is inappropriate. The 2025 Policy did not rely on information generated pursuant to discovery in these cases, so the information is irrelevant for that reason alone. To the extent the 2025 Policy relies on the Mattis Report, the Report (including the administrative record underlying the Report, which Defendants have produced) speaks for itself and is a synthesis of information considered (and possibly rejected) by former Secretary of Defense Mattis. Any information outside of the Report, such as the discovery in other cases, is disproportionate to the needs of the case. Additionally, the *Talbott* court agreed with Defendants that the documents produced to Plaintiffs in this case was appropriate, and the court ordered the same production and nothing more. *Talbott*, Civ. A. No. 25-240 (D.D.C.), Min. Ord., Mar. 16, 2026.

LCR 37 JOINT SUBMISSION
ON PLAINTIFFS' MOT. TO
COMPEL DISCOVERY - 15
CASE NO. 2:25-CV-241-BHS

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and
Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign
Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

**C.  Moving Party's Reply**

Plaintiffs have standing to challenge EO 14183—a straightforward directive that has harmed Plaintiffs.  *See Washington v. Trump*, 145 F.4th 1013, 1025 (9th Cir. 2025); *San Francisco v. Trump*, 897 F.3d 1225, 1236, 1240 (9th Cir. 2018); *Nat'l Ass'n of Diversity Officers in Higher Educ. v. Trump*, 167 F.4th 86, 98-99, 100 (4th Cir. 2026).

The Court's review is not limited to the administrative record.  *See*, *e.g.*, *Mayor & City Council of Baltimore v. Trump*, 429 F.Supp.3d 128, 138 (D. Md. 2019).  The *Talbott* court has not ruled otherwise.  *See* Buchert Decl., Exh. 2, at 23:23-24:11, 25:12-15.  Regardless, Defendants have not produced a complete record of everything "pertaining to the merits of its decision." *Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993). This includes "documents and materials directly or *indirectly* considered," *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989), and "internal agency communications and drafts," *Ctr. for Food Safety v. Vilsack*, 2017 WL 1709318, at *4 (N.D. Cal. May 3, 2017).

**II.      Requests Regarding Transgender Servicemembers (RFPs #1, 18, 19, 20, 21, 26, 27)**

Plaintiffs requested production concerning DoD's policies regarding, assertions about, and treatment of transgender servicemembers, including documents or communications related to: the development of the Ban (RFP#1); currently operative military policies, directives, or procedures that pertain specifically to transgender servicemembers (RFP #18); guidance regarding transgender servicemembers made by the Under Secretary of Personnel and Readiness that occurred outside of the normal Department of Defense issuance process pursuant to Secretary Hegseth's February 7 Memorandum (RFP #19); discharge proceedings against any transgender service member serving in the U.S. military (RFP #20); any transgender person who has applied to join the U.S. military (RFP #21); any person or group providing analysis, advice, or recommendations to Defendants concerning any restrictions on military service of transgender people (RFP #26); and any complaints arising from or attributed to open service by transgender service members, accessions by transgender persons, or the Austin Policy (RFP #27).

LCR 37 JOINT SUBMISSION
ON PLAINTIFFS' MOT. TO
COMPEL DISCOVERY - 16
CASE NO. 2:25-CV-241-BHS

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and
Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign
Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

Defendants objected to the relevance and proportionality of each request and asserted that "[t]his case is about a specific policy addressing servicemembers with gender dysphoria—a mental disorder under DSM-5," and not about the military's treatment of transgender servicemembers or transgender people more broadly.

**A. Moving Party's Argument**

Plaintiffs challenge EO 14183 and DoD's implementation of the policy set forth therein on the basis that the Administration has enacted a total ban on transgender servicemembers, consistent with the directive in EO 14183.

Plaintiffs are therefore entitled to discovery relevant to this challenge, regardless of the parties' terminological dispute. But instead of responding to Plaintiffs' requests in good faith, Defendants seek to narrow Plaintiffs' case to being about "a specific policy addressing servicemembers with gender dysphoria." Defendants' post-hoc attempts to characterize the Ban as focused on gender dysphoria rather than a policy directed at transgender people cannot govern the scope of discovery here, as such scope is not determined by how Defendants wish to characterize the case.

