THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COMMANDER EMILY SHILLING, et al.,

Plaintiffs,

v.

UNITED STATES OF AMERICA; et al.,

Defendants.

No. 2:25-cv-241-BHS

**[PROPOSED] ORDER GRANTING PLAINTIFFS' REQUESTED RELIEF IN LCR 37 JOINT SUBMISSION: MOTION TO COMPEL DISCOVERY**

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and
Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign
Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

This matter comes before the Court on the LRC 37 Joint Submission filed on April 17, 2026, with Plaintiffs as the Moving Party, relating to the below referenced discovery requests. The Court, having considered the LCR 37 Joint Submission, and the supporting Declarations with exhibits,

**HEREBY ORDERS** as follows:

**Plaintiffs' requests regarding Defendants' implementation of Executive Order 14183 and the Hegseth Policy:**

1. REQUEST FOR PRODUCTION NO. 1: All Documents or Communications, from January 20, 2025 to present, related to the Ban, including but not limited to, (a) all documents received, reviewed, or considered by the Department of Defense or any other group or committee within the Department of Defense that reviewed or considered transgender issues; (b) all Communications to, from, or copying the Department of Defense and/or any other group or committee within the Department of Defense that reviewed or considered transgender issues; (c) all Documents reflecting, containing, or setting forth any information or data received, reviewed, or considered by the Department of Defense and/or any other group or committee within the Department of Defense that reviewed or considered transgender issues; (d) all Documents relating, reflecting, or referring to matters discussed at any meeting within the Department of Defense that reviewed or considered transgender issues; and (e) all drafts of the Hegseth Policy, the Action Memo, and any guidance implementing or giving effect to the Ban, the Executive Order, or the Hegseth Policy.

2. REQUEST FOR PRODUCTION NO. 15: All Documents relating to any justification considered by Defendants for the Ban, including the Executive Order and the Hegseth Policy.

3. REQUEST FOR PRODUCTION NO. 16: All Documents or Communications relating or referring to Secretary Hegseth's February 7, 2025 memorandum to Senior Pentagon Leadership entitled "Prioritizing Military Excellence and Readiness," including but not limited to all documents reviewed, considered, or relied upon in issuing the memorandum.

4. REQUEST FOR PRODUCTION NO. 19: All Documents or Communications that pertain to guidance regarding transgender servicemembers made by the Under Secretary of Personnel and Readiness that occurred outside of the normal Department of Defense issuance process pursuant to Secretary Hegseth's February 7, 2025 Memorandum.

5. REQUEST FOR PRODUCTION NO. 22: All Documents or Communications relating to the reasons, grounds, or bases for the decision set forth in Executive Order 14183.

[PROPOSED] ORDER GRANTING PLAINTIFFS' REQUESTED RELIEF IN LCR 37 JOINT SUBMISSION - 2

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

6. REQUEST FOR PRODUCTION NO. 23: All Documents or Communications relating to the implementation of the Ban, the Executive Order, and the Hegseth Policy, including but not limited to the cost of implementation.

7. REQUEST FOR PRODUCTION NO. 24: All Documents or Communications reflecting, referring, or relating to any policies that were considered as alternatives, modifications, or refinements to the procedure and policy set forth in Executive Order 14183 issued on January 26, 2025.

8. REQUEST FOR PRODUCTION NO. 35: All Documents produced in response to subpoenas or discovery requests issued by parties litigating *Karnoski v. Trump*, No. 17-cv-1297 (W.D. Wash.), *Stone v. Trump*, No. 17-cv-02459 (D. Md.), *Stockman v. Trump*, No. 17-cv-1799 (C.D. Cal.), *Doe v. Trump*, No. 17-cv-01597 (D.D.C.), and *Talbott v. United States*, No. 1:25-cv-00240 (D.D.C).

9. REQUEST FOR ADMISSION NO. 1: Admit that in connection with its implementation of the Ban, including the Executive Order, the Hegseth Policy, or any other implementing guidance, the Department of Defense, including any of its sub-agencies or offices, did not conduct or commission any investigation or study regarding whether servicemembers who have a current diagnosis or history of, or exhibit symptoms consistent with, gender dysphoria fail to otherwise meet service-based requirements applicable to all servicemembers.

10. REQUEST FOR ADMISSION NO. 2: Admit in connection with its implementation of the Ban, including the Executive Order, the Hegseth Policy, or any other implementing guidance, the Department of Defense, including any of its sub-agencies or offices, did not conduct or commission any investigation or study examining the impact servicemembers who have a current diagnosis or history of, or exhibit symptoms consistent with, gender dysphoria have on military readiness.

