THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COMMANDER EMILY SHILLING, et al.,

Plaintiffs,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

No. 2:25-cv-241-BHS

[DEFENDANTS' PROPOSED]
ORDER: PLAINTIFFS' REQUESTED
RELIEF IN LCR 37 JOINT
SUBMISSION: MOTION TO
COMPEL DISCOVERY

This matter comes before the Court on the LCR 37 Joint Submission filed on April 17, 2026, with Plaintiffs as the Moving Party, relating to the below referenced discovery requests. The Court, having considered the LCR 37 Joint Submission, and the supporting Declarations with exhibits,

**HEREBY ORDERS** as follows:

### Requests for Production

1. REQUEST FOR PRODUCTION NO. 1: All Documents or Communications, from January 20, 2025 to present, related to the Ban, including but not limited to, (a) all documents received, reviewed, or considered by the Department of Defense or any other group or committee within the Department of Defense that reviewed or considered transgender issues; (b) all Communications to, from, or copying the Department of Defense and/or any other group or committee within the Department of Defense that reviewed or considered transgender issues; (c) all Documents reflecting, containing, or setting forth any information or data received, reviewed, or considered by the Department of Defense and/or any other group or committee within the Department of Defense that reviewed or

[DEFENDANTS' PROPOSED]
ORDER
CASE NO. 2:25-CV-241-BHS

U.S. DEPARTMENT OF
JUSTICE
1100 L Street NW
Washington, DC 20530

considered transgender issues; (d) all Documents relating, reflecting, or referring to matters discussed at any meeting within the Department of Defense that reviewed or considered transgender issues; and (e) all drafts of the Hegseth Policy, the Action Memo, and any guidance implementing or giving effect to the Ban, the Executive Order, or the Hegseth Policy.

**COURT'S DECISION:**

2. REQUEST FOR PRODUCTION NO. 2: All Documents or Communications, from January 20, 2025 to present, related to Executive Order 14168, titled "Defending Women From Gender Ideology Extremism and Restoring Biological Truth to the Federal Government," issued on January 20, 2025, including to Defendants' implementation or giving effect to Executive Order 14168.

**COURT'S DECISION:**

3. REQUEST FOR PRODUCTION NO. 8: All Documents supporting, refuting, or relating to Your contention that transgender servicemembers tax military resources.

**COURT'S DECISION:**

4. REQUEST FOR PRODUCTION NO. 15:  All Documents relating to any justification considered by Defendants for the Ban, including the Executive Order and the Hegseth Policy.

**COURT'S DECISION:**

5. REQUEST FOR PRODUCTION NO. 16: All Documents or Communications relating or referring to Secretary Hegseth's February 7, 2025 memorandum to Senior Pentagon Leadership entitled "Prioritizing Military Excellence and Readiness," including but not limited to all documents reviewed, considered, or relied upon in issuing the memorandum.

**COURT'S DECISION:**

[DEFENDANTS' PROPOSED]
ORDER
CASE NO. 2:25-CV-241-BHS

U.S. DEPARTMENT OF
JUSTICE
1100 L Street NW
Washington, DC 20530

6.  REQUEST FOR PRODUCTION NO. 17: All Documents or Communications relating or referring to The Hegseth Policy and the February 26, 2025 Action Memo, including without limitation: (a) all attachments thereto; (b) all documents reviewed, considered, or relied upon in preparing the Hegseth Policy and the Action Memo; and (c) all drafts of the Hegseth Policy and the Action Memo.

**COURT'S DECISION:**

7.  REQUEST FOR PRODUCTION NO. 18: All currently operative military policies, directives, or procedures that pertain specifically to transgender servicemembers.

**COURT'S DECISION:**

8.  REQUEST FOR PRODUCTION NO. 19: All Documents or Communications that pertain to guidance regarding transgender servicemembers made by the Under Secretary of Personnel and Readiness that occurred outside of the normal Department of Defense issuance process pursuant to Secretary Hegseth's February 7, 2025 Memorandum.

**COURT'S DECISION:**

9.  REQUEST FOR PRODUCTION NO. 20: All Documents or Communications, between February 26, 2025 and the present, relating to discharge proceedings against any transgender service member serving in the U.S. military.

**COURT'S DECISION:**

10. REQUEST FOR PRODUCTION NO. 21: All Documents or Communications, between February 26, 2025 and the present, relating to any transgender person who has applied to join the U.S. military.

**COURT'S DECISION:**

[DEFENDANTS' PROPOSED]
ORDER
CASE NO. 2:25-CV-241-BHS

U.S. DEPARTMENT OF
JUSTICE
1100 L Street NW
Washington, DC 20530

11. REQUEST FOR PRODUCTION NO. 22: All Documents or Communications relating to the reasons, grounds, or bases for the decision set forth in Executive Order 14183.

**COURT'S DECISION:**

12. REQUEST FOR PRODUCTION NO. 23: All Documents or Communications relating to the implementation of the Ban, the Executive Order, and the Hegseth Policy, including but not limited to the cost of implementation.

**COURT'S DECISION:**

13. REQUEST FOR PRODUCTION NO. 24: All Documents or Communications reflecting, referring, or relating to any policies that were considered as alternatives, modifications, or refinements to the procedure and policy set forth in Executive Order 14183 issued on January 26, 2025.

