UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

COMMANDER EMILY SHILLING, et al.,

Plaintiffs,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

CASE NO. 25-CV-241-BHS

ORDER

This matter is before the Court on the parties' Local Civil Rule (LCR) 37 joint submission and plaintiff Shilling's motion to compel discovery, Dkt. 145.

In March 2025, this Court preliminarily enjoined the defendant government from implementing the President's Executive Order and Defense Secretary Hegseth's ensuing policy banning transgender individuals from serving in the military. Dkts. 103 and 104. The government appealed and sought an administrative stay. Dkt. 105. The Ninth Circuit denied the stay. Dkt. 110. The Supreme Court reversed, granting the stay pending appeal. Dkt. 115. The government's appeal remains before the Ninth Circuit. Dkts. 105 and 115; No. 25-2039.

ORDER - 1

This case is parallel to *Talbott v. Trump*, No. C25-00240-ACR, although that case may be further along.  After a *per curiam* order from the D.C. Circuit, No. 25-5087, stayed the district court's preliminary injunction, the plaintiffs there are seeking class certification.

In August 2025, the government moved to stay proceedings in this Court pending the appeal. Dkt. 123. Following a hearing, the Court denied the stay and directed the parties to proceed with limited discovery. Dkt. 133. The Court ordered the parties to meet and confer about the scope of discovery and associated deadlines. September 4, 2025 Hr'g Transcript at 9.

The parties jointly filed a discovery plan, proposing to complete fact discovery by May 31, 2026.[1] Dkt. 135. They disagreed, however, on the scope of discovery. *Id.* at 9–10. Shilling proposed discovery relating to the "development and implementation" of the President's Executive Order and "any related guidance and policy directives" from January 20, 2025 to the present. *Id.* at 9. The government argued discovery should be limited to one month—between January 20, 2025 and February 26, 2025, the date of the Department's Action Memo. *Id.* at 10.

Shilling moves to compel discovery. Dkt. 145. She contends the government has objected to "nearly all" of her propounded discovery requests and after a recent meet-and-confer, confirmed that it does "not intend to conduct any further searches or supplement" its responses or produced documents. *Id.* at 2–3.

---

[1] Given the Court's limitation on discovery pursuant to this Order and because there is no trial date set, the May 31 discovery cutoff date may be extended.

ORDER - 2

The government argues Shilling's "fifty discovery requests" go beyond the "limited" discovery this Court allowed. *Id.* at 4. It continues to argue, as it did in its briefing on the preliminary injunction motion, that its policy concerns "individuals with gender dysphoria in the military," so discovery requests involving "transgender servicemembers" are irrelevant here. *Id.* at 6. The Court continues to find such arguments inconsistent with the record, particularly when it has already determined that the "Hegseth Policy uses gender dysphoria as a proxy to ban all transgender service members." Dkt. 104 at 29.

The Court allowed limited discovery in this case because it did not view the proposed discovery to be "very burdensome or presenting a hardship." Hr'g Tr. at 9. The government's opposition to appears to rest entirely on relevance and proportionality, and simply asserts, without explanation or metrics, that Shilling's requests "do in fact impose a 'significant hardship.'" Dkt. 145 at 6.

The Court directs the government to disclose any materials used to develop, prepare, implement, and modify the 2025 Hegseth Policy and February 26, 2025 Department of Defense Guidance. The scope of discovery shall include guidance and policies implementing Executive Orders No. 14168, "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government," and No. 14183, "Prioritizing Military Excellence and Readiness," as well as the implementation of the President's Executive Order developed or published since February 2025. The government is required to provide a privilege log for otherwise responsive documents that it contends are privileged. While prior administrations'

ORDER - 3

findings and rules may have been relevant to the development and implementation of the current policy, there is no need to produce them at this point—consistent with the Court's desire to limit discovery while the Court awaits further direction from the Ninth Circuit.

The Court reminds the government that it remains bound by a directive from the Court to notify "Plaintiffs and the Court if the Department of Defense (or any of its subsidiaries) issues any policy or guidance implementing the challenged Executive Orders in the military." Dkt. 57. Assuming the government intends to continue complying with the Court Order, it should not be any more burdensome to produce materials developed after February 2025. *See* Dkt. 145 at 9.

The Court further orders the government to provide an update by May 18, 2026 on the named plaintiffs' military status.

Shilling's motion to compel, Dkt. 145, is GRANTED to the extent it is limited by this Order.[2]

IT IS SO ORDERED.

Dated this 21st day of April, 2026.

BENJAMIN H. SETTLE
United States District Judge

---

[2] Nothing in this Order limits any person's rights to pursue public records requests relating to this case.

ORDER - 4