

**UNDER SECRETARY OF WAR**
**4000 DEFENSE PENTAGON**
**WASHINGTON, D.C. 20301-4000**

PERSONNEL AND
READINESS

**OCT - 8 2025**

MEMORANDUM FOR SECRETARIES OF THE MILITARY DEPARTMENTS
                DIRECTOR, DEPARTMENT OF WAR FINANCIAL ACCOUNTING
                SERVICE

SUBJECT:  Prioritizing Military Excellence and Readiness:  Additional Implementation
              Guidance on Administrative Separations

References:  (a)  Executive Order 14168, "Defending Women from Gender Ideology Extremism
                 and Restoring Biological Truth to the Federal Government," January 20, 2025
           (b)  Executive Order 14183, "Prioritizing Military Excellence and Readiness,"
                 January 27, 2025
           (c)  Secretary of Defense Memorandum, "Prioritizing Military Excellence and
                 Readiness," February 7, 2025
           (d)  Secretary of Defense Memorandum, "Implementing Policy on Prioritizing
                 Military Excellence and Readiness," May 8, 2025
           (e)  Official Performing the Duties of the Under Secretary of Defense for Personnel
                 and Readiness Memorandum, "Additional Guidance on Prioritizing Military
                 Excellence and Readiness," February 26, 2025
           (f)  Official Performing the Duties of the Assistant Secretary of Defense for
                 Manpower and Reserve Affairs Memorandum, "Clarifying Guidance on
                 Prioritizing Military Excellence and Readiness:  Retention and Accession
                 Waivers," March 4, 2025
           (g)  Official Performing the Duties of the Under Secretary of Defense for Personnel
                 and Readiness Memorandum, "Prioritizing Military Excellence and Readiness:
                 Implementation Guidance," May 15, 2025
           (h)  Department of Defense Instruction 1332.14, "Enlisted Administrative
                 Separations," August 1, 2024
           (i)  Department of Defense Instruction 1332.30, "Commissioned Officer
                 Administrative Separations,"  May 11, 2018, as amended
           (j)  Department of Defense Instruction 1334.01, "Wearing of the Uniform,"
                 July 13, 2021

       This memorandum clarifies administrative separation processes for commissioned
officers and enlisted members pursuant to references (a)-(g).  This guidance supersedes policy
guidance in Department of War issuances and policy memoranda only when there is a conflict.

**<u>Service Member Rights and Responsibilities in an Administrative Separation Board or
Board of Inquiry.</u>**  Pursuant to reference (e), all enlisted members who are processed for
involuntary separation in accordance with reference (e) will, if requested by the Service member,
be afforded an administrative separation board, and all officers who are processed for
involuntary separation in accordance with reference (e) will, if requested by the officer, be

afforded a board of inquiry.  As with any administrative separation board or board of inquiry, Service member rights include those detailed in references (h) and (i).

*Closed Proceedings*

In accordance with standard procedure, administrative separation boards and boards of inquiry will be conducted in a closed setting and will not be open to the public.  To preserve the integrity of the proceedings and ensure the privacy of all individuals involved, attendance will be strictly limited to essential participants, as determined by Military Department and Service policies and regulations.

*Uniform and Grooming Standards*

In accordance with references (h) and (i), Service members may appear at all proceedings in person or virtually in accordance with applicable Military Department and Service policies and regulations.  All Service members attending separation hearings, whether in person or virtually, must conform to the uniform and grooming standards associated with their sex in accordance with references (a) and (e).  Waivers to permit civilian attire or a uniform not associated with a Service member's sex will not be authorized or considered.  Should the Service member not conform to uniform and grooming standards, board proceedings will continue with the Service member in absentia and may, as appropriate, take the Service member's failure to comply with standards into consideration when determining whether the basis for separation has been established.  While wear of the Service dress uniform is preferred, wear of the Uniform of the Day will not be adversely considered in any board decision.

*Expectations of a Service Member in Uniform*

In accordance with reference (j), the convening authority will remind Service members that their appearance in uniform should not be used to imply official approval or support for any particular viewpoint, and that they are prohibited from participating in activities such as unofficial public speeches, interviews, picket lines, marches, rallies, or public demonstrations while in uniform.

**Administrative Separation Board or Board of Inquiry Processes and Procedures.**  Processes and procedures for the boards will generally follow the guidance in references (h) and (i).  Where conflicting guidance is present, this memorandum takes precedence as it relates to implementation of references (a)-(g).

