```
CLASSIFICATION: UNCLASSIFIED/
ROUTINE
R 061945Z MAR 26 MID180038611585U
FM SECNAV WASHINGTON DC
TO ALNAV
INFO SECNAV WASHINGTON DC
CNO WASHINGTON DC
CMC WASHINGTON DC
BT
UNCLAS

ALNAV 011/26

MSGID/GENADMIN/SECNAV WASHINGTON DC/-/MAR//

SUBJ/IMPLEMENTING POLICY ON PRIORITIZING MILITARY EXCELLENCE AND READINESS
FOR INVOLUNTARY SEPARATION GUIDANCE//

REF/A/PTDO USD-PR MEMORANDUM/26FEB25//
REF/B/PTDO ASD-MRA MEMORANDUM/04MAR25//
REF/C/PTDO USD-PR MEMORANDUM/21MAR25//
REF/D/PTDO USD-PR MEMORANDUM/15MAY25//
REF/E/USW-PR MEMORANDUM/08OCT25//
REF/F/SECNAV MEMORANDUM/03JUL25//
REF/G/ALNAV/12MAY25//
REF/H/DOC/SECWAR/DOWI 6025.19 CH-1/21JAN26//
REF/I/DOC/SECNAV/6120.3A/14JUN19//
REF/J/SECNAVINST 1920.6D/24JUL19//

NARR/REF A IS PERFORMING THE DUTIES OF THE UNDER SECRETARY OF DEFENSE FOR
PERSONNEL AND READINESS MEMORANDUM, "ADDITIONAL GUIDANCE ON PRIORITIZING
MILITARY EXCELLENCE AND READINESS."
REF B IS PERFORMING THE DUTIES OF THE ASSISTANT SECRETARY OF DEFENSE FOR
PERSONNEL AND READINESS MEMORANDUM, "CLARIFYING GUIDANCE ON PRIORITIZING
MILITARY EXCELLENCE AND READINESS:
RETENTION AND ACCESSION WAIVERS."
REF C IS PERFORMING THE DUTIES OF THE UNDER SECRETARY OF DEFENSE FOR
PERSONNEL AND READINESS MEMORANDUM, "PRIORITIZING MILITARY EXCELLENCE AND
READINESS: MILITARY DEPARTMENT IDENTIFICATION."
REF D IS PERFORMING THE DUTIES OF THE UNDER SECRETARY OF DEFENSE FOR
PERSONNEL AND READINESS MEMORANDUM, "PRIORITIZING MILITARY EXCELLENCE AND
READINESS: IMPLEMENTATION GUIDANCE."
REF E IS UNDER SECRETARY OF WAR FOR PERSONNEL AND READINESS MEMORANDUM,
"PRIORITIZING MILITARY EXCELLENCE AND READINESS:
ADDITIONAL IMPLEMENTATION GUIDANCE ON ADMINISTRATIVE SEPARATIONS."
REF F IS SECRETARY OF THE NAVY MEMORANDUM, "DIRECTION CONCERNING INVOLUNTARY
SEPARATION UNDER DEPARTMENT OF DEFENSE POLICY ON PRIORITIZING MILITARY
EXCELLENCE AND READINESS."
REF G IS ALNAV 038/25, "IMPLEMENTING POLICY ON PRIORITIZING MILITARY
EXCELLENCE AND READINESS."
REF H IS DEPARTMENT OF WAR INSTRUCTION 6025.19, "INDIVIDUAL MEDICAL READINESS
PROGRAM."
REF I IS SECNAVINST 6120.3A, "PERIODIC HEALTH ASSESSMENT FOR INDIVIUAL
MEDICAL READINESS."
REF J IS SECRETARY OF THE NAVY INSTRUCTION 1920.6D, "ADMINISTRATIVE
SEPARATION OF OFFICERS."//
```

RMKS/1.  This ALNAV establishes policy pursuant to references (a) through (j) to implement processes and procedures for involuntary separation of individuals who have a current diagnosis or history of, or exhibit symptoms consistent with, gender dysphoria.  Where this ALNAV conflicts with any Department of the Navy (DON) issuances, the Navy and Marine Corps will apply the processes and procedures in this ALNAV.