For purposes of their discovery requests, Plaintiffs define "transgender" to refer to "a person whose gender identity differs from the sex the person was identified as having at birth." This definition identically captures the set of persons whom EO 14183 and Secretary Hegseth's February 7 Memo deem incapable of "satisfy[ing] the rigorous standards necessary for Military Service": those who express a gender identity divergent from what the Administration views as their "sex," as defined in EO 14168. All subsequently-issued guidance and action steps implement this policy determination that such persons are categorically unfit for military service, and as such Plaintiffs are entitled to discovery probing how Defendants came to and implemented this conclusion.

LCR 37 JOINT SUBMISSION
ON PLAINTIFFS' MOT. TO
COMPEL DISCOVERY - 17
CASE NO. 2:25-CV-241-BHS

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and
Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign
Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

**B. Responding Party's Argument**

Defendants properly objected on the basis of relevance and proportionality to Plaintiffs' requests about "transgender servicemembers." This is not a mere "terminological dispute." *Supra* at 2.A. This case is about a military separation and accession policy concerning servicemembers and applicants with gender dysphoria—a mental disorder under DSM-5—not "transgender servicemembers." As the Supreme Court has recognized, not all trans-identifying individuals have gender dysphoria. *Skrmetti*, 605 U.S. at 502. And while "proxy discrimination" can be a "a form of facial discrimination," *Pritchard on behalf of C.P. v. Blue Cross Blue Shield of Ill.*, 159 F.4th 646, 664 (9th Cir. 2025), "using [the] medical diagnosis [of gender dysphoria] as the distinguishing factor" does not constitutes proxy discrimination, *Anderson v. Crouch*, 169 F.4th 474, 486 (4th Cir. 2026) (citing *Skrmetti*, 605 U.S. at 524–25). Indeed, the military does not track "transgender persons," let alone know all people in the military who may or may not identify as "transgender," whether there were any complaints made against them, or the like. To the extent Plaintiffs contend that this distinction between "transgender servicemembers" and servicemembers with gender dysphoria is "post-hoc," they are mistaken. The language of the 2025 Policy specifically addresses servicemembers with gender dysphoria. Defendants' objections should be sustained.

**C. Moving Party's Reply**

Defendants' arguments lack merit. From the get-go, this case has been about the separation of *transgender* servicemembers. DoD guidance, contemporaneous with the Hegseth Policy, acknowledges that "all transgender Service members [are] being targeted for separation now" because "express[ing] a false 'gender identity' divergent from an individual's sex cannot satisfy the rigorous standards necessary for military service." Dkt. 73-10; *see also* Dkt. 58-6 (Army guidance referring to the implementation of executive orders "related to transgender military service"); Dkt. 58-10 (Navy guidance clarifying that sailors "who [may identify] as transgender" cannot deploy or enlist). Thus, even assuming *arguendo* that the Ban targets people with gender dysphoria, under *Skrmetti* and *Pritchard*, Plaintiffs are entitled to seek discovery to ascertain

LCR 37 JOINT SUBMISSION
ON PLAINTIFFS' MOT. TO
COMPEL DISCOVERY - 18
CASE NO. 2:25-CV-241-BHS

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and
Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign
Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

*whether* such classification is being adopted as pretext for invidious discrimination against transgender servicemembers.

**III.    Discovery Regarding Executive Order 14168 (RFP #2)**

Plaintiffs requested production of documents and communications concerning EO 14168, "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government," and Defendants' implementation of it in DoD. Defendants objected based on proportionality and asserted that "[t]he policy at issue in this case implemented Executive Order 14183, not Executive Order 14168[.]"