11. REQUEST FOR ADMISSION NO. 3: Admit in connection with its implementation of the Ban, including the Executive Order, the Hegseth Policy, or any other implementing guidance, the Department of Defense, including any of its sub-agencies or offices, did not conduct or commission any investigation or study examining the impact servicemembers who have a current diagnosis or history of, or exhibit symptoms consistent with, gender dysphoria have had on unit cohesion.

12. REQUEST FOR ADMISSION NO. 8: Admit that there is no factual basis to support the assertion contained in the Executive Order that "the adoption of a gender identity inconsistent with an individual's sex conflicts with a soldier's commitment to an honorable, truthful, and disciplined lifestyle, even in one's personal life."

13. INTERROGATORY NO. 1:  Explain in detail the factual basis for each governmental interest that You contend supports the Ban, including the Executive Order and the Hegseth Policy.

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

14. INTERROGATORY NO. 2:  Explain the process You used to promulgate the Executive Order. Your answer should identify each person involved in the promulgation of the Executive Order, including the author(s) and each person who reviewed, revised, or commented on any drafts of the Executive Order, and what their role was.

15. INTERROGATORY NO. 5:  Identify all Communications, from January 20, 2025 to the present, between Defendants and the President, the Executive Office of the President, the Vice President, the Office of the Vice President, Secretary Hegseth relating or referring to military service by transgender people, medical treatment for transgender people, and/or transgender people in general.

**COURT'S DECISION:**

**Plaintiffs' requests regarding transgender servicemembers:**

1. REQUEST FOR PRODUCTION NO. 1: All Documents or Communications, from January 20, 2025 to present, related to the Ban, including but not limited to, (a) all documents received, reviewed, or considered by the Department of Defense or any other group or committee within the Department of Defense that reviewed or considered transgender issues; (b) all Communications to, from, or copying the Department of Defense and/or any other group or committee within the Department of Defense that reviewed or considered transgender issues; (c) all Documents reflecting, containing, or setting forth any information or data received, reviewed, or considered by the Department of Defense and/or any other group or committee within the Department of Defense that reviewed or considered transgender issues; (d) all Documents relating, reflecting, or referring to matters discussed at any meeting within the Department of Defense that reviewed or considered transgender issues; and (e) all drafts of the Hegseth Policy, the Action Memo, and any guidance implementing or giving effect to the Ban, the Executive Order, or the Hegseth Policy.

2. REQUEST FOR PRODUCTION NO. 18: All currently operative military policies, directives, or procedures that pertain specifically to transgender servicemembers.

3. REQUEST FOR PRODUCTION NO. 19: All Documents or Communications that pertain to guidance regarding transgender servicemembers made by the Under Secretary of Personnel and Readiness that occurred outside of the normal Department of Defense issuance process pursuant to Secretary Hegseth's February 7, 2025 Memorandum.

4. REQUEST FOR PRODUCTION NO. 20: All Documents or Communications, between February 26, 2025 and the present, relating to discharge proceedings against any transgender service member serving in the U.S. military.

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

5.  REQUEST FOR PRODUCTION NO. 21: All Documents or Communications, between February 26, 2025 and the present, relating to any transgender person who has applied to join the U.S. military.

6.  REQUEST FOR PRODUCTION NO. 26: All Documents and Communications relating or referring to any person or group providing analysis, advice, or recommendations to Secretary Hegseth, the Department of Defense, or any other Defendant concerning any restrictions on military service of transgender people.

7.  REQUEST FOR PRODUCTION NO. 27: All Documents reflecting, referring, or relating to any complaints arising from or attributed to open service by transgender service members, accessions by transgender persons, or the Austin Policy.

**COURT'S DECISION:**

**Plaintiffs' requests regarding Executive Order 14168:**

1.  REQUEST FOR PRODUCTION NO. 2: All Documents or Communications, from January 20, 2025 to present, related to Executive Order 14168, titled "Defending Women From Gender Ideology Extremism and Restoring Biological Truth to the Federal Government," issued on January 20, 2025, including to Defendants' implementation or giving effect to Executive Order 14168.

**COURT'S DECISION:**

**Plaintiffs' request for the identification of the individual officials involved in the Development of the Ban:**

1.  INTERROGATORY NO. 3: Explain the process You used to promulgate the Hegseth Policy, including the process leading up to the Action Memo. Your answer should identify each person involved in the promulgation of the Hegseth Policy as well as the Action Memo, including the author(s) and each person who reviewed, revised, or commented on any drafts of the Hegseth Policy, and what their role was.