**COURT'S DECISION:**

14. REQUEST FOR PRODUCTION NO. 25: All Documents or Communications reflecting, referring, or relating to any policies that were considered as alternatives, modifications, or refinements set forth in The Hegseth Policy.

**COURT'S DECISION:**

15. REQUEST FOR PRODUCTION NO. 26: All Documents and Communications relating or referring to any person or group providing analysis, advice, or recommendations to Secretary Hegseth, the Department of Defense, or any other Defendant concerning any restrictions on military service of transgender people.

**COURT'S DECISION:**

16. REQUEST FOR PRODUCTION NO. 27: All Documents reflecting, referring, or relating to any complaints arising from or attributed to open service by transgender service members, accessions by transgender persons, or the Austin Policy.

**COURT'S DECISION:**

17. REQUEST FOR PRODUCTION NO. 35: All Documents produced in response to subpoenas or discovery requests issued by parties litigating K*arnoski v. Trump*, No. 17-cv-1297 (W.D. Wash.), *Stone v. Trump*, No. 17-cv-02459 (D. Md.), *Stockman v. Trump*, No. 17-cv-1799 (C.D. Cal.), *Doe v. Trump*, No. 17-cv-01597 (D.D.C.), and *Talbott v. United States*, No. 1:25-cv-00240 (D.D.C).

**COURT'S DECISION:**

## Admissions

18. REQUEST FOR ADMISSION NO. 1: Admit that in connection with its implementation of the Ban, including the Executive Order, the Hegseth Policy, or any other implementing guidance, the Department of Defense, including any of its sub-agencies or offices, did not conduct or commission any investigation or study regarding whether servicemembers who have a current diagnosis or history of, or exhibit symptoms consistent with, gender dysphoria fail to otherwise meet service-based requirements applicable to all servicemembers.

**COURT'S DECISION:**

19. REQUEST FOR ADMISSION NO. 2: Admit in connection with its implementation of the Ban, including the Executive Order, the Hegseth Policy, or any other implementing guidance, the Department of Defense, including any of its sub-agencies or offices, did not conduct or commission any investigation or study examining the impact servicemembers who have a current diagnosis or history of, or exhibit symptoms consistent with, gender dysphoria have on military readiness.

**COURT'S DECISION:**

20. REQUEST FOR ADMISSION NO. 3: Admit in connection with its implementation of the Ban, including the Executive Order, the Hegseth Policy, or any other implementing guidance, the Department of Defense, including any of its sub-agencies or offices, did not conduct or commission any investigation or study examining the impact servicemembers

[DEFENDANTS' PROPOSED]
ORDER
CASE NO. 2:25-CV-241-BHS

U.S. DEPARTMENT OF
JUSTICE
1100 L Street NW
Washington, DC 20530

who have a current diagnosis or history of, or exhibit symptoms consistent with, gender dysphoria have had on unit cohesion.

**COURT'S DECISION:**

21. REQUEST FOR ADMISSION NO. 4: Admit that, when determining whether to medically separate a servicemember from military service based on a medical condition, the Department of Defense generally considers whether and to what extent the medical condition impairs such servicemember's individual ability to perform their duties.

**COURT'S DECISION:**

22. REQUEST FOR ADMISSION NO. 8: Admit that there is no factual basis to support the assertion contained in the Executive Order that "the adoption of a gender identity inconsistent with an individual's sex conflicts with a soldier's commitment to an honorable, truthful, and disciplined lifestyle, even in one's personal life."

**COURT'S DECISION:**

## **Interrogatories**

23. INTERROGATORY NO. 1:  Explain in detail the factual basis for each governmental interest that You contend supports the Ban, including the Executive Order and the Hegseth Policy.

**COURT'S DECISION:**

24. INTERROGATORY NO. 2:  Explain the process You used to promulgate the Executive Order. Your answer should identify each person involved in the promulgation of the Executive Order, including the author(s) and each person who reviewed, revised, or commented on any drafts of the Executive Order, and what their role was.

**COURT'S DECISION:**

25. INTERROGATORY NO. 3: Explain the process You used to promulgate the Hegseth Policy, including the process leading up to the Action Memo. Your answer should identify each person involved in the promulgation of the Hegseth Policy as well as the Action

Memo, including the author(s) and each person who reviewed, revised, or commented on any drafts of the Hegseth Policy, and what their role was.

**COURT'S DECISION:**

26. INTERROGATORY NO. 5:  Identify all Communications, from January 20, 2025 to the present, between Defendants and the President, the Executive Office of the President, the Vice President, the Office of the Vice President, Secretary Hegseth relating or referring to military service by transgender people, medical treatment for transgender people, and/or transgender people in general.

**COURT'S DECISION:**

DATED this ___ day of _____, 2026.

_____
Honorable Judge Benjamin H. Settle
United States District Court Judge

[DEFENDANTS' PROPOSED]
ORDER
CASE NO. 2:25-CV-241-BHS

U.S. DEPARTMENT OF
JUSTICE
1100 L Street NW
Washington, DC 20530