*Board Processes*

The Secretaries of the Military Departments will ensure that Service members appointed to serve on a board are afforded the opportunity to become familiar with the policies found in references (a)-(g).  Administrative separation boards and boards of inquiry related to references (a)-(g) will use a dedicated pool of recorders and legal advisors who are judge advocates or civilian attorneys authorized to provide legal advice on behalf of the Government.  Use of such a pool will assist in ensuring consistency in the procedures used by the boards, accuracy in

reporting board results, and the legal integrity of these proceedings. This pool will promote uniformity of presentation to the respective boards across cases and reinforce the impartiality and professionalism required in these critical administrative processes.

*Legal Counsel and Advisors*

Legal advisors will be afforded the opportunity to become familiar with the policies found in references (a)-(g) and will advise the board members with respect to their role, responsibilities, and the legal standards for completion of the standardized findings and recommendations worksheet (Attachment 1). Recorders will receive training, as deemed appropriate by their respective chains of command, on the relevant authorities, board processes, and documentation requirements of these boards.

The recorder for each board is responsible for presenting the Government's case, organizing and managing evidence, coordinating witness testimony, and maintaining procedural compliance in accordance with Department of War, Military Department, and Military Service-specific regulations. They are also responsible for ensuring that counsel for the respondent, whether military or civilian, have access to the standardized findings and recommendations worksheet (Attachment 1). Recorders shall maintain and preserve all notifications, exhibits, board related documents, as well as the summarized record of the board and ensure appropriate copies or originals are routed to the final disposition authority in accordance with service regulations.

Detailed counsel for each respondent should receive appropriate support and resources, as well as information on the relevant authorities, board processes, and the rights and obligations of their clients at these boards, as deemed appropriate by their respective chains of command, so that they may effectively carry out their responsibilities. Retained civilian counsel representing respondents at these boards shall be provided references (a)-(g) upon request.

*Standardized Findings and Recommendations Worksheet*

To ensure clarity, consistency, and proper documentation of board decisions, all administrative separation boards and boards of inquiry shall use the standardized findings and recommendations worksheets for enlisted members and officers (Attachment 1). These worksheets will serve as the official record of the board's determinations regarding each element of the case, including findings of fact, conclusions, and recommendations for separation and characterization of service. The use of a findings and recommendations worksheet promotes procedural transparency, facilitates accurate reporting, and supports any subsequent review or appeal processes. All boards will only make findings about whether a respondent has a diagnosis, history of, or exhibits symptoms consistent with gender dysphoria and, if so, that the respondent should be separated in accordance with reference (e). In all cases, the characterization of service will be Honorable, unless otherwise warranted.

*Retention Waivers*

The Secretaries of the Military Departments shall not make any waiver determinations until after a board determination or after confirming the Service member does not elect to

3

proceed with a board. Service members requesting a board in accordance with reference (e) should not submit a retention waiver request, in accordance with reference (f), until after the board has made its findings and the separation authority has approved, changed, or disapproved the board's recommendations in accordance with references (h) and (i).

Should a board determine that the Service member does have a diagnosis, history of, or exhibits symptoms consistent with gender dysphoria resulting in separation in accordance with reference (e), and the separation authority approves the board's recommendation, the Service member may choose to:

- Accept the decision and be separated.

- Within 15 days of the approval of the board's recommendation, submit a retention waiver request, in accordance with reference (g), through the chain of command.

Should a board determine that the Service member does have a diagnosis, history of, or exhibits symptoms consistent with gender dysphoria resulting in separation in accordance with reference (e), and the separation authority disapproves the board's recommendation, the Service member will be retained.

Should a board determine that the Service member does not have a diagnosis, history of, or exhibits symptoms consistent with gender dysphoria, and the separation authority approves the board's recommendation, the Service member will be retained.

Should a board determine that the Service member does not have a diagnosis, history of, or exhibits symptoms consistent with gender dysphoria, and the separation authority disapproves the board's recommendations, the Service member may choose to:

- Accept the separation authority's decision and be separated.

- Within 15 days of the disapproval of the board's recommendation, submit a waiver request, in accordance with Reference (g), through the chain of command.

**Reason for Separation.** Reference (g) requires the use of the "JFF" separation program designator code for involuntarily separated enlisted members under Secretarial Plenary Authority following a determination that doing so is in the best interests of the relevant Military Service, and the "JDK" separation program designator code for involuntarily separated officers on the basis that their retention is not clearly consistent with the interests of national security.