2.  All Service Members must adhere to standards associated with their biological sex.  Per references (a) through (e), Service Members who have a current diagnosis or history of, or exhibit symptoms consistent with, gender dysphoria are no longer eligible for military service and will be processed for separation.  The procedures below will apply to those Service Members not processed for voluntary discharge pursuant to reference (g).

3.  Identification of Service Members.  Commanders will identify Service Members subject to involuntary separation as outlined below and will ensure all levels of command treat impacted Service Members with dignity and respect.
    a.  The primary method of identifying Service Members subject to involuntary separation is the Individual Medical Readiness program.  A member who attests on the Periodic Health Assessment (PHA) self-assessment questionnaire that they have a current diagnosis or history of, or exhibit symptoms consistent with, gender dysphoria will be evaluated for compliance with medical standards as the Bureau of Medicine and Surgery (BUMED) directs. No Service Member will be directed to complete a PHA beyond the periodicity directed in references (h) and (i).
    b.  Commanders who are aware of Service Members who have a current diagnosis or history of, or exhibit symptoms consistent with, gender dysphoria will direct individualized medical record reviews of such members to assess compliance with medical standards, if medical verification has not otherwise been completed during the member's service (e.g., in support of an exception to policy request).  Commander's awareness is defined as, and limited to, knowledge of any of the following:
        (1) A member's prior request for an exception to policy to adhere to sex-based military standards (e.g., uniform, grooming, and fitness) different from their sex.
        (2) A member's prior request for a change to the sex- marker in Defense Enrollment Eligibility Reporting System, as a means of sex transition.
        (3) A member's medical treatment plan, placement in a medically restricted duty status (e.g., limited duty, not medically suitable for overseas or operational assignment), or applicable deployment or special duty waiver, associated with a documented diagnosis of gender dysphoria.
        (4) A member's voluntary self-identification via written administrative remarks to their chain of command that they have a current diagnosis or history of, or exhibit symptoms consistent with, gender dysphoria pursuant to reference (c).  This self-identification will acknowledge the member is subject to review for compliance with medical standards and possible involuntary separation.
        (5) Facts or circumstances not falling under paragraphs 1 through 4 above that are determined on a case-by-case basis by the first Flag or General Officer in the Service Member's chain of command as demonstrating a current diagnosis or history of, or exhibiting symptoms consistent with, gender dysphoria.  This determination will be made in consultation with an assigned military judge advocate and the BUMED Deployability and Action Cell (BUMED DAC) based on medical record review as permitted by law and, if necessary, medical evaluation.

c.  In all cases identified in paragraphs 3.a and 3.b above, commands will contact BUMED DAC via e-mail at usn.ncr.bumedfchva.mbx.bumed-deployability-action-cell@health.mil for individualized medical record review.

d.  A Service Member confirmed by BUMED DAC as non-compliant with medical standards will be documented as non-deployable and not medically ready, and BUMED DAC will initiate command and service notification in accordance with existing procedures.

e.  Upon notification, the command will refer Navy personnel to the Chief of Naval Personnel (CNP) or Marine Corps personnel to the Deputy Commandant of the Marine Corps for Manpower and Reserve Affairs (DC M&RA) for separation procedures.

f.  Commanders will protect the privacy of protected health information they receive under this policy in the same manner as they would any other protected health information. Such health information will be restricted to personnel with a specific need to know for the conduct of official duties.

g.  CNP will promulgate guidance for command-to-CNP referral procedures. DC M&RA will promulgate guidance for command-to-DC M&RA referral procedures. CNP and DC M&RA will ensure Service Members medically verified as having a current diagnosis or history of, or exhibiting symptoms consistent with, gender dysphoria are referred to the Consolidated Disposition Authority (CDA).