**A.  Moving Party's Argument**

Plaintiffs seek discovery regarding EO 14168 in addition to discovery regarding EO 14183. As identified in the Complaint, EO 14183 explicitly adopts the definitions in EO 14168 and DoD's subsequent guidance carries forward its principles. Indeed, the Action Memo dated February 26, 2025, on which Defendants heavily rely, both cites and attaches EO 14168. Dkt. 71-1. *Cf.* Dkt. 58-2 (stating "President Trump has given us our marching order in his Executive Order 14168" and "the Department of Defense will remove all traces of gender ideology"). Furthermore, Defendants themselves repeatedly cited EO 14168 in their discovery responses as the basis for the disparaging contentions that being transgender is inconsistent with the military's standards of honesty, humility, and integrity. For example, Plaintiffs' RFPs #9-14 requested documents "supporting, refuting, or relating to Defendants' contention that transgender servicemembers"—or alternatively "servicemembers who have a current diagnosis or history of, or exhibit symptoms consistent with, gender dysphoria"—"are inconsistent with the military's high standard" for honesty, humility, and integrity, and in each case Defendants responded, "See Executive Order 14168, "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government." Defendants have no good faith basis for claiming that EO 14168 is irrelevant to Plaintiffs' claims—indeed, Defendants themselves have put it at issue—and the Court should compel them to respond to Plaintiffs' request.

LCR 37 JOINT SUBMISSION
ON PLAINTIFFS' MOT. TO
COMPEL DISCOVERY - 19
CASE NO. 2:25-CV-241-BHS

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and
Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign
Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

**B. Responding Party's Argument**

Defendants' response regarding EO 14183, as to causation and harm, applies with at least equal force here and is hereby incorporated. *Supra* at I.B. Indeed, EO 14168 is even further removed from the alleged harm imposed by the 2025 Policy.

Plaintiffs' request related to EO 14183 is disproportionate to the needs of the case and grossly overbroad. Notably, Defendants did not object on relevancy grounds, contrary to Plaintiffs' contention. *Supra* at III.A. Plaintiffs seek "[a]ll Documents or Communications, from January 20, 2025 to present, related to Executive Order 14168, titled 'Defending Women From Gender Ideology Extremism and Restoring Biological Truth to the Federal Government[.]'" EO 14168 is directed to the Executive Branch and sets forth broad policies of the United States that executive agencies required to follow consistent with all applicable law. While it contains specific provisions directed to other agencies, including the Department of State, the Department of Homeland Security, and the Bureau of Prisons, there is no provision directed at the Department of Defense. All documents, with no end date, relating to a broad Executive Order that does not directly address the Department of Defense, in a case involving "limited discovery" is entirely disproportionate to the needs of the case. And even if EO 14168 did directly address the Department, the Executive Order would have no actual impact on Plaintiffs and thus is not a proper subject of judicial review. *Supra* at I.B. That impact comes from the 2025 Policy, which is supported by an action memo that identifies specific documents and data that the Department considered in issuing the Policy. The Department has produced those documents.

Plaintiffs' requests for discovery related to EO 14168 also raise significant executive privilege issues. The above privilege discussion is incorporated herein. *Supra* at I.B.

**C. Moving Party's Reply**

Plaintiffs' discovery requests are proportionate. They do not seek "all documents, with no end date." Nor do they seek discovery regarding the formulation of EO 14168, which vitiates any executive privilege concerns. Plaintiffs seek only documents and communications related to the

LCR 37 JOINT SUBMISSION
ON PLAINTIFFS' MOT. TO
COMPEL DISCOVERY - 20
CASE NO. 2:25-CV-241-BHS

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and
Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign
Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

implementation of EO 14168 within the DoD, given myriad documents cite to it. These include EO 14183 and the Hegseth Policy, which reference and adopt EO 14168's statements of policy and definitions. *See*, *e.g.*, EO 14183 § 3; Dkt. 71-1 (Action Memo). Defendants' standing argument also fails. *See supra*. EO 14168 has been found by multiple courts to discriminate based on transgender status. *See San Francisco A.I.D.S. Found. v. Trump*, 786 F.Supp.3d 1184, 1216-17 (N.D. Cal. 2025); *PFLAG, Inc. v. Trump*, 769 F.Supp.3d 405, 443-44 (D. Md. 2025); *Washington v. Trump*, 768 F.Supp.3d 1239, 1277 (W.D. Wash. 2025).

## IV.    Officials Involved in the Development of the Ban (Interrogatory #3)

Plaintiffs requested discovery regarding the identity and role of government officials involved in the development of the February 26 Memorandum and the Action Memo. Defendants identified certain DoD offices and officials by title only.

### A. Moving Party's Argument

Defendants did not adequately answer Plaintiffs' interrogatory requesting that Defendants identify each "person involved in the promulgation of the Hegseth Policy as well as the Action Memo, including the author(s) and each person who reviewed, revised, or commented on any drafts of the Hegseth Policy, and what their role was." Instead, Defendants listed numerous "[i]ndividuals involved in the development of the Policy," but only by title and without specifying what each individual's role was, as requested in the Interrogatory.