**COURT'S DECISION:**

**Plaintiffs' request for additional information regarding the sources informing the development of the Ban:**

[PROPOSED] ORDER GRANTING PLAINTIFFS' REQUESTED RELIEF IN LCR 37 JOINT SUBMISSION - 5

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

1. REQUEST FOR PRODUCTION NO. 1: All Documents or Communications, from January 20, 2025 to present, related to the Ban, including but not limited to, (a) all documents received, reviewed, or considered by the Department of Defense or any other group or committee within the Department of Defense that reviewed or considered transgender issues; (b) all Communications to, from, or copying the Department of Defense and/or any other group or committee within the Department of Defense that reviewed or considered transgender issues; (c) all Documents reflecting, containing, or setting forth any information or data received, reviewed, or considered by the Department of Defense and/or any other group or committee within the Department of Defense that reviewed or considered transgender issues; (d) all Documents relating, reflecting, or referring to matters discussed at any meeting within the Department of Defense that reviewed or considered transgender issues; and (e) all drafts of the Hegseth Policy, the Action Memo, and any guidance implementing or giving effect to the Ban, the Executive Order, or the Hegseth Policy.

2. REQUEST FOR PRODUCTION NO. 8: All Documents supporting, refuting, or relating to Your contention that transgender servicemembers tax military resources.

**COURT'S DECISION:**

**Plaintiffs' request that Defendants describe the nature of the documents or communications not produced or disclosed when claiming that information is privileged:**

1. REQUEST FOR PRODUCTION NO. 1: All Documents or Communications, from January 20, 2025 to present, related to the Ban, including but not limited to, (a) all documents received, reviewed, or considered by the Department of Defense or any other group or committee within the Department of Defense that reviewed or considered transgender issues; (b) all Communications to, from, or copying the Department of Defense and/or any other group or committee within the Department of Defense that reviewed or considered transgender issues; (c) all Documents reflecting, containing, or setting forth any information or data received, reviewed, or considered by the Department of Defense and/or any other group or committee within the Department of Defense that reviewed or considered transgender issues; (d) all Documents relating, reflecting, or referring to matters discussed at any meeting within the Department of Defense that reviewed or considered transgender issues; and (e) all drafts of the Hegseth Policy, the Action Memo, and any guidance implementing or giving effect to the Ban, the Executive Order, or the Hegseth Policy.

2. REQUEST FOR PRODUCTION NO. 17: All Documents or Communications relating or referring to The Hegseth Policy and the February 26, 2025 Action Memo, including without limitation: (a) all attachments thereto; (b) all documents reviewed, considered, or relied upon in preparing the Hegseth Policy and the Action Memo; and (c) all drafts of the Hegseth Policy and the Action Memo.

[PROPOSED] ORDER GRANTING PLAINTIFFS' REQUESTED RELIEF IN LCR 37 JOINT SUBMISSION - 6

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

3. REQUEST FOR PRODUCTION NO. 24: All Documents or Communications reflecting, referring, or relating to any policies that were considered as alternatives, modifications, or refinements to the procedure and policy set forth in Executive Order 14183 issued on January 26, 2025.

4. REQUEST FOR PRODUCTION NO. 25: All Documents or Communications reflecting, referring, or relating to any policies that were considered as alternatives, modifications, or refinements set forth in The Hegseth Policy.

5. REQUEST FOR PRODUCTION NO. 26: All Documents and Communications relating or referring to any person or group providing analysis, advice, or recommendations to Secretary Hegseth, the Department of Defense, or any other Defendant concerning any restrictions on military service of transgender people.

6. REQUEST FOR ADMISSION NO. 1: Admit that in connection with its implementation of the Ban, including the Executive Order, the Hegseth Policy, or any other implementing guidance, the Department of Defense, including any of its sub-agencies or offices, did not conduct or commission any investigation or study regarding whether servicemembers who have a current diagnosis or history of, or exhibit symptoms consistent with, gender dysphoria fail to otherwise meet service-based requirements applicable to all servicemembers.

7. REQUEST FOR ADMISSION NO. 2: Admit in connection with its implementation of the Ban, including the Executive Order, the Hegseth Policy, or any other implementing guidance, the Department of Defense, including any of its sub-agencies or offices, did not conduct or commission any investigation or study examining the impact servicemembers who have a current diagnosis or history of, or exhibit symptoms consistent with, gender dysphoria have on military readiness.

8. REQUEST FOR ADMISSION NO. 3: Admit in connection with its implementation of the Ban, including the Executive Order, the Hegseth Policy, or any other implementing guidance, the Department of Defense, including any of its sub-agencies or offices, did not conduct or commission any investigation or study examining the impact servicemembers who have a current diagnosis or history of, or exhibit symptoms consistent with, gender dysphoria have had on unit cohesion.