*Clearance Implications*

The use of the "JDK" separation program designator code for officers was not intended to provide an independent basis to trigger incident reports or clearance revocations for affected Service members. Gender dysphoria, by itself, does not require security reporting under Security Executive Agent Directive 3.

*Benefits Entitlements*

All benefit entitlements, whether the separation is voluntary or involuntary, must comply with reference (e) regardless of the specific code used for separation. This includes, but is not limited to, eligibility for transitional health care benefits and educational benefits.

Anthony J. Tata

Attachment:
As stated

cc:
Under Secretary of War for Intelligence and Security
Commandant of the Coast Guard
Assistant Secretary of War for Health Affairs
Assistant Secretary of War for Manpower and Reserve Affairs
Director, War Health Agency
Deputy Assistant Secretary of War for Health Services Policy & Oversight
Deputy Assistant Secretary of War for Military Personnel Policy
Deputy Chief of Staff, G-1, U.S. Army
Deputy Commandant for Manpower and Reserve Affairs, U.S. Marine Corps
Chief of Naval Personnel, U.S. Navy
Deputy Chief of Staff for Personnel, U.S. Air Force
Deputy Chief of Space Operations, Personnel
Director for Manpower and Personnel, J1
Surgeon General of the Army
Surgeon General of the Navy
Surgeon General of the Air Force

5

Attachment 1

**Standardized Findings and Recommendations Worksheet Pursuant to Prioritizing Military Excellence and Readiness**

The Military Departments must use the following Finding and Recommendations Worksheet in all board proceedings related to the Departments implementation of Executive Order 14183, "Prioritizing Military Excellence and Readiness," January 27, 2025.  Service specific letterhead, formatting, and language may be substituted.

//Sample//

FINDINGS AND RECOMMENDATIONS

In the [board of inquiry/administrative separation board] convened to determine whether [Service member] should be retained in the [Service], under the provisions of Executive Order 14183, "Prioritizing Military Excellence and Readiness," January 27, 2025; Secretary of Defense Memorandum, "Prioritizing Military Excellence and Readiness," February 7, 2025; Secretary of Defense Memorandum, "Implementing Policy on Prioritizing Military Excellence and Readiness," May 8, 2025; Official Performing the Duties of the Under Secretary of Defense for Personnel and Readiness Memorandum, "Additional Guidance on Prioritizing Military Excellence and Readiness," February 26, 2025; Official Performing the Duties of the Assistant Secretary of Defense for Manpower and Reserve Affairs Memorandum, "Clarifying Guidance on Prioritizing Military Excellence and Readiness:  Retention and Accession Waivers," March 4, 2025; Official Performing the Duties of the Under Secretary of Defense for Personnel and Readiness Memorandum, "Prioritizing Military Excellence and Readiness:  Implementation Guidance," May 15, 2025; Under Secretary of War for Personnel and Readiness Memorandum, "Prioritizing Military Excellence and Readiness:  Additional Implementation Guidance on Administrative Separations," [DATE]; and  [Service Regulations], in the interest of national security, the board, in a closed session and upon secret ballot with a majority vote taken, has made the following findings and recommendations:

FINDINGS

The board, having carefully considered the evidence before it finds:

That [Service member] (has) (does not have) a current diagnosis of history of, or exhibits symptoms consistent with, gender dysphoria, or has a history of cross-sex hormone therapy or a history of sex reassignment or genital reconstruction surgery as treatment of gender dysphoria or in pursuit of a sex transition, and therefore (is disqualified from) (remains qualified for) military service in the [Service] in the notification of proposed separation (is) (is not) supported by a preponderance of the evidence.

Comment(s):_____

_____.

Attachment 1

## RECOMMENDATIONS

In view of the above findings, the board recommends that [Service member] be:

_____ Retained in the [Service]. [This option is only available if the finding is <u>not</u> <u>supported</u> by a preponderance of the evidence]

_____ Retained in the [Service] with a recommendation that a waiver be processed through the Secretary of the [Military Department]. [If eligible]

_____ Retired from the [Service]. [If eligible]

_____ Separated from the [Service] with an [characterization] characterization of service. [Characterization of service will be Honorable unless the respondent's record otherwise warrants a lesser characterization]


Signatures of Board Members, Recorders and Counsel for Respondent

Date: _____