4.  Involuntary Separation Proceedings.  The process for the involuntary separation of Service Members subject to this ALNAV is outlined below.

a.  Commander, Navy Installations Command is designated as the CDA with exclusive authority to initiate involuntary separation procedures for all Navy and Marine Corps personnel and is the sole show-cause authority for all officer boards of inquiry convened pursuant to this policy.  Consistent with this ALNAV, the CDA may promulgate necessary involuntary separations guidance governing board procedures, as well as referral of cases from CNP and DC M&RA to the CDA.

b.  The Secretary of the Navy (SECNAV) is the separation authority for all separations, both officer and enlisted, pursuant to this ALNAV.

c.  Officers will be processed for separation on the basis that their continued service is not consistent with interests of national security using the Military Personnel Security Program separation program designator (SPD) code. The requirement in reference (h) for a determination under the provisions of SECNAV-M 5510.30 is not applicable and waived.  No personnel security actions will be pursued under this separation basis solely for meeting gender dysphoria separation criteria.

d.  Enlisted members will be processed for separation on the basis that separation is in the best interest of the military service, using Secretarial authority SPD code. Enlisted members processed under this ALNAV will be entitled to an administrative separation board.

e.  The CDA has exclusive authority to notify for separation all personnel subject to involuntary separation under references (a) through (f) and this ALNAV.  The CDA will ensure that all Service Members identified and referred for separation proceedings are notified within 30 days of referral and are afforded the right to elect an administrative separation board or board of inquiry, as applicable.  Service Members may elect to waive this right. Failure to respond to notifications by the CDA within 10 calendar days will be considered as a waiver of such rights.

f.  Pursuant to reference (e), all notifications will remind Service Members that their appearance in uniform should not be used to imply official approval or support for any particular viewpoint, and that they are prohibited from participating in activities such as unofficial public speeches, interviews, picket lines, marches, rallies, or public demonstrations while in uniform.

g.  Administrative separation boards and boards of inquiry will be conducted in a closed setting and will not be open to the public.  To preserve the integrity of proceedings and ensure privacy of all individuals involved, attendance will be strictly limited to essential participants.  The CDA will determine essential participants per the guidance in reference (e).

h.  Per reference (e), all Service Members attending proceedings must conform to the uniform and grooming standards associated with their sex. Waivers to permit civilian attire or a uniform not associated with a Service Member's sex will not be authorized or considered.  Should a Service Member not conform to uniform and grooming standards, board proceedings will continue with the Service Member in absentia, pursuant to reference (e), and may take the Service Member's failure to comply with standards into consideration when determining whether the basis for separation has been established.

i.  While wear of the service dress uniform is preferred, wear of the uniform of the day will not be adversely considered in any board decision. The CDA will determine the appropriate uniform for board proceedings per the guidance in reference (e).

j.  The CDA will ensure board members, military legal counsel, and legal advisors are prepared and detailed per the requirements of reference (e). The Chief of Naval Operations (CNO) and the Commandant of the Marine Corps (CMC) will resource the CDA as necessary to ensure the CDA can adequately and expeditiously effectuate these involuntary separation proceedings.  The CDA will route requests for resources direct to CNO and CMC, or their designees. The Assistant Secretary of the Navy for Manpower and Reserve Affairs (ASN (M&RA)) will resolve any conflicts with respect to resourcing requests.

k.  Pursuant to reference (e), boards will only make findings on whether a respondent has a diagnosis or history of, or exhibits symptoms consistent with, gender dysphoria and, if so, that the respondent should be separated per reference (a).  The CDA will ensure all boards use the standardized findings and recommendations worksheet provided in reference (e).

l.  The least favorable characterization of service will be Honorable, except where the member's record otherwise warrants a lower characterization.

m.  The CDA is responsible for consistent application of standards for all separation boards pursuant to references (e) and (f).  The CDA will make determinations on production of witnesses and continuances.  The CDA may authorize alternative means of testimony for any witness.  Commands are responsible for funding travel and other expenses associated with execution of administrative boards.

n.  At the conclusion of each board, the CDA will forward a report of board proceedings to SECNAV via CNP or DC M&RA, as appropriate.

o.  Where a Service Member waives board proceedings, the CDA will ensure the waiver of board proceedings is appropriately documented and expeditiously returned to CNP or DC M&RA, as applicable.