The interrogatory serves both Plaintiffs' immediate purpose of identifying individuals who may be subject to deposition with the Court's permission and the broader purpose of understanding how, if at all, policy development work by DoD officials informed EO 14183 as well as how DoD officials subsequently have developed guidance implementing EO 14183. Defendants have no good-faith basis for not providing the requested information.

### B. Responding Party's Argument

For the first time, Plaintiffs reveal in this submission that they need the names and roles of officials involved in the development of the Policy because they might be seeking depositions.

LCR 37 JOINT SUBMISSION ON PLAINTIFFS' MOT. TO COMPEL DISCOVERY - 21 CASE NO. 2:25-CV-241-BHS

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

Depositions stray far from the "limited discovery" that Plaintiffs represented to the Court that they were seeking and that the Court allowed to proceed in this challenge to agency action. In any event, Defendants point Plaintiffs to the document identified as DOW (Shilling) 27, where Defendants provided Plaintiffs with the Policy action memo coordination sheet that identifies the names and offices of the reviewing officials. The precise contributions of those officials, however, are protected by the deliberative process privilege because their roles in the process were predecisional and they do not have final decisionmaking authority, i.e., the officials' roles preceded the final decision of the decisionmaker, and are deliberative because disclosure of their contributions would expose the Department's decision-making process. *See, e.g.*, *Hongsermeier*, 621 F.3d at 904. Moreover, Plaintiffs' request to depose the individual officials who contributed to the deliberative process is improper in a case that is primarily a record-review case; the written records should be the focal point for the Court's review, not what might be on the minds of the individuals officials who contributed to the deliberate process in formulating the policy.

### C. Moving Party's Reply

The identities of the individuals involved in the development and implementation of agency guidance implementing EO 14183 is relevant to determine custodians of potential discovery materials and *whether* any depositions are warranted.

### V. Sources Relied Upon in the Development of the Ban (RFPs #1–8, 15, 17, 26, and 27; RFAs #1–3; and Interrogatories #1 and 4)

In response to many of Plaintiffs' discovery requests, Defendants referred to "sources informing the Policy." Plaintiffs seek additional information to confirm their understanding of these sources.

### A. Moving Party's Argument

Plaintiffs understand that the references to "sources informing the Policy" in Defendants' responses to RFPs #1-8, 15, 17, 26, and 27, RFAs #1-3, and Interrogatories #1 and 4 to refer to the four sources specifically cited in the Action Memo: the 2018 Mattis Report; a 2021 review

LCR 37 JOINT SUBMISSION
ON PLAINTIFFS' MOT. TO
COMPEL DISCOVERY - 22
CASE NO. 2:25-CV-241-BHS

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and
Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign
Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

conducted by DoD's Psychological Health Center of Excellence and the Accession Medical Standards Analysis and Research Activity; a 2025 medical literature review conducted by the Office of the Assistant Secretary of Defense for Health Affairs; and a review of cost data by the Office of the Assistant Secretary of Defense for Health Affairs covering 2015 to 2024. Plaintiffs simply seek confirmation that these are all the sources Defendants relied on in the development of the Ban.

**B.  Responding Party's Argument**

Confirmed to the extent that such sources are reflected in writing.

**C.  Moving Party's Reply**

Even if the above are the only sources considered by Defendants as the "sources informing the policy," Defendants production as to these sources remains incomplete.  For example, while Defendants' production includes the literature review cited in the Action Memo (Tab 13 of the Action Memo, *see* Dkt. 71-4), the discovery produced does not contain the studies referenced therein; the methodology for it, such as how studies were selected or excluded; or its authors. Defendants' production also appears to lack the review of cost data covering 2015 to 2024 that was conducted by the Office of the Assistant Secretary of Defense for Health Affairs, or the cost data itself.