9. REQUEST FOR ADMISSION NO. 4: Admit that, when determining whether to medically separate a servicemember from military service based on a medical condition, the Department of Defense generally considers whether and to what extent the medical condition impairs such servicemember's individual ability to perform their duties.

10. INTERROGATORY NO. 2: Explain the process You used to promulgate the Executive Order. Your answer should identify each person involved in the promulgation of the Executive Order, including the author(s) and each person who reviewed, revised, or commented on any drafts of the Executive Order, and what their role was.

[PROPOSED] ORDER GRANTING PLAINTIFFS' REQUESTED RELIEF IN LCR 37 JOINT SUBMISSION - 7

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

11. INTERROGATORY NO. 5: Identify all Communications, from January 20, 2025 to the present, between Defendants and the President, the Executive Office of the President, the Vice President, the Office of the Vice President, Secretary Hegseth relating or referring to military service by transgender people, medical treatment for transgender people, and/or transgender people in general.

**COURT'S DECISION:**

DATED this ___ day of _____, 2026.

_____
Honorable Judge Benjamin H. Settle
United States District Court Judge

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

DATED: April 17, 2026

*Presented by:*

By:    /s/ Matthew P. Gordon
      Matthew P. Gordon, WSBA No. 41128
      Sarah Grant, WSBA No. 63879
      **Perkins Coie LLP**
      1201 Third Avenue, Suite 4900
      Seattle, Washington 98101-3099
      Telephone: 206.359.8000
      Facsimile: 206.359.9000
      E-mail: MGordon@perkinscoie.com
      E-mail: SarahGrant@perkinscoie.com

      Mary Grace Thurmon (pro hac vice)
      Bo Yan Moran (pro hac vice)
      **Perkins Coie LLP**
      3150 Porter Drive
      Palo Alto, CA 94304-1212
      Telephone: 650.838.4300
      Facsimile: 650.838.4350
      E-mail: MThurmon@perkinscoie.com
      E-mail: BMoran@perkinscoie.com

      Gabriella Romanos Abihabib (pro hac vice)
      **Perkins Coie LLP**
      1155 Avenue of the Americas, 22nd Floor
      New York, NY 10036-2711
      Telephone: 212.262.6900
      Facsimile: 212.977.1649
      E-mail: GRomanos@perkinscoie.com

      Sasha Buchert (pro hac vice)
      **Lambda Legal Defense and Education Fund, Inc.**
      815 16th St. NW, Suite 4140
      Washington, DC 20006
      Telephone: 202.804.6245
      Facsimile: 855.535.2236
      E-mail: SBuchert@lambdalegal.org

      Kell Olson (pro hac vice)
      **Lambda Legal Defense and Education Fund, Inc.**
      3849 E Broadway Blvd, #136
      Tucson, AZ 85716
      Telephone: 323.370.6915
      Facsimile: 855.535.2236
      E-mail: KOlson@lambdalegal.org

[PROPOSED] ORDER
GRANTING PLAINTIFFS'
REQUESTED RELIEF IN LCR
37 JOINT SUBMISSION - 9

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and
Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign
Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762

Omar Gonzalez-Pagan (pro hac vice)
**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212.809.8585
Facsimile: 855.535.2236
E-mail: OGonzalez-Pagan@lambdalegal.org

Camilla B. Taylor (pro hac vice)
Kenneth Dale Upton, Jr. (pro hac vice)
**Lambda Legal Defense and Education Fund, Inc.**
3656 N Halsted St.
Chicago, IL 60613
Telephone: 312.663.4413
Facsimile: 855.535.2236
E-mail: CTaylor@lambdalegal.org
E-mail: KUpton@lambdalegal.org

Jennifer C. Pizer (pro hac vice)
**Lambda Legal Defense and Education Fund, Inc.**
800 South Figueroa Street, Suite 1260
Los Angeles, CA 90017
Telephone: 213.382.7600
Facsimile: 855.535.2236
E-mail: JPizer@lambdalegal.org

Cynthia Cheng-Wun Weaver (pro hac vice)
Ami Rakesh Patel (pro hac vice)
**Human Rights Campaign Foundation**
1640 Rhode Island Ave. N.W.
Washington, DC 20036
Telephone: 202.527.3669
Facsimile: 202.347.5323
E-mail: Cynthia.Weaver@hrc.org
E-mail: Ami.Patel@hrc.org

Attorneys for Plaintiffs

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**Lambda Legal Defense and
Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY. 10005-3919
Telephone: 212-809-8585

**Human Rights Campaign
Foundation**
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762