5.  Post-Board Procedures.  Post-board procedures will follow established service processes except as outlined below.

a.  The CDA will prepare the report of board proceedings and make recommendations on any letters of deficiency submitted by the respondent per service procedures.  CDA will forward reports of board proceedings to CNP or DC M&RA, as appropriate.  CNP and DC M&RA will prepare an administrative

separation package and forward to SECNAV with recommendations via ASN (M&RA) in accordance with normal service procedures.

b.   Service Members separated will receive a reentry code of RE-3 to reflect that they will not be considered fully qualified for re-entry unless an accession waiver is granted. Service Members discharged under this policy are ineligible to serve in the reserve component and any remaining service obligation, including any obligation associated with a transfer of education benefits under the Post-9/11 Government Issue Bill and any inactive reserve obligation, will be waived.   Service Members separated under this policy are eligible for full involuntary separation pay.

c.   If the board recommends a retention waiver, then CNP or DC M&RA will make a recommendation as to whether the Service Member is eligible for waiver per the requirements of references (b) and (g).   CNP or DC M&RA will include an assessment of whether there is a compelling government interest that directly supports warfighting capabilities.   A compelling government interest that directly supports warfighting capabilities includes special experience, special training, and advanced education in a highly technical career field designated as mission critical and hard to fill by SECNAV, if such experience, training, and education is directly related to the operational needs of the DON.

d.   Upon receipt of an administrative separation package from CNP or DC M&RA, ASN (M&RA) will review and make recommendations to SECNAV in accordance with reference (e).

(1) If the board determines that the Service Member does have a diagnosis or history of, or exhibits symptoms consistent with, gender dysphoria, resulting in separation, and ASN (M&RA) recommends approval of the board's recommendation, then ASN (M&RA) will return the package to CNP or DC M&RA, as appropriate, who will notify the Service Member of the member's right to either accept the ASN (M&RA) recommendation or submit a retention waiver request per references (b) through (g).   Service Members will have 15 calendar days from the date of notification to submit a retention waiver. Retention waivers will be endorsed through the chain of command to CNP or DC M&RA, as appropriate, and must include an assessment of compelling government interest as described in paragraph 5c.   Failure to submit a waiver within 15 calendar days will be deemed acceptance of the ASN (M&RA) recommendation. Commanders are not authorized to extend this deadline.

(2) If the board determines that the Service Member does have a diagnosis or history of, or exhibits symptoms consistent with, gender dysphoria, resulting in separation, and ASN (M&RA) recommends disapproval of the board's recommendation, then the Service Member will be retained.

(3) If the board determines that an enlisted Service Member does not have a diagnosis or history of, or exhibit symptoms consistent with, gender dysphoria and ASN (M&RA) recommends approval of the board's recommendation, then the enlisted Service Member will be retained.

(4) If the board determines that an enlisted Service Member does not have a diagnosis or history of, or exhibit symptoms consistent with gender dysphoria and ASN (M&RA) recommends disapproval of the board's recommendation, then ASN (M&RA) will return the package to CNP or DC M&RA, as appropriate, who will notify the Service Member of the member's right to either accept the ASN (M&RA) recommendation or submit a retention waiver request per references (b) through (g).   Enlisted Service Members will have 15 calendar days from the date of notification to submit a retention waiver. Retention waivers will be endorsed through the chain of command to CNP or DC M&RA, as appropriate, and must include an assessment of compelling government interest as described in paragraph 5.c.   Failure to submit a waiver within 15

calendar days will be deemed acceptance of the ASN (M&RA) recommendation. Commanders are not authorized to extend this deadline.