**VI.    Assertions of Privilege (RFPs #1, 17, 24, 25, and 26; RFAs #1, 2, 3, and 4; Interrogatories #2 and 5)**

Plaintiffs requested production and written responses regarding documents or communications related to the development of the Ban, the February 26 Memo, and the Action Memo (RFPs #1 and 17); any policies that were considered as alternatives, modifications, or refinements to the procedure and policy set forth in EO 14183 and the February 26 Memo (RFPs #24 and 25); and documents or communications relating to any person or group providing analysis, advice, or recommendations to Defendants concerning any restrictions on military service of transgender people (RFP #26). Plaintiffs additionally requested admissions that, in connection with

LCR 37 JOINT SUBMISSION
ON PLAINTIFFS' MOT. TO
COMPEL DISCOVERY - 23
CASE NO. 2:25-CV-241-BHS

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and
Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign
Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

its implementation of the Ban, Defendants did not conduct or commission any investigation or study examining whether servicemembers who have a current diagnosis or history of, or exhibit symptoms consistent with, gender dysphoria fail to otherwise meet service-based requirements applicable to all servicemembers, or the impact such servicemembers have on military readiness or unit cohesion (RFAs #1–3); and that when determining whether to medically separate a servicemember from military service based on a medical condition, DoD generally considers whether and to what extent the medical condition impairs such servicemember's individual ability to perform their duties (RFA #4). Plaintiffs also propounded interrogatories regarding the process of and the officials involved in promulgating EO 14183 (Interrogatory #2) and communications between Defendants and the White House regarding military service by transgender people, medical treatment for transgender people, and/or transgender people in general (Interrogatory #5).

Defendants objected to Plaintiffs' requests for policy drafts, alternatives, modifications, refinements, and Executive Branch communications, based on various privileges, including presidential communications privilege, deliberative process privilege, attorney-client privilege, and work-product doctrine. Defendants did not include a listing of specific responsive documents, if any, in their privilege log.

**A. Moving Party's Argument**

When a party withholds information otherwise discoverable by claiming that the information is privileged, the party must describe the nature of the documents or communications not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. Fed. R. Civ. P. 26(b)(5). *See also Aecon Bldgs., Inc. v. Zurich N. Am.*, 253 F.R.D. 655, 661 (W.D. Wash. 2008), *clarified on denial of reconsideration* (Aug. 28, 2008) ("Thus, if it withholds requested materials on the basis of privilege, a party is obligated to document those materials in a privilege log to give the requesting party an opportunity to assess the privilege asserted."). Defendants have not done so here. Their sparse written answers to Plaintiffs' RFPs and Interrogatories provide no basis for

LCR 37 JOINT SUBMISSION
ON PLAINTIFFS' MOT. TO
COMPEL DISCOVERY - 24
CASE NO. 2:25-CV-241-BHS

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and
Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign
Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

Plaintiffs to understand the universe of responsive documents that Defendants are withholding, and Defendants have declined to provide further details in a privilege log. Indeed, as communicated during the April 6 meet-and-confer, Defendants *have not conducted any searches for responsive documents* other than look at those listed on the face of the February 26 Memo and Action Memo. *See* Buchert Decl., at ¶12.

But "the deliberative process privilege should not be used to shield discovery into Defendants' decision-making process and intent when the extent and scope of that decision-making process is a central issue in this lawsuit." *Doe 2*, 2019 WL 4394842, at *7. Indeed, through their broad and unmoored assertion of deliberative process privilege, Defendants are denying Plaintiffs and the Court the ability to assess whether any such withheld documents are properly classified as privileged and whether there may be a basis for overcoming the asserted privilege(s). For example, many of Plaintiffs' requests concern the factual basis, or lack thereof, for the Ban. While the deliberative process privilege does "shield[] from disclosure documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated," it "does not apply … to any factual information upon which the agency has relied." *Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 445 FN 4 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 1048 (2025).

"[W]hether materials are in fact deliberative is subject to judicial review, and in appropriate circumstances district courts may order a privilege log to aid in that analysis." *Id.* at 445. "Defendants' current production is therefore insufficient, as it does not allow Plaintiffs or the Court to assess Defendants' privilege claims, FRCP 26(b)(5)(ii), or conduct the type of 'granular analysis' suggested by the Ninth Circuit." *Karnoski v. Trump*, No. 17-cv-01297, 2019 WL 6130826, at *3 (W.D. Wash. Nov. 19, 2019). Plaintiffs therefore request that the Court compel Defendants to actually search for any documents and communications that are responsive to Plaintiffs' discovery requests and thereafter provide a detailed privilege log and "make particularized objections to 'show that the interest in secrecy or nondisclosure outweighs the need'

LCR 37 JOINT SUBMISSION
ON PLAINTIFFS' MOT. TO
COMPEL DISCOVERY - 25
CASE NO. 2:25-CV-241-BHS

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and
Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign
Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

for responsive materials." *Karnoski v. Trump*, 926 F.3d 1180, 1205 (9th Cir. 2019) (quoting *Dellums v. Powell*, 642 F.2d 1351, 1363 (D.C. Cir. 1980)).