(5) If the board determines that an officer does not have a diagnosis or history of, or exhibit symptoms consistent with, gender dysphoria resulting in separation, then CNP or DC M&RA will close the case, and the officer will be retained.

e. Only SECNAV can approve a retention waiver or separation. Upon receipt of the Service Member's acceptance of ASN (M&RA)'s recommendation or retention waiver request outlined above, CNP and DC M&RA will be responsible for forwarding completed administrative separation packages, including the report of board proceedings, ASN (M&RA) recommendation, and any retention waiver requests to SECNAV for final action.

f. Where a Service Member waives board proceedings, CNP or DC M&RA will notify the Service Member of the member's right to submit a retention waiver request per references (b) through (g). Service Members will have 15 calendar days from the date of notification to submit a retention waiver. Retention waivers will be endorsed through the chain of command to CNP or DC M&RA, as appropriate, and must include an assessment of compelling government interest as described in paragraph 5.c. CNP and DC M&RA will forward the administrative separation package to SECNAV for final action via ASN (M&RA).

6. Special Circumstances.

a. Service Members identified for separation pursuant to this ALNAV should be placed in an administrative absence status pending resolution of administrative separation procedures. No administrative board or board of inquiry will be delayed because of an administrative absence status. Commands remain responsible for personnel placed in administrative absence status.

b. Bonuses, incentive pay, or similar benefits to Service Members subject to involuntary separation, where payment is contingent upon the member's satisfaction of certain service or eligibility requirements, will remain unpaid from beginning of administrative absence status until administrative separation proceedings are resolved. Pursuant to reference (a) and 37 U.S.C. 373, the DON may recoup any bonuses and/or special and incentive pay for Service Members who fail to satisfy service eligibility requirements as a result of their separation. Separation packages may include a recommendation for waiving debt recoupment if in the compelling interest of the military service.

c. Transition Support. All Service Members notified for separation in accordance with this ALNAV will complete any pre-separation requirements, including the Transition Assistance Program, and be afforded maximum flexibility to complete such requirements remotely or in civilian attire. Participation in Skillbridge is not authorized per reference (d). Impacted members are eligible for all separation and transition benefits to which they are otherwise entitled under law or Department of War policy. Completion of pre- separation requirements should not be a basis to delay referral to the CDA or referral to SECNAV for separation. Commanders may excuse affected reservists from drill execution and annual training for the duration of their separation process.

d. Retirements.

(1) On the date of notification, if a Service Member who desires to retire in lieu of board proceedings is within six months of an approved retirement date, then administrative separation proceedings will be held in abeyance pending retirement. While in abeyance, requests to defer the approved retirement date may only be approved by ASN (M&RA).

(2) Service Members who desire to retire in lieu of board proceedings, and are within six months of qualifying for retirement or

transfer to the Fleet Reserve (FR) or Fleet Marine Corps Reserve (FMCR) on the date of notification, may elect to retire or transfer in lieu of administrative separation proceedings so long as the member requests a retirement or transfer date within 30 days of qualifying for retirement or transfer.  Service Members who are eligible for retirement or transfer to the FR or FMCR on the date of notification may request retirement or transfer as long as the requested date is no more than six months from the date of notification.

      (3) At any time prior to final action by the SECNAV, Service Members with greater than 18 but less than 20 years of active service may request early retirement per reference (a).  CNP or DC M&RA will ensure all final separation packages routed to SECNAV that contain a retirement request are appropriately annotated.

      (4) Members with greater than 15 but less than 18 years of active service may request early retirement as an exception to policy in reference (a).  Pending requests will not delay board proceedings.

7.  Commanders should take care to support impacted Service Members during the separation process, including regular check-ins by the Commanding Officer or designee and advising Service Members of mental health support, to ensure accountability during the period of administrative absence. Commanding Officers should refer to the Navy's Mental Health Playbook or the Marine Corps Command Suicide Prevention and Risk Mitigation Strategies for actionable ways to support all Service Members.

8.  ASN (M&RA) may provide additional directions for execution of involuntary separations per the guidance in reference (f) and this ALNAV.  In addition, ASN (M&RA) is delegated authority to grant individual waivers from the requirements in reference (j) where waivers are necessary to accomplish the guidance in reference (a) through (e).

9.  Released by the Honorable John C. Phelan, Secretary of the Navy.//

BT
#0001
NNNN
CLASSIFICATION: UNCLASSIFIED/