### B. Responding Party's Argument

As discussed above, this case is a challenge to agency action, namely, the 2025 Policy. The 2025 Policy at issue is supported by an action memo that identifies specific documents and data that the Department considered in issuing the Policy, which the D.C. Circuit has held are the materials that "undergird" the Policy. *Talbott*, 2025 WL 3533344, at *4. Defendants produced the documents and data that the Department considered in issuing the 2025 Policy, including the "Mattis Report." The Department also produced the underlying administrative record to the Report (over 3,000 pages). As the D.C. Circuit held in *Talbott*, the "focus" is "on the text and sources informing the [2025] Policy"—which the Department readily produced—and not on "extrinsic" materials or information that Plaintiffs are seeking. *Talbott*, 2025 WL 3533344, at *4, *10. A more expansive search than the documents that the Department considered in issuing the Policy is not warranted and are not necessary for Plaintiff to prosecute their claims in the rational basis review, "limited discovery" context that governs this case. *See Skrmetti*, 605 U.S. at 518–19 (holding that classifications that turn on the medical use are subject to rational basis review); *Talbott*, 2025 WL 3533344, at *5 (holding that the Policy, which "classifies based on the medical condition of gender dysphoria," likely is not subject to heightened scrutiny).

Of the universe of documents produced, two documents were subject to redactions. Defendants have provided Plaintiffs with a privilege log for this redacted material. Other objections as to privilege were to signal to Plaintiffs that they were requesting information clearly subject to Executive privilege (*e.g.*, Presidential communications), deliberative process privilege (*e.g.*, draft policies), and the like, not that Defendants withheld any particular documents.

### C. Moving Party's Reply

Defendants do not dispute that they have not searched for any responsive documents for which they assert privilege. The court should not countenance such broad and unmoored assertions

LCR 37 JOINT SUBMISSION
ON PLAINTIFFS' MOT. TO
COMPEL DISCOVERY - 26
CASE NO. 2:25-CV-241-BHS

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and
Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign
Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

of privilege, as explained above. Defendants desire to limit discovery in this case to just the 125 documents they say constitute the administrative record in this case. That is insufficient, as the Supreme Court recognized in *Department of Commerce v. New York*. It is particularly insufficient in cases like this one, as the Ninth Circuit and this Court recognized in *Karnoski*. Defendants must search for responsive documents and only after they have done so may they make particularized objections with regards to privilege.

**Compliance Certificate:** *Pursuant to W.D. Wash. LCR 37(a)(2)(H), counsel for Plaintiffs, as the moving parties, hereby certify that they have complied with the requirements of the Expedited Joint Motion Procedure as set forth in LCR 37(a)(2). Pursuant to LCR 7(e)(6) and LCR 37(a)(2)(E), the undersigned certify that the parties' introductory and position statements herein do not exceed 4,200 words per side. Consistent with LCR 37(a)(2)(E)'s exclusion of the discovery requests themselves, the aforementioned excludes the summary of the requests and objections before each parties' positions.*

Dated this 17th day of April 2026.

*Presented by:*

By: /s/ Matthew P. Gordon
    Matthew P. Gordon, WSBA No. 41128
    Sarah Grant, WSBA No. 63879
    **Perkins Coie LLP**
    1201 Third Avenue, Suite 4200
    Seattle, Washington 98101-3099
    Telephone: 206.359.8000
    Facsimile: 206.359.9000
    E-mail: MGordon@perkinscoie.com
    E-mail: SarahGrant@perkinscoie.com

    Mary Grace Thurmon (pro hac vice)
    Bo Yan Moran (pro hac vice)
    **Perkins Coie LLP**
    3150 Porter Drive
    Palo Alto, CA 94304-1212
    Telephone: 650.838.4300

By: /s/ M. Jared Littman
    BRETT A. SHUMATE
    Assistant Attorney General

    ALEXANDER K. HAAS
    Director, Federal Programs Branch

    JEAN LIN
    Special Litigation Counsel

    M. JARED LITTMAN
    ELIZABETH B. LAYENDECKER
    ROBERT C. BOMBARD
    Trial Attorneys
    **United States Department of Justice**
    **Civil Division, Federal Programs Branch**
    1100 L Street NW

LCR 37 JOINT SUBMISSION
ON PLAINTIFFS' MOT. TO
COMPEL DISCOVERY - 27
CASE NO. 2:25-CV-241-BHS

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and
Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign
Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

Facsimile: 650.838.4350
E-mail: MThurmon@perkinscoie.com
E-mail: BMoran@perkinscoie.com

Gabriella Romanos Abihabib (pro hac vice)
**Perkins Coie LLP**
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
Telephone: 212.262.6900
Facsimile: 212.977.1649
E-mail: GRomanos@perkinscoie.com

Sasha Buchert (pro hac vice)
**Lambda Legal Defense and Education Fund, Inc.**
815 16th St. NW, Suite 4140
Washington, DC 20006
Telephone: 202.804.6245
Facsimile: 855.535.2236
E-mail: SBuchert@lambdalegal.org

Kell Olson (pro hac vice)
**Lambda Legal Defense and Education Fund, Inc.**
3849 E Broadway Blvd, #136
Tucson, AZ 85716
Telephone: 323.370.6915
Facsimile: 855.535.2236
E-mail: KOlson@lambdalegal.org

Omar Gonzalez-Pagan (pro hac vice)
**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212.809.8585
Facsimile: 855.535.2236
E-mail: OGonzalez-Pagan@lambdalegal.org

Camilla B. Taylor (pro hac vice)
Kenneth Dale Upton, Jr. (pro hac vice)

Washington, DC 20005
Telephone: 202.616.8489
Facsimile: 202.514.1359
Jared.Littman2@usdoj.gov
Elizabeth.B.Layendecker@usdoj.gov
Robert.Bombard2@usdoj.gov

Attorneys for Defendants

LCR 37 JOINT SUBMISSION ON PLAINTIFFS' MOT. TO COMPEL DISCOVERY - 28
CASE NO. 2:25-CV-241-BHS

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

**Lambda Legal Defense and Education Fund, Inc.**
3656 N Halsted St.
Chicago, IL 60613
Telephone: 312.663.4413
Facsimile: 855.535.2236
E-mail: CTaylor@lambdalegal.org
E-mail: KUpton@lambdalegal.org

Jennifer C. Pizer (pro hac vice)
**Lambda Legal Defense and Education Fund, Inc.**
800 South Figueroa Street, Suite 1260
Los Angeles, CA 90017
Telephone: 213.382.7600
Facsimile: 855.535.2236
E-mail: JPizer@lambdalegal.org

Cynthia Cheng-Wun Weaver (pro hac vice)
Ami Rakesh Patel (pro hac vice)
**Human Rights Campaign Foundation**
1640 Rhode Island Ave. N.W.
Washington, DC 20036
Telephone: 202.527.3669
Facsimile: 202.347.5323
E-mail: Cynthia.Weaver@hrc.org
E-mail: Ami.Patel@hrc.org

Attorneys for Plaintiffs

LCR 37 JOINT SUBMISSION ON PLAINTIFFS' MOT. TO COMPEL DISCOVERY - 29 CASE NO. 2:25-CV-241-BHS

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

## LCR 37 Certification

I certify that the full response by the responding party has been included in this submission, and that prior to making this submission the parties conferred to attempt to resolve this discovery dispute in accordance with LCR 37(a).

Dated this 17th day of April 2026.

By: */s/ Matthew P. Gordon*
Matthew P. Gordon, WSBA No. 41128
**Perkins Coie LLP**
1301 Second Ave., Suite 4200
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
E-mail: MGordon@perkinscoie.com

LCR 37 JOINT SUBMISSION
ON PLAINTIFFS' MOT. TO
COMPEL DISCOVERY - 30
CASE NO. 2:25-CV-241-BHS

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and
Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign
Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762